Bret D. Landrith
Plaintiff
appearing *Pro se*
Apartment 209,
5308 SW Tenth St.
Topeka, KS 66604
Cell 913-951-1715
bret@bretlandrith.com



MAR **1 5** 2012

Clerk, U.S. District Court
By:_____
Deputy Clerk

In the United States District Court
for the District of Kansas
at Kansas City, Kansas

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| *v.* | ) | |
|  | ) | |
| KANSAS ATTORNEY GENERAL DEREK SCHMIDT | ) | |
| (In his personal capacity) | ) | Case No. 12-2161-CM-GLR |
| DON JORDAN former Secretary of SRS | ) | |
| (In his personal capacity) | ) | |
| ROB SIEDLECKI former Secretary of SRS | ) | |
| (In his personal capacity) | ) | |
| BOB CORKINS SRS GENERAL COUNSEL | ) | |
| (In his official capacity) | ) | |
| JOHN BADGER former Chief Counsel of SRS | ) | |
| (In his personal capacity) | ) | |
| STANTON A. HAZLETT, DISCIPLINARY ADMINISTRATOR | ) | |
| (In his official capacity) | ) | |
| BRIAN FROST | ) | |
| CRAIG E. COLLINS | ) | |
| YOUNG WILLIAMS PC | ) | **Jury Trial Demanded** |
| DAVID WEBER SRS CASEWORKER | ) | |
| PHYLLIS GILMORE SECRETARY OF SRS (acting) | ) | |
| (In her official capacity) | ) | |
| *Defendants* | ) | |

### 42 USC § 1983 CIVIL RIGHTS COMPLAINT

1

**TABLE OF CONTENTS**

INTRODUCTION                                                                     1

I. NATURE OF THE CASE                                                            2

II. JURISDICTION AND VENUE                                                       3

III. PARTIES                                                                     3

IV. PROCEDURAL HISTORY                                                           5

V. STATEMENT OF FACTS
REGARDING THE ONGOING CIVIL RIGHTS CONSPIRACY                                    7

A. THE NATURE OF THE OVER ARCHING CONSPIRACY                                     7

B. THE CONSPIRATORS' DIRECT AND FORSEEABLE VIOLATIONS
OF THE PLAINTIFF'S CIVIL RIGHTS TO INJURE HIM FOR HIS ADVOCACY                   9

1. Defendant Conspirators 18 USC §§ 241 and 242 Violations                      9

2. DON JORDAN, JOHN BADGER,  and DAVID WEBER's
18 USC §§ 241 and 242 violations of plaintiff's right to food stamps           10

3. BRIAN FROST, CRAIG E. COLLINS,
DON JORDAN, JOHN BADGER and STANTON A. HAZLETT
violations under 18 USC §§ 241 and 242 to extort plaintiff's associates        11

4. DON JORDAN , and JOHN BADGER violations under
18 USC §§ 241, 242 and 245 to continue the trafficking in foster care children
to make false claims against the US Treasury                                    14

5. Retaliation against the plaintiff
through injury of his intimate associates for the plaintiff's protected advocacy
through violations under 18 USC §§ 241, 242 and 245                             15

C.  ACTS OF INDIVIDUAL CONSPIRATORS                                             20

I. TERMINATION OF SNAP BENEFITS
(Defendant DON JORDAN)                                                          21

(1)      the conduct complained of was committed by
former Secretary of SRS DON JORDAN , JOHN BADGER the former SRS General Counsel
and DAVID WEBER acting under color of state law                                 21

(2) the conduct deprived the plaintiff of rights, privileges,
or immunities secured by the Constitution or laws of the United States          21

II. ABUSE OF PROCESS FOR RETALIATORY PURPOSE
(Defendants DON JORDAN, JOHN BADGER the former SRS General Counsel
and YOUNG WILLIAMS PC)                                                          22

(1)      the conduct complained of was committed by

i

Secretary of SRS DON JORDAN and YOUNG WILLIAMS PC acting under color of state law  22

(2) the conduct deprived the plaintiff of rights, privileges,
or immunities secured by the Constitution or laws of the United States  24

III. RETALIATION FOR PROTECTED ADVOCACY ON BEHALF OF
BOLDEN AND PRICE (Defendants BRIAN FROST and CRAIG E. COLLINS )  25

(1)       the conduct complained of was committed by
BRIAN FROST and CRAIG E. COLLINS acting under color of state law  25

(2) the conduct deprived the plaintiff of rights, privileges,
or immunities secured by the Constitution or laws of the United States  27

IV. 42 U.S.C. § 1985(3) CIVIL RIGHTS CONSPIRACY
VIOLATING 18 USC §§ 241 and 242  28

A. Civil Rights Conspiracy Averments  28

(1) a combination between two or more persons  28

(2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means,  28

(3) an act done by one or more of the conspirators
pursuant to the scheme and in furtherance of the object,  29

(4) which act results in damage to the plaintiff  29

B. Conspiracy to violate Civil Rights Averments  30

(1) the plaintiff advocated on behalf of members of racial minorities;  30

(2) an intent to discriminate on the basis of the race of clients
the plaintiff advocated for  by the defendant;  30

(3) the discrimination concerned one or more activities enumerated in the statute  30

V. VIOLATIONS of 42 U.S.C. § 1986 NEGLECT
TO PREVENT CONSPIRACY VIOLATING 18 USC §§ 241 and 242
(DON JORDAN and JOHN BADGER )  31

1. Civil Rights Conspiracy Averments  31

COUNT I
VIOLATIONS of 42 U.S.C. § 1983 PROSPECTIVE INJUNCTIVE RELIEF
(Defendants PHYLLIS GILMORE SECRETARY OF SRS, BOB CORKINS, STANTON A. HAZLETT,
and YOUNG WILLIAMS PC)  32

(1)       There is a reasonable probability of irreparable future injury to the plaintiff.  34

(2)       The plaintiff will suffer irreparable injury unless the injunction issues.  37

(3)  The injury to the plaintiff outweighs whatever damage the injunction may cause defendants.  38

COUNT V
ADDITIONAL CIVIL RIGHTS FIRST AMENDMENT RETALIATION CLAIM

(Tenth Circuit/ *Walbert v. Wichita Police Dep't* (D. Kan., 2011) )                39

COUNT VI
CIVIL RIGHTS CONSPIRACY CLAIMS
UNDER 42 U.S.C. sec. 1983, 42 U.S.C. sec. 1985(2), 42 U.S.C. sec. 1985(3)        40

1. FORMER SECRETARY OF SRS ROB SIEDLEKI                                          41

2. YOUNG WILLIAMS PC                                                             43

A. Post Petition Actionable Conduct in Furtherance of the
Civil Rights Conspiracy Taking Place After The Original Petition filed on 10/12/10   43

3. BRIAN FROST                                                                   46

A. Post Petition Actionable Conduct in Furtherance of the
Civil Rights Conspiracy Taking Place After The Original Petition filed on 10/12/10   47

B. Post Petition Actionable Conduct in Furtherance of the
Civil Rights Conspiracy Taking Place After The First Amended Petition filed on 04/18/2011   49

COUNT VII
CAUSE OF ACTION FOR FRAUD ON THE COURT IN VIOLATION OF 42 § 1983
DUE PROCESS AGAINST BRIAN FROST AND YOUNG WILLIAMS PC
Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)               52

COUNT VIII
RESTORATION OF AGAINST DAVID WEBER UNDER
42 U.S.C. § 1983 FOR DEPRIVATION OF SNAP PROGRAM FOOD STAMP BENEFITS            53

COUNT IX
42 U.S.C. § 1983 Civil Rights Conspiracy (Tenth Circuit/ *Walbert v. Wichita Police Dep't* (D. Kan., 2011)
) and 42 U.S.C. § 1985(2) Civil Rights Conspiracy (Tenth Circuit/ Walbert v. Wichita Police Dep't (D.
Kan., 2011) *Chavis v. Clayton County School Dist.*, 300 F.3d 1288 (Fed. 11th Cir., 2002) )            54

COUNT X
42 U.S.C. § 1985(3) Civil Rights Conspiracy (Tenth Circuit *Phelps v. Wichita Eagle-Beacon*, 886 F.2d
1262 (C.A.10 (Kan.), 1989), *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) )            56

COUNT XI
ABUSE OF PROCESS UNDER 42 U.S.C. § 1983 and 42 U.S.C. § 1983
CONSPIRACY BY KANSAS ATTORNEY GENERAL DEREK SCHMIDT                              58

(1) the conduct complained of was committed by KANSAS ATTORNEY GENERAL
DEREK SCHMIDT and Assistant Attorney General Steve Phillips acting under color of state law   58

(2) the conduct deprived the plaintiff of rights, privileges,
or immunities secured by the Constitution or laws of the United States           60

V. PRAYER FOR RELIEF FROM 42 U.S.C. § 1983 VIOLATIONS                           63

VI. RELIEF                                                                       63

**In the United States District Court**
**for the District of Kansas**
**at Kansas City, Kansas**

| | | |
|---|---|---|
| BRET D. LANDRITH | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KANSAS ATTORNEY GENERAL DEREK SCHMIDT | ) | |
| (In his personal capacity) | ) | |
| DON JORDAN former Secretary of SRS | ) | Case No. |
| (In his personal capacity) | ) | |
| ROB SIEDLECKI former Secretary of SRS | ) | |
| (In his personal capacity) | ) | |
| BOB CORKINS SRS GENERAL COUNSEL | ) | |
| (In his official capacity) | ) | |
| JOHN BADGER former Chief Counsel of SRS | ) | |
| (In his personal capacity) | ) | |
| STANTON A. HAZLETT, DISCIPLINARY ADMINISTRATOR | ) | |
| (In his official capacity) | ) | |
| BRIAN FROST | ) | |
| CRAIG E. COLLINS | ) | |
| YOUNG WILLIAMS PC | ) | **Jury Trial Demanded** |
| DAVID WEBER SRS CASEWORKER | ) | |
| PHYLLIS GILMORE SECRETARY OF SRS (acting) | ) | |
| (In her official capacity) | ) | |
| *Defendants* | ) | |

## 42 USC § 1983 CIVIL RIGHTS COMPLAINT

Comes now the plaintiff BRET D. LANDRITH appearing *pro se* and makes the following

complaint under 42 USC §1983 for the violation of the plaintiff's civil rights.

### INTRODUCTION

1.      This is an action against the defendants for violations of the plaintiff's civil rights actionable under

42 USC §1983 that occurred after the plaintiff brought an action in Shawnee Country District Court to

address separate and earlier violations of civil rights.

2.      State of Kansas procedural rules permit amendment of petitions to include subsequent chargeable

conduct committed  after the initial petition is filed, however the defendants BRIAN FROST, YOUNG

WILLIAMS PC, DON JORDAN, BOB CORKINS SRS GENERAL COUNSEL, DAVID WEBER SRS

CASEWORKER,  PHYLLIS GILMORE SECRETARY OF SRS (acting) oppose these later post petition

violations being heard in the current Shawnee County District Court proceedings captioned *Landrith v*

*Jordan et al*, Case No. 10C1436.

1

3.      Arguably the defendants have the right to remove new claims under federal law to the U.S.

District Court for the District of Kansas and the plaintiff does not want to prejudice the defendants or

further delay relief from continuing violations of his rights under the United States constitution and federal

statutes, so the plaintiff is cooperating by filing this action which includes claims in the proposed Third

Amended Petition filed in Shawnee District Court (and references allegations of fact in common to the

paragraph number of the Third Amended Petition) and includes additional new appropriate claims for relief

in the form of damages, injunctive and declaratory relief under 42 USC §1983 and claims against a new

defendant KANSAS ATTORNEY GENERAL DEREK SCHMIDT under 42 USC §1983 in U.S. District

court.

## I. NATURE OF THE CASE

4.      The plaintiff was disbarred in 2005 for bringing the racial discrimination Civil Rights claims of

James L. Bolden, Jr., an African American to federal court[1] and for the *pro bono* representation of Bolden's

witness David M. Price in an appeal of a parental rights termination case where the Kansas SRS deprived

the natural father of access to interstate compact against child trafficking documents used to traffic the

American Indian child in an adoption out of state prior to the termination of parental rights. (SDC Pet. ¶1)

5.      The plaintiff was also disbarred for raising the Indian Child Welfare Act ("ICWA") 25 U.S.C. §§

1901–1963 which prohibited the taking and placement of the child without notice to the natural father[2].

(SDC Pet. ¶2)

6.      This action and the earlier Shawnee County District Court action *Landrith v Jordan et al*, Case

No. 10C1436  arise from continuing conduct against the plaintiff after the disbarment with new violations

under color of state law to deprive the plaintiff of his federal statutory and constitutional rights in violation

---

[1] The Tenth Circuit Court of Appeals Decision reinvigorated 42 USC Sec. 1981 as a cause of action against
government discrimination and real estate takings in *Bolden v. City of Topeka*. 441 F.3d 1129 (10th Cir.
2006). The decision has been favorably cited by the Sixth Circuit in *Coles v. Granville* Case No. 05-3342
(6th Cir. May 22, 2006).
[2] The Kansas Supreme Court later adopted the plaintiff's argument that the Indian Child Welfare Act
applied to American Indians living off the reservation in its decision on *In The Matter Of A.J.S.*, Kansas
Supreme Court Case No. 99,130 (2009).
        The Kansas Supreme Court has also adopted the plaintiff's argument that misrepresentations by a
natural mother to conceal the existence of a child from a father could not disqualify a father's reasonable
efforts to parent his child. *In The Matter Of The Adoption Of Baby Girl P*. Case No. No. 102, 287 at 13-16
(Kan., Oct. 2010).

of 42 USC §1983 including his right to earn a living and his statutory right to Food Stamps as part of an ongoing conspiracy to obstruct justice DON JORDAN former Secretary of SRS and the other defendants except PHYLLIS GILMORE SECRETARY OF SRS have joined and taken affirmative actions to fulfill. (SDC Pet. ¶3)

7.      The plaintiff now has standing for prospective injunctive relief five years after disbarment to be considered for reinstatement to the Kansas Bar and has initiated efforts for consideration for admission in other jurisdictions because of the unlawfulness of the State of Kansas disbarment under 42 USC §1981 in taking his property right to practice law for his conduct of advocating on behalf of two protected class citizens (SDC Pet. ¶3.1), however STANTON A. HAZLETT and Supreme Court Clerk Carol G. Green's chief counsel Steve Grieb oppose reinstatement and the oppose undoing violations of federal criminal statutes.

8.      The plaintiff is endangered by the probability of irreparable future injury by PHYLLIS GILMORE SECRETARY OF SRS withholding exculpatory evidence proving the plaintiff's fitness and moral character at the direction of BOB CORKINS SRS GENERAL COUNSEL, the agency's chief policy making authority in legal matters if the plaintiff's requested prospective injunctive relief is denied. (SDC Pet. ¶3.2)

## II. JURISDICTION AND VENUE

9.      This action arises under Section 1 of the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and the Fourteenth Amendment to the Constitution of the United States. (SDC Pet. ¶4)

10.     This court has federal question jurisdiction 28 U.S.C. § 1331.

11.     Venue is proper because the principal defendants, the SRS Officials are believed to reside in the State of Kansas, and the corporations are registered to do business in the State of Kansas. (SDC Pet. ¶6)

12.     The acts complained of occurred in the Cities of Topeka, Pittsburg and Kansas City, in the State of Kansas. (SDC Pet. ¶7)

## III. PARTIES

13.     Plaintiff BRET D. LANDRITH resides at the time of filing this complaint at Apt. 209

3

5308 SW Tenth St., Topeka, KS 66604. (SDC Pet. ¶8)

14.      Defendant KANSAS ATTORNEY GENERAL DEREK SCHMIDT is being sued in his private individual capacity and is the chief law enforcement officer of the State of Kansas and conducts his business at 120 SW 10th Ave., 2nd Floor Topeka, KS 66612.

15.      Defendant DON JORDAN is being sued in his private individual capacity and is the former Secretary of the Kansas Department of Social and Rehabilitation Services doing business at 915 SW Harrison, 6th floor, 66612-1354. (SDC Pet. ¶9)

16.      ROB SIEDLECKI is being sued in his private capacity as the former head of the Kansas Department of Social and Rehabilitation Services doing business at 915 SW Harrison, 6th floor, 66612-1354. (SDC Pet. ¶ 10)

17.      BOB CORKINS SRS GENERAL COUNSEL, the agency's chief policy making authority in legal matters is being sued in his official capacity as the head of the legal department of the Kansas Department of Social and Rehabilitation Services doing business at 915 SW Harrison, 6th floor, 66612-1354. (SDC Pet. ¶ 10.1)

18.      JOHN BADGER is being sued in his private individual capacity and is the former SRS General Counsel, his address is unknown. (SDC Pet. ¶ 10.2)

19.      STANTON A. HAZLETT ATTORNEY DISCIPLINARY ADMINISTRATOR is the chief policy making authority in litigation and is being sued in his official capacity as the State of Kansas Disciplinary Administrator doing business at 701 SW Jackson Street, 1st Floor, Topeka Kansas 66603-3729. (SDC Pet. ¶ 10.3)

20.      Defendant BRIAN FROST is an attorney of Alderson Law, 2101 SW 21st Street, Topeka, Kansas 66604. (SDC Pet. ¶ 11)

21.      Defendant CRAIG E. COLLINS, 3209 SW Bell Ave, Topeka, Kansas 66614. (SDC Pet. ¶ 12)

22.      Defendant YOUNG WILLIAMS PC, is a child support contractor whose registered agent is The Corporation Company, Inc., 112 SW 7th Street Suite 3C, Topeka, KS 66603. (SDC Pet. ¶ 13)

23.      Defendant DAVID WEBER SRS Caseworker doing business at 500 S.W. Van Buren Topeka, KS 66603. (SDC Pet. ¶ 13.1)

4

24.     PHYLLIS GILMORE SECRETARY OF SRS (acting) is being sued in her official capacity as

head of the Secretary of the Kansas Department of Social and Rehabilitation Services doing business at 915

SW Harrison, 6th floor, 66612-1354. (SDC Pet. ¶ 13.2)

## IV. PROCEDURAL HISTORY

25.     The plaintiff sought redress from violations of his civil rights after the defendants in concerted

conduct and/or conspiracy retaliated against him for his testimony in *USA v. Carrie Neighbors and Guy*

*Neighbors*, KS Dist. Ct. Case No. 07-20124, 08-20105, 07-20073 in a competency hearing for the

defendant Guy Neighbors held in the US District Court for the District of Kansas at Kansas City, Kansas.

26.     The plaintiff was then subjected to a show cause action to jail him for contempt of court *In The*

*Matter of the Marriage of Donna Elizabeth Landrith and Bret David Landrith,* Crawford County District

Court Case No. CR03DM00296P by the then Secretary of SRS DON JORDAN voluntarily dismissed after

the plaintiff raised the affirmative defense of lack of in personam jurisdiction in the in rem divorce decree

that lead to the concurrent jurisdiction injunctive relief action *Bret D. Landrith v. Hon. John C. Gariglietti*

*and Carol G. Green* Case No. 11-cv-02465-KHV-GLR and the related mandamus action *In re Landrith,*

10th Cir. USCA. Case No. 11-3388.

27.     The plaintiff was expressly disbarred for bringing the racial discrimination civil rights claims of

his African American James L. Bolden to federal court and the injunctive relief action to enjoin or postpone

his disbarment prosecution while representing James L. Bolden and out of fear of further retaliation by

State of Kansas officials brought his federal civil rights claims for redress in *Landrith v Jordan et al,*

Shawnee County District Court ("SDC") Case No. 10C1436 and the First Amended Complaint in SDC

Case No. 10C1436 is an exhibit in the record of *Landrith V. Hon. John C. Gariglietti* Case No. 11-cv-

02465-KHV –GLR.

28.     The plaintiff's initial and amended petitions in SDC Case No. 10C1436 allege the plaintiff was a

renewed target of retaliation 42 U.S.C. § 1981 and interference in the benefit of his contracts because of his

representation of James L. Bolden and the American Indian child of David M. Price through appellate

representation in the *Baby C* termination of parental rights case when David M. Price sought to have this

court ordered to allow my representation of Price and other natural parent victims of State of Kansas SRS

officials' misconduct including Valerie Rosproy in the action *Price v. Hon. Judge Vratil et al*, Kansas

5

District Court ("KDC") Case # 2:09-cv-02198 and Price was re-prosecuted for contempt of court by the Kansas Attorney General a week after filing KDC on a contempt charge that had previously been dismissed by the Kansas Supreme Court.

29.     This court has the evidence supporting the plaintiff's civil rights claims in the initial and amended petitions in Shawnee County and the present civil rights claims as a record in the Kansas District Court actions:

30.     *Janice L. King v. State of Kansas*, KDC Case # 09-4117-JAR where the record contains evidence of the retaliation against King and Price by State of Kansas officials for King's service of process in *Landrith v. Hazlett* Case No. 04-2215-DVB.

31.     *Rosproy v. Roysproy*, State of Kansas 18th Cir. Case No. 05-DM 3224 removed to Kansas District Court by Valerie J. Rosproy on constitutional grounds with evidence SRS consistently acted against abuse determinations of the sole expert witness Dr. Lance Parker to continue the abuse and endangerment of the children witch included cigarette burns and repeated sodomization by the documented abuser and sexual abuse in the Wichita Children's Home care for the purpose of extorting money and violating the clearly established constitutional rights of the mother to parent her children.

32.     *Webb v. Hon. Judge Vratil et al*, KDC Case # :2-09-cv-02063-FJG( evidence proving extrinsic fraud to procure plaintiff's disbarment),

33.     *Landrith v. Hazlett* Case No. 04-2215-DVB (Kansas Asst. AG. Steve Phillips's obstruction through misrepresentation of fact and law to stop STANTON A. HAZLETT from being restrained against interfering in Bolden's ongoing civil rights action).

34.     *Medical Supply Chain, Inc. vs. Novation et al*, KS Dist. Court Case No.: 05-2299 (Formerly W.D. MO. Case No. 05-0210) containing evidence of Kansas District Court Magistrate James P. O'Hara's false testimony and conflict of interest in the plaintiff's disbarment.

35.     The KDC case later appealed by the plaintiff *Bolden v. City of Topeka*. 441 F.3d 1129 (10th Cir. 2006) determining the colorable race claims for race based civil rights discrimination and post dismissal interference with the documents required to docket the Tenth Circuit appeal in attempt by State of Kansas officials to provide an alternative basis for disbarring the plaintiff, the suspension of the plaintiff prior to

the scheduled oral argument in Denver by State of Kansas officials to interfere with Bolden's appellate

representation.

## V. STATEMENT OF FACTS
## REGARDING THE ONGOING CIVIL RIGHTS CONSPIRACY

36.     The defendants are state officials and private persons engaged in the infiltration of State of Kansas

administrative branch and judicial branch agencies for the purposes of furthering the interests of a

racketeering conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec.

1961, *et seq*. engaged in controlling distribution of hundreds of millions of dollars of federal funds related

to children and to profit from outcomes in court cases related to parental rights in violation of the False

Claims Act, 31 U.S.C. § 3729, *et seq*., and bad faith state child protective services actions violating 42

U.S.C. § 671.

## A. THE NATURE OF THE OVER ARCHING CONSPIRACY

37.     The defendants as state officials and private persons further the interests of the 18 U.S.C. Sec.

1962(d) racketeering conspiracy to protect the benefits of federal funds alleged by some victims and is

hereby stated by the plaintiff on information and belief to be deposited in a Kemper trust fund in Kansas

City, Missouri where the US Treasury funds could be placed at risk and leveraged for private for profit

investments in excess of the interest said to be paid to state agencies while being distributed to loyal SRS

contractors, vendors and attorneys.

38.     The defendants as state officials and private persons engage in violations of 18 USC § 241[3], 18

USC § 242[4] and 18 U.S.C. § 245(b)(2)[5] as regular business practices of the 18 U.S.C. Sec. 1962(d)

---

[3] The US Department of Justice Civil Rights Division states: "Section 241 of Title 18 is the civil rights conspiracy statute. Section 241 makes it unlawful for two or more persons to agree together to injure, threaten, or intimidate a person in any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the Unites States, (or because of his/her having exercised the same). Unlike most conspiracy statutes, Section 241 does not require that one of the conspirators commit an overt act prior to the conspiracy becoming a crime."
http://www.justice.gov/crt/crim/241fin.php

[4] The US Department of Justice Civil Rights Division states: "Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as

7

racketeering conspiracy and need these criminal felonies and their grave penalties to be entry barriers against competitors and require protection from the enforcement of State of Kansas criminal laws against obstruction of justice, kidnapping and kidnapping by fraud.

39.    The defendants as state officials and private persons require control of natural parents and lawful guardians' legal representation to prevent attorneys raising defenses interfering with the taking of children to receive federal funds or benefits from procuring an outcome for the abuser and to prevent attorneys from being free to raise based claims against members of the 18 U.S.C. Sec. 1961(4) racketeering enterprises engaged in the 18 U.S.C. Sec. 1962(d) racketeering conspiracy.

40.    The defendants as state officials and private persons extort the legal representation of natural parents and lawful guardians through threats of disciplinary action and sanction, false arrest and jailing, and recently a Kansas licensed attorney testified he was framed and falsely prosecuted in Sedgwick County for sexual contact with an underage girl because of his representation of parents in family law court that required him to plead guilty to prevent over a decade in prison away from his own family.

41.    As a result of the infiltration, State of Kansas judicial branch officials are comfortable with conduct of color of law to be used to prosecute advocates seeking to vindicate federal statutes including then Topeka attorney Keen Umbehr who was forced to shut down his federal civil rights practice under the cloud of an ethics complaint prosecuted for two years regarding his role in exposing a pattern of sexual abuse at the Topeka Correctional Facility for women.

42.    The defendant STANTON A. HAZLETT notified the plaintiff he would be prosecuted for ethics violations in the afternoon following the plaintiff calling to the stand Mark Hunt to testify against City of Topeka police practices in the Kansas District Court at Topeka in the courtroom of Judge Julie Robinson where Hunt was known to a joint federal state task force including members of the City of Topeka Police

---

well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim." http://www.justice.gov/crt/crim/242fin.php

[5] 18 U.S.C. § 245(b)(2), permits federal prosecution of anyone who "willingly injures, intimidates or interferes with another person, or attempts to do so, by force because of the other person's race, color, religion or national origin" [1] because of the victim's attempt to engage in one of six types of federally protected activities including "participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof".

Department and the then Kansas Department of Corrections of witnessing the off site removal of female inmates to participate in the Kansas Department of Corrections officials' prostitution and narcotics distribution rings.

43.     The plaintiff's former client Donna L. Huffman was prevented from taking the bar in Kansas for three years and interfered with admission in Nebraska for her successful advocacy on behalf of her child in obtaining protection from documented abuse against the efforts of the SRS and opposing counsel along with the defendant STANTON A. HAZLETT to use character and fitness (the winning of an appeal) until the Board of Law Examiners were reversed by the Kansas Supreme Court.

44.     The plaintiff's disbarment and loss of rights is used as a warning by the conspirators to Kansas license attorneys who might act to vindicate the lawful federal rights of their clients against the members of the 18 U.S.C. Sec. 1962(d) racketeering conspiracy and the state administrative and judicial branch agencies they control.

## B. THE CONSPIRATORS' DIRECT AND FORSEEABLE VIOLATIONS OF THE PLAINTIFF'S CIVIL RIGHTS TO INJURE HIM FOR HIS ADVOCACY

45.     The plaintiff hereby gives background to the defendants' later chargeable conduct for 18 USC §§ 241 and 242 violations of the plaintiff's own U.S. constitutional and federal statutory rights solely under 42 U.S.C. § 1983.

46.     The plaintiff makes reference to the defendants' violations of 18 USC § 241, , and 18 U.S.C. § 245(b)(2) in their concerted conduct and conduct in furtherance of unlawful but profitable practices under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961, *et seq.* but only for the purposes of giving the parties and the court notice of the plausibility of the plaintiff's 42 § 1983 conspiracy, 42 §§ 1985 (2) and (3) conspiracy allegations.

### 1. Defendant Conspirators 18 USC §§ 241 and 242 Violations

47.     The defendant former Secretary of SRS DON JORDAN through JOHN BADGER the former SRS General Counsel, his counsel C. William Ossmann, Matthew W. Boddington, accomplices BRIAN FROST and CRAIG E. COLLINS along with their agents in the Kansas Office of Attorney Discipline/ Board of Law Examiners worked to keep the plaintiff from employment and from supporting his children during the

9

period of time John Gutierrez and the defendant YOUNG WILLIAMS PC, the attorneys representing former Secretary of SRS DON JORDAN were seeking to have the plaintiff jailed for contempt in an ongoing court action in Crawford County, Kansas District Court Case No. CR03DM00296P. (SDC Pet. ¶ 14).

## 2. DON JORDAN, JOHN BADGER, and DAVID WEBER's
### 18 USC §§ 241 and 242 violations of plaintiff's right to food stamps

48.     The receipt of food stamps is a factor to be considered and weighs in favor of a respondent in an Answer to Show Cause for Civil Contempt. (SDC Pet. ¶ 15)

49.     The defendant former Secretary of SRS DON JORDAN obtained cancelation of the plaintiff's food stamp benefits in a facially false termination by former Secretary of SRS DON JORDAN's case manager DAVID WEBER. (SDC Pet. ¶ 16)

50.     Former Secretary of SRS DON JORDAN and JOHN BADGER the former SRS General Counsel had notice that it is clearly established under law that the wrongful termination of food stamp benefits is a violation of 42 USC §1983 and it is settled case law that the plaintiff has standing resulting from this violation and no duty to give additional notice or exhaust any administrative remedies. (SDC Pet. ¶ 17)

51.     Despite this notice, former Secretary of SRS DON JORDAN and JOHN BADGER the former SRS General Counsel continued this misconduct in violation of the plaintiff's rights to Due Process and Equal Protection Under the Law secured by the United States Constitution or by Federal law and guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States to deprive the plaintiff of property and due course of justice in violation of 42 U.S.C. sec. 1981, 42 U.S.C. sec. 1985 (3) and 42 U.S.C. sec. 1983. (SDC Pet. ¶ 18)

52.     Former Secretary of SRS DON JORDAN and JOHN BADGER the former SRS General Counsel chose to commit more violations including the unlawful termination of food stamp benefits in retaliation for the plaintiff's earlier notice that the former Secretary of SRS DON JORDAN and the defendants were violating the plaintiff's property rights in earning a non law based living. (SDC Pet. ¶ 19)

53.     Former Secretary of SRS DON JORDAN and JOHN BADGER the former SRS General Counsel also ignored the gravamen of the noticed misconduct and the resulting financial liability. (SDC Pet. ¶ 20)

54.       Former Secretary of SRS DON JORDAN and JOHN BADGER the former SRS General Counsel participated with other defendants and non defendant state officials in concerted misconduct that retaliated against the plaintiff and the plaintiff's former clients and associates for their association with the plaintiff and for past and possible future Civil Rights advocacy on their behalf during the period information is sought by John Gutierrez in the ongoing court action in Crawford County, Kansas District Court Case No. CR03DM00296P. (SDC Pet. ¶ 21)

55.       This misconduct repeatedly kept the plaintiff from earning salary, wage and independent contractor income, directly preventing the plaintiff from supporting his family and depleting what remained of his resources to obtain employment. (SDC Pet. ¶ 22)

56.       Former Secretary of SRS DON JORDAN and JOHN BADGER the former SRS General Counsel participated in concerted misconduct that included extrinsic fraud and obstruction of justice in ongoing litigation involving the State of Kansas SRS. Similar misconduct has resulted in adverse media coverage and State of Kansas legislative hearings this year (2010). (SDC Pet. ¶ 23)

### 3. BRIAN FROST, CRAIG E. COLLINS, DON JORDAN, JOHN BADGER and STANTON A. HAZLETT violations under 18 USC §§ 241 and 242 to extort plaintiff's associates

57.       Former Secretary of SRS DON JORDAN joined and continued a pattern and practice of JOHN BADGER the former SRS General Counsel, SRS counsel C. William Ossmann, and Matthew W. Boddington of obtaining control over the legal representation of Kansas citizens litigating against the SRS to assert rights and claims in redress from former Secretary of SRS DON JORDAN's misconduct. (SDC Pet. ¶ 24)

58.       This extrinsic fraud now includes on information and belief the control of the Kansas licensed attorney CRAIG E. COLLINS to defeat effective representation exposing the misconduct of the SRS. (SDC Pet. ¶ 25)

59.       This extrinsic fraud also includes on information and belief the participation of the Kansas licensed attorney BRIAN FROST in altering domestic court case management billing records to cause a potential employer of the plaintiff to be prevented from practicing law in participation with the non

11

defendant Attorney Discipline prosecutor Gayle B. Larkin for associating with and being represented by the plaintiff in *Huffman v. ADP, Fidelity et al*, W.D. of Missouri Case No. 05-CV-01205. (SDC Pet. ¶ 26)

60.    As a third party business expectation and contract beneficiary, the plaintiff has been injured by this conduct in violation of federal laws. (SDC Pet. ¶ 27)

61.    When former Secretary of SRS DON JORDAN, JOHN BADGER the former SRS General Counsel, and the defendants' associate, Attorney Discipline Office Prosecutor STANTON A. HAZLETT was placed in legal jeopardy by an ethics complaint filed by Stewart Webb against Attorney Discipline employee Gayle B. Larkin, a former witness to the taking of an Oklahoma infant through fraud and extortion was contacted, intimidated, extorted for the purpose of obstructing any investigation into the misconduct of Attorney Discipline Office and SRS officials. (SDC Pet. ¶ 28)

62.    This intimidation and extortion resulted in death threats **from information leaked from Attorney Discipline Office Prosecutor STANTON A. HAZLETT to an Oklahoma woman who was being extorted over her granddaughter to stop the new reporting of misconduct to Attorney Discipline Office Prosecutor STANTON A. HAZLETT** that involved the taking of an Oklahoma infant through fraud and extortion (see *Webb v. Hon. Judge Vratil et al*, KDC Case # :2-09-cv-02063-FJG Corrected Memorandum in Support of Summary Judgment) by Rachael K. Pirner, now president of the Kansas Bar Association.

63.    When the conspirators' extortion efforts were not successful, the conspirators became involved in causing the plaintiff to be subpoenaed to testify in an ongoing federal criminal case *USA v. Carrie Neighbors and Guy Neighbors*, KS Dist. Ct. Case No. 07-20124, 08-20105, 07-20073. (SDC Pet. ¶ 29)

64.    On July 26, 2010, the night before the plaintiff's testimony, the plaintiff provided required notice at 4:55 pm to Attorney Discipline Office Prosecutor STANTON A. HAZLETT, that the testimony may involve evidence related to the frauds committed in the disbarment proceeding. (SDC Pet. ¶ 30)

65.    Attorney Discipline Office Prosecutor STANTON A. HAZLETT subsequently claimed to have dismissed the investigation of Stewart Webb's ethics complaint against his employee Gayle B. Larkin at approximately 7:00 pm on the night he received notice from the plaintiff. (SDC Pet. ¶ 31)

66.    The Assistant US Attorney was then barred in court from asking any questions related to the matter. (SDC Pet. ¶ 32)

67.     The plaintiff performed over a year of legal work as an attorney on an action that would have provided for the support of his children. (SDC Pet. ¶ 33)

68.     The action was styled *Huffman v. ADP, Fidelity et al*, W.D. of Missouri Case No. 05-CV-01205[6] and was based on skimming of undisclosed fees from Simple IRA Mutual Fund accounts, presaging the New York Attorney General's class action against H&R Block on the company's Express IRA's and the United States Court of Appeals for the Second Circuit repudiation of implied securities antitrust immunity in *Billing v. Credit Suisse* 2005 WL 2381653 (2d. Cir. Sept. 28, 2005). (SDC Pet. ¶ 34)

69.     The plaintiff became ineligible for his property right in the contingent fees when he was summarily denied a new trial on his State of Kansas disbarment, the morning the Western District of Missouri Court inquired about the effect of the plaintiff's timely motion for a new trial on the disbarment under Kansas law and was reciprocally disbarred by the federal court without a hearing. (SDC Pet. ¶ 35)

70.     The defendants and former Secretary of SRS DON JORDAN, and JOHN BADGER the former SRS General Counsel and or co-conspirators acting on their behalf in furtherance of the continuing Civil Rights conspiracy became concerned when the plaintiff's former client David M. Price filed an action for prospective injunctive relief in the Kansas District Court to permit the plaintiff to represent him and numerous other prospective class members in a Civil Rights Action against the SRS officials responsible for the misconduct publicized by state legislative hearings and frauds committed by SRS contractors and their counsel to remove his teen age daughter from his home. (SDC Pet. ¶ 36)

71.     A week after the petition for injunctive relief was filed by David M. Price in federal court, the Kansas Attorney General's office refilled their action for contempt of court against Price that had been earlier dismissed. (SDC Pet. ¶ 37)

72.     The plaintiff's witness to extrinsic fraud in the procurement of Attorney Discipline rulings Jim Vanderbilt has also been jailed for non-payment of child support. (SDC Pet. ¶ 38)

73.     The plaintiff's process server in an earlier injunctive relief action against Attorney Discipline Office Prosecutor STANTON A. HAZLETT, Janice Lynn King has been injured by duplicative proceedings in this Shawnee County District court instigated by Assistant Kansas Attorney General Steve Phillips in the preceding year and has also filed a detailed complaint against Kansas attorneys that have

---

[6] http://securities.stanford.edu/1035/ADP05_01/20051129_f01c_Huffman.pdf

deprived her of parenting time with her children over five years, federal tax returns, and of support awarded in this court in retaliation for her association with the plaintiff. (SDC Pet. ¶ 39)

74.     Assistant Kansas Attorney General Steve Phillips made a material misrepresentation to the Tenth Circuit US Court of Appeals to obtain an order upholding the dismissal of the plaintiff's injunctive relief action against Attorney Discipline Office Prosecutor STANTON A. HAZLETT. (SDC Pet. ¶ 40)

75.     Evidence of kidnapping by deception, extortion and fraud related to three other infants in unlawful Kansas child trafficking under the negligent jurisdiction of the SRS that was filed in that injunctive relief action against Attorney Discipline Office Prosecutor STANTON A. HAZLETT resurfaced in the ethics complaint by Stewart Webb described *supra*. (SDC Pet. ¶ 41)

76.     The plaintiff was subpoenaed to testify in federal court in a hearing held on behalf of the African American Guy Neighbors by his defense counsel in the afternoon shortly after Stewart Webb had transmitted the affidavit related to the kidnapping through fraud and extortion of an Oklahoma infant in Kansas to former US Attorney for the Western District of Missouri Todd Graves who is representing former Kansas Attorney General and Johnson County District Attorney Phil Kline before the Attorney Discipline Office. (SDC Pet. ¶ 42)

### 4. DON JORDAN , and JOHN BADGER violations under 18 USC §§ 241, 242 and 245 to continue the trafficking in foster care children to make false claims against the US Treasury

77.     On May 18, 2009, the State of Kansas SRS under the control of former Secretary of the SRS DON JORDAN was reported by media sources around the state as coming under a legislative investigation over complaints by Kansas citizens over the conduct of the agency: (SDC Pet. ¶ 43)

"State lawmakers inundated with complaints about the SRS foster care system want answers. A special committee has been set up to investigate as families come forward wondering how their kids ended up in the system.
Kathy Winters brings her memories to the Kansas statehouse, pleading for help from lawmakers. "I don't take anything for granted. I pray every day that someone will listen to us," said Winters as she walked up the steps to the Capitol building in Topeka last week.
For more than a year Winters cared for two of her grandsons, Caleb and Wyatt, after SRS removed them from their mother. Then, last year, SRS took the boys from Winters and placed them into foster care.
"It has devastated my family," she says. "It has torn us apart."
SRS claims Winters lost the boys because of poor communication, not complying with visitation requirements and problems getting them proper medical treatment. Winters, however, believes the foster care system is broken. She claims it's a system driven by greed.

"The real reason is they make more money from the children if they do have them in foster care and if they adopt them out," she said.

SRS contracts with private agencies to run the foster care system. According to SRS records, the state paid $153,000,000 in 2009 to the contractors who place kids in foster care. There is also a monthly case rate paid for each child that is in foster care.

"I'm hoping this hasn't become a money making proposition on the backs of our children," said State Senator Julia Lynn of Johnson County.

Complaints from Winters and hundreds of other families got the attention of Senator Lynn and Representative Mike Kiegerl.

"There has been some progress made, but i still see some difficulties and I still get a lot of complaints," said Kiegerl.

They head the Children's Services Committee, and they are investigating the complaints."

Fixing SRS - A KAKE Special Report.

78.    A previous legislative investigation revealed that the State of Kansas SRS under the control of

former Secretary of the SRS DON JORDAN , and JOHN BADGER the former SRS General Counsel was

influencing the outcomes of Sedgwick County court cases through extrinsic fraud driven by Sedgwick

County District Attorneys. (SDC Pet. ¶ 44)

VIDEO :

Audit Shows Over 50% of Wichita Social Workers Say They've Been Pressured by DA's Office

http://www.youtube.com/watch?v=O57nCusVtvo

Fixing SRS - A KAKE Special Report ( Sen. Julie Lynn, Rep Mike Kiegerl head Children Services

Committee and are concerned it may be driven by the money)

http://www.youtube.com/watch?v=6mQTfHjy84A&feature=related

THEY'RE MAKING BILLIONS OFF THE BACKS OF OUR CHILDREN ( Senators in an Olathe

Town Hall meeting)

http://www.youtube.com/watch?v=RDS2uRD12ac&feature=related

http://www.youtube.com/watch?v=iWqBFHIaa0w&feature=related

http://www.youtube.com/watch?v=-iM_ZJTUd9M&feature=related

http://www.youtube.com/watch?v=jWqBFHIaa0w&feature=related

### 5. Retaliation against the plaintiff
#### through injury of his intimate associates for the plaintiff's protected advocacy
#### through violations under 18 USC §§ 241, 242 and 245

79.    On April 1, 2010, continuing retaliation by State of Kansas Officials against the plaintiff's son is

mentioned in letter to Missouri State Judge Honorable Robert Schieber:

15

"This racketeering tactic of Hobbs Act extortion by the Novation LLC co-conspirators was used against my former counsel's son in Pittsburg, Kansas, causing him to drop out of school. When my former counsel finally obtained custody of his son, the Kansas City Missouri School District resisted letting him attend school and both school principals Linda Collins of North East and Tom Herrera of East denied his son the opportunity to re-enter high school last year.
I think it is the lowest form of gangsterism to misuse public offices to retaliate against people's children for the purpose of obstructing justice and here it is my seventeen-year-old nephew who has no connection to my Medical Supply Chain or Medical Supply Line businesses. There is no reason my nephew should be forced to abandon his high school studies and forfeit an opportunity to go to college because of the defendants' criminal conduct like my former counsel Bret Landrith's son was forced to."

April 1, 2010 Letter of Samuel Lipari to Honorable Robert Schieber. (SDC Pet. ¶ 45)

80.    On March 26, 2010, the SRS action to terminate parental rights of David M. Price over his

daughter Heavenly was continued until May after his daughter will age out of jurisdiction. (SDC Pet. ¶ 46)

81.    CRAIG E. COLLINS was not called to testify about his role alleged by Price to have been an

attempt by CRAIG E. COLLINS and former Secretary of the SRS DON JORDAN to place Heavenly with

Janice Lynn King and secure the arrest of his former client in the proceeding David M. Price. (SDC Pet. ¶

47)

82.    On March 22, 2010 (evening) the plaintiff's former client David M. Price is featured on a

nationwide television news broadcast (SDC Pet. ¶ 48):

" Fox News: Our most outrageous example of licensing madness is the plight of David Price, a man who learned the hard way that no good deed goes unpunished, especially when messing with lawyers. Price made the mistake of helping Eldon Ray, a fellow Kansan who was fined for practicing architecture without a license. Price didn't represent Ray in court; he just helped Ray by writing a letter to respond to the fine. In states like Kansas, that practically makes Price Perry Mason. A judge (a lawyer with a robe) threw Price into jail on contempt charges, not to be released until he promised to never give legal advice again -- ever."

VIDEO

http://www.breitbart.tv/stossel-do-we-really-need-a-license-for-everything/

http://cjonline.com/news/local/2010-03-09/price_to_speak_on_fox

Video Stossel interviewed about his upcoming show with David Price on Internet

http://www.foxbusiness.com/on-air/stossel/

http://www.freerepublic.com/focus/f-news/2468641/posts

83.    On October 22, 2009 the plaintiff prepared an apartment in Donna L. Huffman's building for

Housing and Urban Development tenants. (SDC Pet. ¶ 49)

84.     On September 17, 2009 the plaintiff accepted the contracts and business expectancies, including a 1/3 interest in a real estate business in return for doing the work for Donna L. Huffman. (SDC Pet. ¶ 50)

85.     On September 17, 2009 the plaintiff borrowed his mother's truck and went to Oskaloosa, to look over what he can do for Huffman and attends Oskaloosa City Council meeting where problems with Huffman's 1880's Landmark building resulting from water damage of the foundation are discussed. (SDC Pet. ¶ 51)

86.     On September 15, 2009 Donna L. Huffman asked Landrith to come to work with her in Oskaloosa, Kansas out of her Mortgage banking building where she is intending to form a real estate business; the position would not pay but would lead to ownership in the real estate business, providing a broker could be recruited. (SDC Pet. ¶ 52)

87.     Donna L. Huffman stated that her income from the mortgage banking business has been severely reduced by the three years she has spent trying to be allowed to take the Kansas Bar exam. (SDC Pet. ¶ 53)

88.     The Kansas Board of Law Examiner's repeatedly declined to come to a decision in her case until Bar preparation for each exam cycle is already underway. (SDC Pet. ¶ 54)

89.     Donna L. Huffman was also concerned she would be without her full time assistant who will be going on maternity leave and fears receiving the news of an adverse decision on her appeal to the Kansas Supreme Court while alone at work. (SDC Pet. ¶ 55)

90.     Donna L. Huffman explained the Kansas Banking rules prevent her from employing the plaintiff as her mortgage banking assistant because of the plaintiff's disbarment. (SDC Pet. ¶ 56)

91.     The Kansas Attorney Discipline Chief Counsel STANTON A. HAZLETT provided testimony to support former Secretary of the SRS DON JORDAN and JOHN BADGER the former SRS General Counsel'S counsel Matthew W. Boddington's letter alleging Donna L. Huffman lacked the character and fitness to be a Kansas attorney because STANTON A. HAZLETT maintained appealing a government or court decision demonstrates a lack of ethics, character and fitness to be an attorney. (SDC Pet. ¶ 57)

92.     CRAIG E. COLINS publicly stated that Stephen M. Joseph of Joseph & Hollander, P.A. originally representing Huffman before the Kansas Board of Law Examiners gave up Donna L. Huffman's cause while he was her attorney of record in exchange for permission for a Casino. (SDC Pet. ¶ 58)

93.     Matthew W Boddington **with defendant BRIAN FROST** authored a letter to the State of Kansas

Board of Law Examiners that Donna L. Huffman lacked the character and fitness to be a Kansas attorney

because as parent of an injured child represented by a State of Kansas licensed attorney Jim A. Vanderbilt

she appealed and prevailed in a district court review of an SRS Agency decision that found a minor child

was not in danger despite a report from a respected Kansas Pediatrician about physical and sexual injury

and abuse, a police report and an earlier agency determination of abuse regarding the incident. See

03/11/2008 MEMORANDUM DECISION AND ORDER 3rd District State of Kansas Court Case No. 07C

001035. (SDC Pet. ¶ 59)

94.     The plaintiff was forced to abandon his Missouri residence and returned to his mother's home in

Topeka, Kansas with 17 year old son Thomas because the plaintiff was repeatedly denied the opportunity to

place Thomas in a Missouri school by a school district and principals in contact with State Of Kansas

Officials. (SDC Pet. ¶ 60)

95.     Parental Custody of Thomas was reassigned to the plaintiff in Lee's Summit, Missouri. (SDC Pet.

¶ 61)

96.     Former Secretary of the SRS DON JORDAN appears to have repeatedly attempted to terminate

the plaintiff's ex-wife's parental rights over the plaintiff's 17 year old son without notice to the plaintiff due

to non attendance of school with accompanying physical diagnosis of stress induced Irritable Bowel

Syndrome in the wake of State Of Kansas Officials trying to accuse Thomas of terrorism as a result of the

plaintiff's role in a press release by Samuel Lipari that broke the story that US Attorney Todd Graves was

targeted for wrongful termination. (SDC Pet. ¶ 62)

97.     The State of Kansas Attorney General determined it was likely that the State of Kansas SRS failed

to protect Baby C from being kidnapped, trafficked and sold when the agency failed to enforce ICPC

requirements and prevented the plaintiff from obtaining records on behalf of his client the natural father:

> "294. Kansas Attorney General Paul Morrison met with David Martin Price and his attorney Craig
> Collins over the kidnapping of Baby C in retaliation for Price's protected public speech against
> former Mayor Joan Wagnon (later campaign treasurer for Governor Kathleen Sebelius and currently
> Secretary of the Kansas Department of Revenue).
> 295. The petitioner's attorney Bret D. Landrith had represented David Martin Price *pro bono* on the
> appeal when Price's Kansas State appointed attorney refused to do so.
> 296. David Martin Price (like Mark Hunt) was a crucial witness to the City of Topeka's theft of
> HUD funds in the Kansas District Court Civil Rights and Fair Housing Act case *James Bolden v.
> City of Topeka*, brought by the petitioner's attorney Bret D. Landrith.
> 297. Kansas Attorney General Paul Morrison before was shocked that the career staff of the Kansas

18

Attorney General's office had kept the matter from him and examined the evidence with Craig Collins concluding the child had been unlawfully taken."

*MSC v. Neoforma et al* KS District Court Case Notice of Concurrent State Litigation *Lipari v. Novation LLC* Pg. 40 (SDC Pet. ¶ 63)

98.     Kansas Attorney Discipline Administrator STANTON A. HAZLETT and Assistant Attorney General Steve Phillips made false representations of fact to the Tenth Circuit Court of Appeals in *Landrith v. Hazlett, et al* , Case No. 04-3364 by filing a motion entitled "Motion for Summary Disposition due to Mootness" on February 3, 2005, to secure a moot ruling against the plaintiff's attempt to enjoin this prosecution. (SDC Pet. ¶ 64)

99.     The motion argued that after the conclusion of the hearing, the disciplinary panel was unlikely to recommend the plaintiff for disciplinary action, therefore the federal case should be dismissed as moot. (SDC Pet. ¶ 65)

100.     However the panel had ruled that the plaintiff was to be recommended for discipline, something STANTON A. HAZLETT witnessed and his agent Steve Phillips was responsible for knowing. (SDC Pet. ¶ 66)

101.     The action was not at that time moot but the delay in the briefing scheduled caused by STANTON A. HAZLETT and Steve Phillips' extrinsic fraud on the Tenth Circuit prevented the court from having the opportunity to protect the plaintiff's constitutional rights before the Kansas Supreme Court heard the plaintiff's attorney discipline case. (SDC Pet. ¶ 67)

102.     The plaintiff had the clear right to enjoin the prosecution of STANTON A. HAZLETT's enforcement under *Leclerc v. Webb*, No. 03-30752 (Fed. 5th Cir. 7/29/2005) (Fed. 5th Cir., 2005) and *Dubuc v. Michigan Board of Law Examiners* (6th Cir., 2003). (SDC Pet. ¶ 68)

103.     The clear and repeated error of Kansas state officials is that Landrith is wrongly deemed to have violated the KRPC for factually describing STANTON A. HAZLETT and Steve Phillips' fraud. (SDC Pet. ¶ 69)

104.     STANTON A. HAZLETT and Steve Phillips violated KRPC 3.3(a)(1) by knowingly making a false statement of material fact to a tribunal in order to evade the injunction. (SDC Pet. ¶ 70)

## C. ACTS OF INDIVIDUAL CONSPIRATORS

105.    The defendants DON JORDAN, YOUNG WILLIAMS PC, BRIAN FROST and CRAIG E.
COLLINS, acting under color of state law deprived the plaintiff of his legitimate and certain property
interests the plaintiff had a claim of entitlement (SDC Pet. ¶ 72) to through the following violations of 18
USC §§ 241, and 242.

### I. TERMINATION OF SNAP BENEFITS
### (Defendant DON JORDAN)

106.    The plaintiff hereby incorporates the averments contained in the four corners of this petition (SDC
Pet. ¶ 73) and states that in July, 2010 the plaintiff applied for supplementary nutritional assistance
provided for under federal statutory Supplemental Nutrition Assistance Program ("SNAP") in person at the
Topeka SRS office.

107.    On that same day, the plaintiff was given an interview based on his application and lack of income
or savings and awarded emergency food stamps under the SNAP program for $200 a month. (SDC Pet. ¶
74)

108.    On August 22, 2010 the plaintiff was served process in person by a Shawnee County Process
Server for an action by former Secretary of SRS DON JORDAN against the plaintiff for contempt of court
in Crawford County Kansas case *In the Marriage of Donna and Bret Landrith* Case No. CR03DM00296P.
(SDC Pet. ¶ 75)

109.    The plaintiff was served process in the threshold of his residence at Apartment E, 5306 SW West
Dr., Topeka, KS 66606 (the address used by the plaintiff to apply to the SRS for his federal food stamp
benefit under the SNAP program). (SDC Pet. ¶ 76)

110.    On August 26, 2010 the plaintiff wrote the former Secretary of SRS DON JORDAN, showing
how the misconduct of his agency, its chief counsel and the Kansas Attorney Discipline Agency was the
reason the plaintiff was disbarred losing his constitutionally protected property right to earn a living and
that the misconduct has continued for the purpose of keeping the plaintiff from being able to work in jobs
outside of law, even during 2009 and 2010. (SDC Pet. ¶ 77)

111.    The August 26, 2010 letter was cc'd to JOHN BADGER GENERAL COUNSEL OF THE SRS

and John Gutierrez, Staff Attorney of YOUNG WILLIAMS PC. (SDC Pet. ¶ 78)

**(1)  the conduct complained of was committed by**
**former Secretary of SRS DON JORDAN , JOHN BADGER the former SRS General Counsel**
**and DAVID WEBER acting under color of state law**

112.    On August 31, 2010 former Secretary of SRS DON JORDAN and DAVID WEBER with

knowledge the plaintiff has no income and required emergency food assistance canceled the plaintiff's

federal food stamp benefits under SNAP. (SDC Pet. ¶ 79)

113.    On August 31, 2010 SRS case manger DAVID WEBER used the reason "LOSS OF

CONTACT…BECAUSE WE HAVE BEEN UNABLE TO CONTACT AND/OR LOCATE YOU " to

terminate the plaintiff's federal food stamp benefits under SNAP. (SDC Pet. ¶ 80)

114.    The plaintiff received no calls and no letters from the SRS or SRS case manger DAVID WEBER

despite residing at the address given on the application and using the phone number also provided the SRS

on the application. (SDC Pet. ¶ 81)

115.    The August 31, 2010 reason given by the SRS case manger DAVID WEBER acting under color of

state law was a pretext and materially and fraudulent. (SDC Pet. ¶ 82)

116.     SRS case manger DAVID WEBER sent a notice of the termination and to inform the plaintiff of

his right to appeal to his address in the town house mailbox the plaintiff was a registered user for the

mailbox and where his name was placed on the US Postal Service delivery mailbox assignment sticker the

by the US Postal Service Delivery Person but the letter was returned without delivery by a policy and

practice Secretary of SRS DON JORDAN and case manger DAVID WEBER maintained with the Topeka

Postmaster. (SDC Pet. ¶ 83)

**(2) the conduct deprived the plaintiff of rights, privileges,**
**or immunities secured by the Constitution or laws of the United States**

117.    The plaintiff suffered a loss of supplemental nutrition under the federally provided SNAP program

during September and October during two months he was also unable to pay rent in his federally subsidized

apartment. (SDC Pet. ¶ 84)

21

118.    The plaintiff's roommate has asked the plaintiff to move out but the plaintiff lacked the resources
to obtain other shelter. (SDC Pet. ¶ 85)

## II. ABUSE OF PROCESS FOR RETALIATORY PURPOSE
### (Defendants DON JORDAN, JOHN BADGER the former SRS General Counsel
### and YOUNG WILLIAMS PC)

119.    The plaintiff hereby incorporates the averments contained in the four corners of this petition.
(SDC Pet. ¶ 86)

120.    The defendant DON JORDAN as Secretary of SRS and JOHN BADGER the former SRS General
Counsel through the defendant YOUNG WILLIAMS PC caused the plaintiff to be served process on
August 22, 2010 for an action against the plaintiff for contempt of court in Crawford County Kansas case
*In the Marriage of Donna and Bret Landrith* Case No. CR03DM00296P. (SDC Pet. ¶ 87)

121.    The Secretary of SRS DON JORDAN , JOHN BADGER the former SRS General Counsel and the
YOUNG WILLIAMS PC alleged that the plaintiff was in arrears on child support over $20,000.00. (SDC
Pet. ¶ 88)

### (1)  the conduct complained of was committed by
### Secretary of SRS DON JORDAN and YOUNG WILLIAMS PC acting under color of state law

122.    The Secretary of SRS DON JORDAN , JOHN BADGER the former SRS General Counsel, and
the YOUNG WILLIAMS PC **acting under color of state law** asked the Crawford District court to arrest
and jail the plaintiff in contempt for up to six months. (SDC Pet. ¶ 89)

123.    The Secretary of SRS DON JORDAN , JOHN BADGER the former SRS General Counsel, and
the YOUNG WILLIAMS PC are responsible for knowing that the in Crawford County Kansas case *In the
Marriage of Donna and Bret Landrith* Case No. CR03DM00296P never obtained *in personam* jurisdiction
over the plaintiff to award child support payments. (SDC Pet. ¶ 90)

124.    The Secretary of SRS DON JORDAN , JOHN BADGER the former SRS General Counsel, and
YOUNG WILLIAMS PC are responsible for knowing that the plaintiff never appeared in Crawford County
Kansas case *In the Marriage of Donna and Bret Landrith* Case No. CR03DM00296P until after being
served by process on August 22, 2010. (SDC Pet. ¶ 91)

22

125.    The Secretary of SRS DON JORDAN , JOHN BADGER the former SRS General Counsel, and the YOUNG WILLIAMS PC are responsible for knowing that the appearance docket showing service of the plaintiff in the Crawford County Kansas case *In the Marriage of Donna and Bret Landrith* Case No. CR03DM00296P contains a question mark ;"?" (*sic*) and occurred while jurisdiction over the parties and the dissolution of the marriage was exclusively the jurisdiction of Shawnee County District Court in the *In the Marriage of Bret and Donna Landrith* action Case 01D 001961. (SDC Pet. ¶ 92)

126.    The Secretary of SRS DON JORDAN, JOHN BADGER the former SRS General Counsel, and the YOUNG WILLIAMS PC are responsible for knowing that the plaintiff never waived the requirement of valid service of process and service of process was never reattempted after Shawnee County District Court and the Kansas Court of Appeals relinquished jurisdiction over the matter without granting a divorce or ordering a transfer of venue. (SDC Pet. ¶ 93)

127.    On September 22, 2010 the plaintiff sent a letter to the defendant YOUNG WILLIAMS PC's attorney John Gutierrez giving the defendants Secretary of SRS DON JORDAN and YOUNG WILLIAMS PC notice that the child support sought to be enforced is from an order *in Rem* that under the controlling precedent for the State of Kansas described by *In re Marriage of Salas*, 28 Kan. App. 2d 553, 19 P.3d 184 (2001), awards of child support from *in Rem* actions are clearly established to be outside a court's lawful jurisdiction :

> "Elrod and Buchele, 1 Kansas Law and Practice, Kansas Family Law § 9.22(1) (1999) ("The court may divide property in the forum state. **But for the court to transfer property other than that located in the state or to impose any financial obligations, the court must have personal jurisdiction over both parties.**")...Other orders -- *e.g.*, **having to do with child support and maintenance or dividing property outside of Kansas -- were beyond the limits of the court's power.**" [Emphasis added]

*In re Marriage of Salas*, 28 Kan. App. 2d 553, 19 P.3d 184 (2001) (SDC Pet. ¶ 94)

128.    On September 27, 2010 the plaintiff became concerned that the defendant YOUNG WILLIAMS PC had not received the mailed notice and faxed a copy of the plaintiff's Answer to Show Cause to YOUNG WILLIAMS PC's attorney John Gutierrez representing the defendant Secretary of SRS DON JORDAN at his Cherokee County, Kansas Assistant Prosecutor's Office, but the defendants Secretary of SRS DON JORDAN and YOUNG WILLIAMS PC still did not voluntarily dismiss their motion for a Show Cause Hearing on why the plaintiff should not be sanctioned by the Crawford County District Court. (SDC Pet. ¶ 95)

129.    During the Show Cause Hearing on September 28, 2010, the plaintiff appeared but the defendant Secretary of SRS DON JORDAN, JOHN BADGER the former SRS General Counsel and YOUNG WILLIAMS PC through their attorney John Gutierrez were reluctant to allow the plaintiff to appear before the judge. (SDC Pet. ¶ 96)

130.    The plaintiff repeatedly had to insist that he was responding as ordered to appear before the court and he was asserting his right to do so. (SDC Pet. ¶ 97)

131.    Secretary of SRS DON JORDAN, JOHN BADGER the former SRS General Counsel and YOUNG WILLIAMS PC through their attorney John Gutierrez objected to the plaintiff's right to represent himself because they were seeking an order of contempt that could result in jail time. (SDC Pet. ¶ 98)

132.    The plaintiff appeared before the Crawford County Court and raised orally the same affirmative defense and objection to jurisdiction from lack of valid service of process that he raised in his written answer to show cause, his first appearance and initial pleading. (SDC Pet. ¶ 99)

133.    The Crawford County hearing record was noted that despite the severe gravamen of proceeding with contempt charges against a party that was not under jurisdiction for the court to award the underlying child support, Secretary of SRS DON JORDAN and JOHN BADGER the former SRS General Counsel were not withdrawing his charges of contempt even after being presented irrefutable evidence that service of process for the Crawford divorce was during the exclusive jurisdiction of Shawnee District Court over the marriage and that the wife's attorney knew the same and was filing motions in the Shawnee District divorce at the time she caused the Crawford process to be issued. (SDC Pet. ¶ 100)

### (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States

134.    The plaintiff had to travel to Pittsburg, a distance of over 160 miles even though Secretary of SRS DON JORDAN, JOHN BADGER the former SRS General Counsel, and YOUNG WILLIAMS PC were responsible for knowing that the plaintiff had no income and that Secretary of SRS DON JORDAN and JOHN BADGER the former SRS General Counsel had unlawfully terminated the plaintiff's food supplements under the federal SNAP program. (SDC Pet. ¶ 101)

135.    The plaintiff had to ride his bicycle part of the way to the hearing and all the way back a three day journey without funds for lodging and with less than the caloric nutrition he was entitled to. (SDC Pet. ¶ 102)

136.    The plaintiff is now placed in jeopardy of up to six months in jail by Secretary of SRS DON JORDAN, JOHN BADGER the former SRS General Counsel and YOUNG WILLIAMS PC even though they know he has no income from the very federal application for food stamps that Secretary of SRS DON JORDAN , JOHN BADGER the former SRS General Counsel, and YOUNG WILLIAMS PC used to issue the Abusive Process against the plaintiff. (SDC Pet. ¶ 103)

### III. RETALIATION FOR PROTECTED ADVOCACY ON BEHALF OF BOLDEN AND PRICE
### (Defendants BRIAN FROST and CRAIG E. COLLINS )

137.    The plaintiff hereby incorporates the averments contained in the four corners of this petition. (SDC Pet. ¶ 104)

138.    The defendant BRIAN FROST was a court services officer in the role of a case manager official that was a contractor for the Jefferson County and Shawnee County District Courts. (SDC Pet. ¶ 105)

### (1)  the conduct complained of was committed by
### BRIAN FROST and CRAIG E. COLLINS acting under color of state law

139.    The defendant BRIAN FROST in his role as a case manager for State of Kansas courts changed his case manager billing records on the letterhead of the Alderson Law Firm in demands he made against Donna L. Huffman that he represented were on behalf of the Alderson Law Firm. (SDC Pet. ¶ 106)

140.    The defendant BRIAN FROST changed his case manager billing records at the direction of Kansas Attorney Discipline Prosecutor Gayle B. Larkin, a non defendant co-conspirator in the defendants' ongoing Civil Rights conspiracy. (SDC Pet. ¶ 107)

141.    The purpose of the change was to misrepresent the liability of Donna L. Huffman for case manager fees to help Kansas Attorney Discipline Prosecutor Gayle B. Larkin procure a decision preventing Donna L. Huffman for sitting for the Bar exam to further the racketeering objective of injuring Donna L. Huffman's business interests in retaliation for her association with the plaintiff. (SDC Pet. ¶ 108)

142.     The misconduct against Donna L. Huffman to prevent her admission to the bar of Kansas and the bar of Nebraska is a continuing racketeering enterprise of over three years in duration. (SDC Pet. ¶ 109)

143.     The misconduct against Donna L. Huffman resulted in over $30,000.00 of legal bills for her representation by counsel to vindicate her right to sit for the Kansas Bar. (SDC Pet. ¶ 110)

144.     The misconduct against Donna L. Huffman to prevent her from being admitted to the Kansas and Nebraska Bars was also used to interfere with her post divorce proceedings and greatly added to the expense and time of Donna L. Huffman in child custody disputes overseen by BRIAN FROST, injuring her business. (SDC Pet. ¶ 111)

145.     The defendant CRAIG E. COLLINS undertook the legal representation of Donna L. Huffman in opposing the invalid debt being collecting against Huffman by BRIAN FROST which jeopardized her mortgage banking business and which was taking up her time and preventing her from earning an income. The defendant CRAIG E. COLLINS refused to do the work of the legal representation of Donna L. Huffman. (SDC Pet. ¶ 112)

146.     The defendant CRAIG E. COLLINS did not serve discovery on BRIAN FROST that was prepared for him. (SDC Pet. ¶ 113)

147.     The defendant CRAIG E. COLLINS did not serve answers to document production requests that were prepared and delivered to him by Donna L. Huffman, subjecting the action to dismissal as a sanction and placing Donna L. Huffman in risk of being sanctioned as a record to be used against her admission to the Kansas Bar. (SDC Pet. ¶ 114)

148.     The defendant CRAIG E. COLLINS repeatedly missed jurisdictional briefing deadlines in an appeal of the SRS conduct against Donna L. Huffman's minor daughter and preventing Huffman from ending the present and real continuing danger from physical abuse her daughter had been placed in. (SDC Pet. ¶ 115)

149.     The defendant CRAIG E. COLLINS was able to repeatedly compromise the defense of Donna L. Huffman's rights with the knowledge that the racketeering enterprise and Civil Rights conspiracy acting against Donna L. Huffman through Kansas Attorney Discipline Prosecutor Gayle B. Larkin had placed her under threat that she could not represent herself *pro se* without it being used against her as a reason to prevent her from sitting for the Kansas Bar. (SDC Pet. ¶ 116)

150.      While committing the conduct described above, the defendant CRAIG E. COLLINS was in actuality an agent of BRIAN FROST and Secretary of SRS DON JORDAN acting against the interest of his client Donna L. Huffman. (SDC Pet. ¶ 117)

151.      This secret role of the defendant CRAIG E. COLLINS became obvious when CRAIG E. COLLINS stalled withdrawing himself from the representation of Huffman in defense from BRIAN FROST'S action as he had agreed to do and withheld from Huffman communications related to his tardiness to make his withdrawal effective and his delay in allowing her to timely respond to the proposed journal entry in the action. (SDC Pet. ¶ 118)

152.      The above conduct by the defendant CRAIG E. COLLINS are extrinsic frauds to obstruct justice and commit fraud on the Kansas courts on the specific times and dates shown on the appearance dockets for the subject actions. (SDC Pet. ¶ 119)

## (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States

153.      The plaintiff was a third party beneficiary of contracts with Donna L. Huffman for compensation for non law based services. (SDC Pet. ¶ 120)

154.      The plaintiff entered into these contracts knowing Donna L. Huffman could not pay a salary while having her business property interests damaged by unlawful racketeering extortion by BRIAN FROST and CRAIG E. COLLINS in retaliation for her use of the plaintiff as an attorney in *Huffman v. ADP, Fidelity et al*, W.D. of Missouri Case No. 05-CV-01205 and in retaliation for the plaintiff's continuing contact with his former client David M. Price over Price's challenges to the unlawful conduct of the SRS. (SDC Pet. ¶ 121)

155.      The plaintiff had a legitimate claim of entitlement to the property right in contract for 1/3 of a real estate business in Oskaloosa, Kansas. (SDC Pet. ¶ 122)

156.      The plaintiff had a legitimate claim of entitlement to the property right in contract for income as a business manager for Donna Huffman. (SDC Pet. ¶ 123)

157.      The plaintiff obtained some funds for gasoline from Donna L. Huffman to offset the gasoline in the plaintiff's mother's truck, but the oppression from the defendant's racketeering acts directed at Donna

27

L. Huffman for her association with the plaintiff prevented the plaintiff from replacing all the gasoline used and eventually resulted in loss of use of the truck. (SDC Pet. ¶ 124)

## IV. 42 U.S.C. § 1985(3) CIVIL RIGHTS CONSPIRACY
## VIOLATING 18 USC §§ 241 and 242

158.     The plaintiff hereby incorporates the averments contained in the four corners of this petition.

### A. Civil Rights Conspiracy Averments

159.     The defendants DON JORDAN, JOHN BADGER the former SRS General Counsel , YOUNG WILLIAMS PC, BRIAN FROST and CRAIG E. COLLINS joined an ongoing Civil Rights Conspiracy (SDC Pet. ¶ 127).

### (1) a combination between two or more persons

160.     The defendants DON JORDAN, and JOHN BADGER the former SRS General Counsel were state employees joining and participating in the Civil Rights conspiracy by violating laws and duties in concert with the legally separate entity, the corporate defendant YOUNG WILLIAMS PC (SDC Pet. ¶ 128).

161.     The defendant DON JORDAN was a state employee joining and participating in the Civil Rights conspiracy by violating laws and duties in concert with the legally separate attorney BRIAN FROST employed by Alderson Law and the legally separate solo practitioner attorney CRAIG E. COLLINS (SDC Pet. ¶ 129).

162.     The defendant BRIAN FROST is unlawfully conspiring or in the alternative participating in concerted action with the defendant CRAIG E. COLLINS to commit extrinsic fraud on the State of Kansas courts (SDC Pet. ¶ 130).

### (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means,

163.     The defendant BRIAN FROST participated in concerted action with the defendant CRAIG E. COLLINS to commit extrinsic fraud on the State of Kansas courts for the purpose of collecting an unlawful debt from Donna L. Huffman and to injure her business property interests (SDC Pet. ¶ 131).

28

164.    The defendant CRAIG E. COLLINS participated in concerted action to commit extrinsic fraud on the State of Kansas courts for the purpose of defeating Donna L. Huffman's efforts to protect her daughter from abuse and to prevent the unlawful conduct of Secretary of SRS DON JORDAN's agency from being exposed and stopped (SDC Pet. ¶ 132).

165.    The defendants DON JORDAN, JOHN BADGER the former SRS General Counsel, and YOUNG WILLIAMS PC participated in concerted action to deprive the plaintiff of his property rights to SNAP nutritional benefits for the purpose of succeeding with their Abuse of Process scheme to cause the plaintiff to be jailed, discrediting him from being able to return to the practice of law and from representing victims of the SRS in Civil Rights protected advocacy on behalf of protected classes including the American Indian David M. Price (SDC Pet. ¶ 133).

### (3) an act done by one or more of the conspirators
### pursuant to the scheme and in furtherance of the object,

166.    The defendants DON JORDAN, JOHN BADGER the former SRS General Counsel, and YOUNG WILLIAMS PC did the above described violations of 42 U.S.C. § 1983 in furtherance of an objective to prevent advocacy on behalf of Civil Rights for victims of intentional wrong doing by SRS officials and contractors and to prevent advocacy on behalf of Civil Rights for victims of SRS negligent supervision of adoptions to prevent against child trafficking (SDC Pet. ¶ 134).

167.    The defendant CRAIG E. COLLINS joined BRIAN FROST in doing the above described violations of 42 U.S.C. § 1983 in furtherance of an objective to prevent advocacy that would threaten the criminal franchises flourishing in domestic relations case management and to prevent uncompromised Kansas licensed attorneys from offering services in competition to the members of the enterprises benefiting from the criminal franchises permitted by SRS officials' negligent supervision (SDC Pet. ¶ 135).

### (4) which act results in damage to the plaintiff

168.    The plaintiff was injured in his legitimate expectations of property, income and the opportunity to support his children that he had a rightful entitlement to as described in the above paragraphs of this complaint (SDC Pet. ¶ 136).

## B. Conspiracy to violate Civil Rights Averments

169.    The conspirators believe that advocacy on behalf of Civil Rights victims and to prevent Kansas
State Courts from being misused in violation of the law socially undesirable conduct that threatens their
income (SDC Pet. ¶ 137).

### (1) the plaintiff advocated on behalf of members of racial minorities;

170.    The conspirators believe that advocacy on behalf of African American Civil Rights victims was
over done by the former Kansas attorney Fred Phelps and that attorneys making use of similar federal case
law and statutes to vindicate the rights of racial minorities should be punished (SDC Pet. ¶ 138).

171.    The conspirators took their actions against the plaintiff for his representation of the African
American James L. Bolden, Jr. in a racial civil rights discrimination action against the City of Topeka and
for appealing the Shawnee District Court's denial of the natural father of American Indian descent's
protections under the Indian Child Welfare Act in the Baby C case where the Shawnee District Court found
Baby C to be of American Indian descent through his natural father (SDC Pet. ¶ 139)

### (2) an intent to discriminate on the basis of the race of clients
### the plaintiff advocated for by the defendant;

172.    As stated above the conspirators including the defendants DON JORDAN, JOHN BADGER the
former SRS General Counsel , YOUNG WILLIAMS PC, BRIAN FROST and CRAIG E. COLLINS joined
an ongoing Civil Rights Conspiracy and committed affirmative acts in furtherance of the conspiracy
designed to discredit the plaintiff and maintain him as disbarred for representing two members of racial
minorities in their vindication of federal Civil Rights claims (SDC Pet. ¶ 140).

### (3) the discrimination concerned one or more activities enumerated in the statute

173.    The conduct described in the proceeding paragraphs describe retaliatory discrimination,
interference with contract rights and benefits, denial of Equal Protection Under the Law, Abuse of Process
and denial of benefits guaranteed by federal law by the defendants DON JORDAN, JOHN BADGER the
former SRS General Counsel, YOUNG WILLIAMS PC, BRIAN FROST and CRAIG E. COLLINS (SDC
Pet. ¶ 141).

174.     DON JORDAN, JOHN BADGER the former SRS General Counsel , YOUNG WILLIAMS PC,

BRIAN FROST and CRAIG E. COLLINS knowingly joined an ongoing Civil Rights conspiracy motivated

by and with the objective of "racial or otherwise class-based invidious discriminatory animus" including

violence against women, and prevention of the American Indian David M. Price from pursuing a class

action suit against the SRS with the plaintiff, and to prevent the plaintiff from returning to the practice of

law and from earning a living that may give him the opportunity to vindicate his name (SDC Pet. ¶ 142).

175.     DON JORDAN, JOHN BADGER the former SRS General Counsel, YOUNG WILLIAMS PC,

BRIAN FROST and CRAIG E. COLLINS injured the plaintiff in the ways described in the above

paragraphs (SDC Pet. ¶ 143).

### V. VIOLATIONS of 42 U.S.C. § 1986 NEGLECT
### TO PREVENT CONSPIRACY VIOLATING 18 USC §§ 241 and 242
### (DON JORDAN and JOHN BADGER )

176.     The plaintiff hereby incorporates the averments contained in the four corners of this petition (SDC

Pet. ¶ 145).

### 1. Civil Rights Conspiracy Averments

177.     The defendants DON JORDAN, JOHN BADGER, YOUNG WILLIAMS PC, BRIAN FROST,

CRAIG E. COLLINS then ROB SIEDLECKI joined an ongoing Civil Rights Conspiracy to injure the

constitutional rights of the plaintiff for his advocacy on behalf of two members of a protected class, which

included injuring the civil rights and business property of his former client Donna L. Huffman, and later

included retaliations against the plaintiff and his former client David M. Price and the plaintiff's former

witness Mark Hunt for David M. Price's attempt to obtain the plaintiff's representation in a class action

lawsuit against the SRS through an unsuccessful injunctive relief action against the Kansas District Court

and its Chief Judge (SDC Pet. ¶ 146).

178.     The defendants DON JORDAN, JOHN BADGER, and ROB SIEDLECKI were state government

officials in a position to stop the injury of the plaintiff from the ongoing Civil Rights Conspiracy (SDC Pet.

¶ 147).

**2. Failure to prevent violations of US constitutional rights**

179.    The defendants DON JORDAN, JOHN BADGER, ROB SIEDLECKI while they were state government officials did not stop the injury of the plaintiff from the ongoing Civil Rights Conspiracy or report the felonies being committed to state law enforcement officials (SDC Pet. ¶ 148).

180.    The defendants DON JORDAN, JOHN BADGER, and ROB SIEDLECKI while they were state government officials did not stop the injury of the plaintiff from the ongoing Civil Rights Conspiracy even after the plaintiff served them notice of their duty to do so (SDC Pet. ¶ 150).

181.    The defendants DON JORDAN, JOHN BADGER, and ROB SIEDLECKI while they were state government officials did not provide documentary evidence of adoption attorney misconduct and the fraud used to transport Baby C out of state in violation of the ICPC to Kansas Supreme Court Counsel Steve Grieb after the plaintiff served them notice of their duty to do so (SDC Pet. ¶ 151).

**COUNT I**
**VIOLATIONS of 42 U.S.C. § 1983 PROSPECTIVE INJUNCTIVE RELIEF**
**(Defendants PHYLLIS GILMORE SECRETARY OF SRS, BOB CORKINS, STANTON A.**
**HAZLETT, and YOUNG WILLIAMS PC)**

152.    The plaintiff hereby incorporates the averments contained in the four corners of this petition.

153.    PHYLLIS GILMORE SECRETARY OF SRS is the chief policymaking authority[7] regarding the conduct of the agency, the agency's employees, and the agency's agents including YOUNG WILLIAMS PC and social workers for the agency's child services contractors and has knowledge of the misconduct complained of from her past role as a state legislator where Kansas was determined to be a "Baby Supermarket"; her involvement working in the adoption industry in the State of Kansas where natural parents are often deprived of their children through extrinsic fraud; and on information and belief being provided an internal investigative report upon becoming active Secretary of SRS confirming the allegations in this complaint are accurate and the fact that generally the SRS has failed to stop District Attorneys

---

[7] "[W]hether an official had final policymaking authority is a question of state law." *Pembaur v. Cincinnati, supra,* 475 U.S., at 483, 106 S.Ct., at 1300 (plurality opinion). "[W]hen a subordinate's decision is subject to review by... authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable...because their decision is final." *City of St Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

including Nola Foulston of Sedgwick County and other attorneys acting for the state from taking children and depriving parents of their rights to parent children through extrinsic fraud and that the SRS has participated in depriving parents of legal counsel through extortion over license to practice law, through denial of admission to practice law and from infiltration of parents legal representation to accomplish the private contractors' goals of taking Kansas children through the power of the SRS for the profit of False Claims against the US Treasury for foster care and pharmaceutical treatment and/or to sell the children on the adoption market.

154.    PHYLLIS GILMORE SECRETARY OF SRS is the chief policymaking authority regarding the performance of adoption agencies, physicians and attorneys in private interstate adoptions.

155.    BOB CORKINS SRS GENERAL COUNSEL is the chief policymaking authority regarding the conduct[8] of the agency, the agency's attorneys and the agency's agents including YOUNG WILLIAMS PC in litigation (SDC Pet. ¶ 155).

156.    STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR is the chief policymaking authority regarding the conduct of his agency, his agency's attorneys and the agency's agents in litigation and in disclosing records to other states and jurisdictions (SDC Pet. ¶ 156).

157.    YOUNG WILLIAMS PC is a law firm providing professional licensed legal services to the State of Kansas and is the current child support enforcement contractor in the state (SDC Pet. ¶ 157).

158.    YOUNG WILLIAMS PC chief administrating attorney for the State of Kansas has professional ethics supervising attorney responsibility for attorneys employed by YOUNG WILLIAMS PC when they are acting on behalf of the SRS (SDC Pet. ¶ 158).

159.    The State of Kansas has adopted the American Bar Association Model Rules of Professional Conduct ("MRPC") which include a policy that disbarred attorneys can apply for consideration of readmission after five years (SDC Pet. ¶ 159).

---

[8] Sec. 1983 is incurred only where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452, 465 (1986). Consequently, only those officials having "final policymaking authority" may be sued under the statute. *City of St Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107, 118 (1988). In *Pembaur*, the Supreme Court adopted the Sixth Circuit Court of Appeals' view that, under Ohio law, a prosecutor was a county official authorized to establish official county policy under certain circumstances. 475 U.S. at 476, 106 S.Ct. at 1296, 89 L.Ed.2d at 461.

160.   The plaintiff was disbarred December 9, 2005 (SDC Pet. ¶ 160).

161.   The plaintiff is actively seeking admission in other jurisdictions that will rely on evidence in the control and possession of STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR (SDC Pet. ¶ 161).

162.   The plaintiff now has Article III standing resulting from the state's adoption of the MRPC in a prospective injunctive relief action against PHYLLIS GILMORE SECRETARY OF SRS, BOB CORKINS SRS GENERAL COUNSEL, and STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR to prevent continuing violations of 42 U.S.C. § 1981 enforceable through 42 U.S.C. § 1983 (SDC Pet. ¶ 162).

### (1)    There is a reasonable probability of irreparable future injury to the plaintiff.

163.   The prospective injunctive relief is required due to the repeated pattern of the SRS to commit extrinsic fraud in its litigation related to child protective services under the supervision of the former Secretaries of the SRS Janet Schalansky, DON JORDAN and JOHN BADGER former SRS general counsel against natural parents (SDC Pet. ¶ 163).

164.   The pattern and practice of SRS extrinsic fraud has included extorting the counsel of natural parents and withholding evidence that would have exonerated the plaintiff and was required to be produced under the mandatory reporting rule of KRPC and 42 U.S.C. § 1986 (SDC Pet. ¶ 164).

165.   Agents of the SRS caused social worker testimony to be altered for the purposes of committing extrinsic frauds on the Shawnee County District Court to unlawfully take and keep through fraud the daughter of David M. Price out of her family home (SDC Pet. ¶ 165).

166.   This is similar to the televised testimony of misconduct to alter the testimony of SRS social workers in Sedgwick County District Court linked in the plaintiff's initial petition (SDC Pet. ¶ 166).

167.   Additionally agents of the SRS in the litigation *Rosproy v. Roysproy*, 18th Cir. Case No. 05-DM 3224 acted against abuse determinations of the sole expert witness Dr. Lance Parker to continue the abuse and endangerment of the child for the purpose of extorting money and violating the clearly established constitutional rights of his mother, similar to what the plaintiff's initial petition describes the SRS and its agents doing to the plaintiff's former client Donna L. Huffman, when this reported in the plaintiff's First

Amended Petition, the civil rights conspirators took control of Valerie J Rosproy's Sedgwick County

litigation through infiltration of her counsel and caused the trial court outcomes to be against her, then

attempted to deprive her of a timely appeal through deceiving her about her attorney's intention to file it

and then when she filed a pro se notice of appeal, the conspirators had the trial court order the

compromised attorney to control the appeal and prevent transcripts giving evidence of the conspiracy's

wide spread taking of children through fraud and the "comping" of friends of the conspiracy with

unprosecuted sexual and physical abuse of children privileges, using contempt of court to retaliate against

victims and other witnesses (SDC Pet. ¶ 167).

168.    This pattern and practice is long standing and continuing since on or about March 3, 2000, when

the SRS posted a press release, concurrent with an attempt to get permission from the Legislature to expand

its mission (SDC Pet. ¶ 168).

169.    The SRS press release partially acknowledges and affirms what many SRS critics had been

alleging about the Kansas child-protection system -- namely, that a very high percentage of the children

taken by the state, and placed in foster care, were not victims of abuse and should not have been taken from

their parents and placed in foster care (SDC Pet. ¶ 169).

170.    The SRS's key statements of admission (SDC Pet. ¶ 170) were:

> "Because other options have not been available, thousands of Kansas children have been taken from
> their homes and communities and inappropriately placed in state custody and foster care over the
> years...
> "'This initiative is designed to assist the young people of Kansas for whom we have not yet made the
> right decisions,' Secretary Schalansky said. 'We have failed these kids because we tried to address
> their problems outside of their family and community. We have served them by removing them
> from their homes and families when the very thing they needed was to be served with their family
> and within their community.'...
> "SRS recently completed an analysis of foster care caseloads in Kansas. It showed that during state
> fiscal year 1999, one in every five children in foster care -- up to 1,800 children -- were placed there
> for reasons other than abuse or neglect. Most of these children were in foster care for reasons
> attributed to learning disorders, behavior disorders, or medical needs."

171.    The defendant YOUNG WILLIAMS PC is participating in extrinsic fraud on behalf of the SRS to

take a child from natural parents when attorneys from YOUNG WILLIAMS PC participate with

government attorneys in cases to collect child support where state government attorneys caused social

workers to alter testimony to take children and where substantial and competent evidence of abuse of

children was ignored by SRS officials in order to take children from natural parents and YOUNG

WILLIAMS PC attorneys failed to report the ethical misconduct under the mandatory reporting requirements of the KRPC (SDC Pet. ¶ 171).

172. The defendant STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR has a pattern and practice of selectively prosecuting the attorneys of natural parents seeking to defend their rights while not prosecuting adoption attorneys and government attorneys involved in terminating parental rights, and Gayle B. Larkin, Randall D. Grisell, Sally Harris and Michael Schmitt for the facially false findings in the disciplinary tribunal's report to the Kansas Supreme Court on the plaintiff, even in the face of evidence of much more serious violations than the plaintiff was accused of (SDC Pet. ¶ 172).

173. The defendant STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR has a pattern and practice of selectively prosecuting the attorneys in ethics enforcement roles who commit fraud injuring the reputation of the Kansas Judicial Branch (SDC Pet. ¶ 173).

174. The defendant STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR has a continuing association and beneficial relationship with the defendants BRIAN FROST and CRAIG E. COLLINS and the non-defendant Jim Vanderbilt in their injury of the constitutional and business property rights of the plaintiff's former client Donna L. Huffman through misrepresentations to court (SDC Pet. ¶ 174).

175. The defendant STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR made misrepresentations to the plaintiff's Missouri employment agency Accountemps through Kansas Attorney Discipline Official Rex Sharp (SDC Pet. ¶ 175).

176. The defendant STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR's continuing association with the defendants BRIAN FROST and CRAIG E. COLLINS injured the plaintiff's ability to earn a living and support his family in non law based work in 2010 (SDC Pet. ¶ 176).

177. During the current litigation former Secretary Don Jordan violated his duty under 42 USC § 1986 to turn over evidence of SRS wrongdoing to cause the plaintiff's disbarment while former Secretary Don Jordan and his non defendant co-conspirator General Counsel John Badger had knowledge of the plaintiff's

motion for relief from the order of disbarment and despite my letter to Secretary Don Jordan which was cc'd to General Counsel John Badger demanding they do so (SDC Pet. ¶ 177).

178.    Kansas Attorney Discipline Official Rex A. Sharp and the private attorney Isaac L. Diel were jointly working on an unrelated tire compound antitrust action when Rex A. Sharp on behalf of the Kansas Office of Attorney Discipline caused misrepresentations to be made during the first week of April 2007 to Michelle Hersh, Justin West and the Missouri office of Accountemps where the plaintiff was registered for work (SDC Pet. ¶ 178).

179.    The misrepresentations were that Diel had a temporary job reviewing scientific articles related to the chemical compounds and that the plaintiff was qualified even though he was not a licensed attorney (SDC Pet. ¶ 179).

180.    The plaintiff doubted their client's requirements and wrote a letter on April 11, 2007 to Justin West at Accountemps informing them that they had likely misunderstood their client's requirements (SDC Pet. ¶ 180).

####    (2)    The plaintiff will suffer irreparable injury unless the injunction issues.

181.    On information and belief the scheme was for Isaac L. Diel to trick the plaintiff into saying he was an attorney in the Overland Park office of Diel and thereby criminally prosecute the plaintiff and thereby further the obstruction of the plaintiff's former client Samuel K. Lipari's healthcare antitrust litigation (SDC Pet. ¶ 181).

182.    The plaintiff's divorce identifies the plaintiff's interest in this Missouri healthcare antitrust litigation in an exception state where disbarred attorneys maintain a property interest in contingent fees as marital property (SDC Pet. ¶ 182).

183.    The ethics complaint and false testimony under oath was suborned by defendant STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR when he put the Assistant City of Topeka Attorney Sherri Price on the stand to misrepresent that the plaintiff had been sanctioned in federal court for his representation of James L. Bolden was after she had been awarded two infants by the SRS along with the benefits of foster care through the region contractor for Topeka, believed to be the same contractor falsifying social worker testimony to take David M. Price's daughter (SDC Pet. ¶ 183).

37

184.   On information and belief the Missouri Threat Fusion Center was furnished information as intelligence by State of Kansas officials that because of the misconduct of the defendants, mischaracterizes the protected advocacy of the plaintiff as "making false cases against government officials" and that this information is preventing the plaintiff from finishing the last two years required to have a 20 year retirement pension income from the Army National Guard and from being considered for other government employment he is otherwise qualified to obtain (SDC Pet. ¶ 184).

185.   On information and belief the defendant STANTON A. HAZLETT OFFICE OF ATTORNEY DISCIPLINE ADMINISTRATOR told the US Treasury contractor Sidney J. Perceful and the Missouri farmer Dustin Sherwood on a personal visit by them to Topeka in July 2008 that the plaintiff would never be permitted to practice law again and the evidence of his misconduct has been lost (SDC Pet. ¶ 185).

### (3)   The injury to the plaintiff outweighs whatever damage the injunction may cause defendants.

186.   The Missouri farmer Dustin Sherwood was seeking the plaintiff's representation in a 9 Million Dollar bankruptcy proceeding that Sherwood and US Treasury contractor Sidney J. Perceful investigating Bankruptcy Court fraud had documented substantial frauds injuring the US Treasury and his business and personal property rights (SDC Pet. ¶ 186).

187.   The Missouri farmer Dustin Sherwood was subsequently forced to settle for the representation of the defendant CRAIG E. COLLINS at the recommendation of the plaintiff when over 40 Missouri attorneys refused to represent Sherwood because of the law firms representing the creditors (SDC Pet. ¶ 187).

188.   Substantial irregularities in the legal representation of Sherwood occurred after the defendant CRAIG E. COLLINS was paid $20,000.00 and undertook the representation (SDC Pet. ¶ 188).

189.   The plaintiff's former client David M. Price and his wife were told several times in 2010 by the court appointed attorney handling the appeal of the SRS's unlawful taking of his daughter where frauds to the court for the purpose of materially violating the trial court judges orders that she could not finish his appeal because the State of Kansas was too corrupt and she moved to another state (SDC Pet. ¶ 189).

### (4)   That the injunction would not be adverse to the public interest.

190.   The plaintiff seeks prospective injunctive relief to restrain continuing violations of 42 U.S.C. § 1981

enforceable through 42 U.S.C. § 1983,that include retaliating against him for his contracted representation of James L. Bolden Jr. and David M. Price and Price's infant son an American Indian child through the plaintiff's appellate advocacy on behalf of the natural father (SDC Pet. ¶ 190).

191. The plaintiff seeks prospective injunctive relief to restrain selective investigation and prosecutions of himself for his contracted representation of James L. Bolden Jr. and David M. Price,

through the Fourteenth Amendment protections against selective prosecution enforceable through 42 U.S.C. § 1983 (SDC Pet. ¶ 191).

192. The plaintiff seeks prospective injunctive relief to require the defendants to furnish all evidence in their possession and control, free of false characterizations to law enforcement agencies and court jurisdiction admission authorities upon request (SDC Pet. ¶ 192) including to the Tenth Circuit US Court of Appeals, the US District Court for the District of Kansas, the US District Court for the Western District of Oklahoma, and the US District Court for the Western District of Missouri.

193. The plaintiff seeks prospective injunctive relief to require the defendant YOUNG WILLIAMS PC to observe normal KRPC duties to investigate defenses and frauds brought to their attorneys attention in the course of child related proceedings in Kansas courts (SDC Pet. ¶ 193).

## COUNT V
### ADDITIONAL CIVIL RIGHTS FIRST AMENDMENT RETALIATION CLAIM
#### (Tenth Circuit/ *Walbert v. Wichita Police Dep't* (D. Kan., 2011) )

194. The plaintiff hereby re-alleges and incorporates by reference the facts and averments in this petition and alleges the following:

195. The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC violated the plaintiff's right to be free from First Amendment Retaliation (Tenth Circuit/ *Walbert v. Wichita Police Dep't* (D. Kan., 2011) ) in chargeable conduct that constitutes a retaliation claim (SDC Pet. ¶ 195):

196. *Walbert* Element 1). The plaintiffs court advocacy on behalf of the minorities David M. Price, Baby C and James L. Bolden and the securities class action court advocacy on behalf of Donna L. Huffman was constitutionally protected (SDC Pet. ¶ 196).

197. *Walbert* Element 2. ) The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and

DAVID WEBER took actions to cause a chill that would prevent anyone from challenging the conspirators' profitable corruption (SDC Pet. ¶ 197).

198.     The defendants' chilling conduct included targeting the plaintiff's intimate associates, Mark Miller, Mark Hunt, Donna L. Huffman and David M. Price, causing their injury, subjecting them to intentional infliction of emotional distress and depriving them of Due Process for the express purpose of injuring the plaintiff and discouraging him from similar future protected advocacy (SDC Pet. ¶ 198).

199.     *Walbert* Element 3.) The defendants' conduct was substantially motivated by the plaintiff's published willingness to advocate on behalf of victims of the SRS and the Conspirators' corruption (SDC Pet. ¶ 199).

### COUNT VI
### CIVIL RIGHTS CONSPIRACY CLAIMS
### UNDER 42 U.S.C. sec. 1983, 42 U.S.C. sec. 1985(2), 42 U.S.C. sec. 1985(3)

200.     The plaintiff hereby re-alleges and incorporates by reference the facts and averments in this petition and alleges the following:

201.     The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A. HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John Gutierrez, C. William Ossmann, and Steve Phillips to retaliate against the plaintiff for his association with protected racial minorities and advocacy against racial discrimination on their behalf, additionally the conspirators sought to retaliate against the plaintiff for his testimony with the witness of American Indian descent, David M. Price on behalf of an African American in a criminal case in the US District Court for the District of Kansas and in retaliation for David M. Price attempt to get the US District Court to reinstate the plaintiff to make a class action case against SRS officials in federal court (SDC Pet. ¶ 201).

202.     The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID WEBER acted in concert and with identified non-conspiracy defendant coconspirators including The Assistant US Attorney prosecuting *USA v. Carrie Neighbors and Guy Neighbors*, KS Dist. Ct. Case No. 07-20124 (Terra D. Morehead KS Bar #: 12759 ) Kansas City Missouri School Principals school principals

40

Linda Collins of North East and Tom Herrera of East, Janice Lynn King, Jim A. Vanderbilt Kansas Attorney Discipline Official Rex A. Sharp, the private attorney Isaac L. Diel, former Assistant City of Topeka Attorney Sherri Price to further the goals of the civil rights conspiracy alleged (SDC Pet. ¶ 202).

203.    The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A. HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John Gutierrez, C. William Ossmann, and Steve Phillips' a conspiracy has the 'predominant purpose' to deter and/or punish the plaintiff's exercise of federal rights (SDC Pet. ¶ 203).

204.    The defendants DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A. HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John Gutierrez, C. William Ossmann, and Steve Phillips and later former Secretary of SRS ROB SIEDLEKI reached a meeting of the minds and each at the time where they committed acts in furtherance of the civil rights conspiracy had a knowledge of the conspiracy's objectives and or the rule or statute they were violating to cause their act or omission even if lawful to further the unlawful violation of the plaintiff's US Constitutional and federal statutory rights (SDC Pet. ¶ 204).

### 1. FORMER SECRETARY OF SRS ROB SIEDLEKI

205.    Former Secretary of SRS ROB SIEDLEKI had knowledge that the conspirators were preventing the possibility the plaintiff could be reinstated in Kansas District Court to bring a class action lawsuit against the SRS on behalf of David M. Price, the Western District of Oklahoma District Court or the US District Court and State of New Jersey Court to represent civil rights victims including Fareeda Pathan a Muslim Woman of Afgan/Indian/Pakistani racial descent for the widespread deprivation of natural parents from the right to parent their children for the purpose of corruptly profiting from False Claims against the US Treasury (SDC Pet. ¶ 205).

206.     Former Secretary of SRS ROB SIEDLEKI is a license attorney and member of the State of Florida and US District Court of Florida bars (SDC Pet. ¶ 206).

207.     Former Secretary of SRS ROB SIEDLEKI refused an offer to settle the claims of the plaintiff against the SRS officials without monetary damages, fees or costs but instead affirmatively chose to continue the co-conspirators' and private contractors corrupt profit from False Claims against the US Treasury in adoptions, foster care and pharmaceutical funds for children taken through extrinsic frauds on Kansas courts where the SRS participated by failing to perform its regular and statutory functions (SDC Pet. ¶ 207).

208.     Former Secretary of SRS ROB SIEDLEKI continued the third party profits from the corruption with the knowledge that Kansas children were being subjected to abuse, sexual assault and battery (SDC Pet. ¶ 208).

209.     Former Secretary of SRS ROB SIEDLEKI consciously furthered the objectives and goals of the civil rights conspiracy by what he was advised as the lawful withholding of exculpatory evidence that would likely cause the reinstatement of the plaintiff in the State of Kansas and clear the obstacle to admission in other jurisdictions (SDC Pet. ¶ 209).

210.     Former Secretary of SRS ROB SIEDLEKI consciously furthered the objectives and goals of the civil rights conspiracy by what he was advised as the lawful failure to comply with the order of the Kansas Court of Appeals to compensate the plaintiff's former client Donna L. Huffman for her work to protect E.H. from further abuse in an attempt to further the conspirators' retaliation against the plaintiff for his speech and his advocacy and association with the minorities David M. Price, Baby C and James L. Bolden by perpetuating chilling injuries to associates of the plaintiff as a punishment to the plaintiff (SDC Pet. ¶ 210).

211.     Former Secretary of SRS ROB SIEDLEKI consciously furthered the objectives and goals of the civil rights conspiracy by affirmatively and with foreknowledge adopting the defendant co-conspirators' fraud on this court in Former Secretary of SRS ROB SIEDLEKI's Motion to Dismiss through misrepresenting the law to Hon. Judge Larry Hendricks that the plaintiff had no standing for 1981 and 1985(3) claims where his complaint expressly alleged he was being retaliated for advocacy on behalf of the

racial minorities David M. Price, Baby C and James L. Bolden and vindicating their rights in protected speech under the US Civil Rights anti discrimination laws (SDC Pet. ¶ 211).

212.     Former Secretary of SRS ROB SIEDLEKI consciously furthered the objectives and goals of the civil rights conspiracy by affirmatively perpetuating the conspiracy's fraud on this court to keep the plaintiff from being able to find work and further the conspirators open and naked tactic of obstructing justice by starving out the plaintiff while at the same time using the threat of failure to pay child support when former Secretary of SRS ROB SIEDLEKI knew the conspiracy was maintaining the plaintiff in a false light to prevent his employment and even the ability to enforce rights to profits from his work in Kansas courts (SDC Pet. ¶ 212).

## 2. YOUNG WILLIAMS PC

213.     YOUNG WILLIAMS PC through their attorney Amy S. Raymond Kansas Sup. Ct. #20839 had knowledge of the civil rights conspiracy and the Kansas SRS and the role of DON JORDAN FORMER SECRETARY OF SRS and JOHN BADGER FORMER CHIEF COUNSEL in it. YOUNG WILLIAMS PC through their attorney Amy S. Raymond Kansas Sup. Ct. #20839 were representing DON JORDAN FORMER SECRETARY OF SRS in prosecuting David Martin Price for child support while his appeal for Fourteenth Amendment violations in the taking of his daughter and the constructive denial of his parental rights was still before the Kansas appellate courts (SDC Pet. ¶ 213).

214.     YOUNG WILLIAMS PC through their attorney Amy S. Raymond Kansas Sup. Ct. #20839 had first hand knowledge of the loss of his appointed attorney and direct notice from David Martin Price's Formal Notice served on her (SDC Pet. ¶ 214).

### A. Post Petition Actionable Conduct in Furtherance of the
### Civil Rights Conspiracy Taking Place After The Original Petition filed on 10/12/10

215.     While YOUNG WILLIAMS PC through their attorney Amy S. Raymond Kansas Sup. Ct. #20839 was in the Shawnee County District Court obtaining an untimely dismissal before the close of pleadings utilizing misrepresentations of law to this court in violations of KRPC 3.3(a)(1), Amy S. Raymond Kansas Sup. Ct. #20839 made the materially misleading argument that the court in Pittsburg had determined it had jurisdiction and therefore YOUNG WILLIAMS PC had not unlawfully abused process in prosecuting the

nonpayment of child support in the name of representing DON JORDAN FORMER SECRETARY OF

SRS (SDC Pet. ¶ 215).

216.    The substance of this fraud on the court is that YOUNG WILLIAMS PC was in the Crawford

District Court obtaining extensions of time in which to answer the plaintiff's timely challenge to in

personam jurisdiction of the Pittsburg, Kansas divorce court, that YOUNG WILLIAMS PC did not answer

and did not have a realistic intention of answering, allowing Amy S. Raymond Kansas Sup. Ct. #20839 to

obtain dismissal before the jurisdiction issue was resolved (SDC Pet. ¶ 216).

217.    The most damaging misrepresentations of fact by YOUNG WILLIAMS PC through their attorney

Amy S. Raymond Kansas Sup. Ct. #20839, however concerned YOUNG WILLIAMS PC's one possible

defense at law (SDC Pet. ¶ 217).

218.    The defense is that of the agent who can argue it did not have the knowledge of the master, an

argument Amy S. Raymond Kansas Sup. Ct. #20839 made on behalf of YOUNG WILLIAMS PC. (SDC

Pet. ¶ 218)

219.    The plaintiff was unaware that YOUNG WILLIAMS PC was a defendant in that action and was

represented by their attorney Amy S. Raymond Kansas Sup. Ct. #20839 (SDC Pet. ¶ 219):

> "39.    The plaintiff's process server in an earlier injunctive relief action against Attorney
> Discipline Office Prosecutor STANTON A. HAZLETT, Janice Lynn King has been injured by
> duplicative proceedings in this Shawnee County District court instigated by Assistant Kansas
> Attorney General Steve Phillips in the preceding year and has also filed a detailed complaint against
> Kansas attorneys that have deprived her of parenting time with her children over five years, federal
> tax returns, and of support awarded in this court in retaliation for her association with the
> plaintiff."[Emphasis added]

Plaintiff's First Amended Complaint at pg. 7, ¶ 39.

220.    Janice Lynn King's federal court complaint details how the plaintiff Bret D. Landrith's US

Constitutional rights to Due Process were irreparably damaged by retaliation against Janice Lynn King over

King's federally protected advocacy conduct of serving process for the plaintiff in his Kansas District Court

action *Landrith v. Stanton A. Hazlett, et al* Kansas Dist. Case No. 04-2215-DVB seeking prospective

injunctive relief against what evidence showed was a bad faith disbarment prosecution of the plaintiff by

STANTON A. HAZLETT the brother of a past president the American Adoption Attorney Association on

a complaint made in part by Hon. Judge G. Joseph Pierron, Jr. (SDC Pet. ¶ 220).

221.     Hon. Judge G. Joseph Pierron, Jr..was serving as a director on the board of one of the state's largest adoption contractor corporations, the Kansas Children's Service League (while the contractor in 2002 was being criticized for its performance of federal funding requirements related to adoption [see Foster Kids in Limbo LJ World and ultimately during the plaintiff's disciplinary panel hearing in January of 2005, KCSL had lost a $33.6 million adoption contract with the state: "Foster care agency loses contract" Lawrence journal World, January 28, 2005) , strongly admonished the plaintiff for raising researched legal concerns about the legitimacy of the Baby C adoption (SDC Pet. ¶ 221).

222.     Hon. Judge G. Joseph Pierron, Jr. was serving as a director on the board of one of the state's largest adoption contractor corporations, the Kansas Children's Service League presided over the hostile adoption (adoption contract forced on single Wichita pharmacist while in hospital during delivery and under anesthesia) appeal by Lynn Cicle was chronicled in the Wichita ABC affiliate KAKE's documentary When the Cradle Falls and did not disclose his fiduciary interest in Kansas Children's Service League or its adoption contracting (SDC Pet. ¶ 222).

223.     The appellate opinion in the Baby C case inaccurately stated that the plaintiff sought only SRS records the father was not entitled to despite numerous appellate motions for many kinds of court records the plaintiff and his client David Martin Price had been denied access to (SDC Pet. ¶ 223).

224.     Janice Lynn King's complaint details how her rights were repeatedly violated and she was not able to obtain Shawnee County District Court ordered child support in retaliation for her service of process on behalf of the plaintiff in federal court, then she was prosecuted for nonpayment of child support. See Janice Lynn King Civil Rights Complaint (SDC Pet. ¶ 224).

225.     YOUNG WILLIAMS PC through their attorney Amy S. Raymond's (Kansas Sup. Ct. #20839 ) misrepresentations of fact to this court are also violations of KRPC 3.3(a)(1) under *In re Benson*, 275 Kan. 913, 69 P.3d 544 (Kan., 2003) (SDC Pet. ¶ 225).

226.     After having knowledge of the civil rights conspiracy against the plaintiff and having come to a "meeting of the minds" in adopting and furthering the goals of that conspiracy through the actionable conduct of Fraud on the Court, the defendant YOUNG WILLIAMS PC participated in further acts of retaliation against the plaintiff for his protected speech of advocacy on behalf of the African American racial discrimination victim James L. Bolden and David M. Price's American Indian son YOUNG

45

WILLIAMS PC through their attorney Amy S. Raymond's (Kansas Sup. Ct. #20839 ) committed lawful and unlawful acts in furtherance of the conspiracy's goal to retaliate against the plaintiff by injuring the plaintiff's former client David M. Price, an intimate friend for David M. Price's association with the plaintiff (SDC Pet. ¶ 226).

227.     The defendant YOUNG WILLIAMS PC through their attorney Amy S. Raymond's (Kansas Sup. Ct. #20839 ) pursued the plaintiff's former client David M. Price for child support on his daughter Heavenly Price even though the defendant YOUNG WILLIAMS PC through their attorney Amy S. Raymond's (Kansas Sup. Ct. #20839 ) had knowledge Heavenly was taken from the Price home through fraud and held by an SRS contractor to maximize its receipt of federal funds while violating court orders requiring Heavenly's school attendance and grades to be reported and through repeated acts of extrinsic fraud to conceal from the court the unlawfulness of Heavenly's continued taking (SDC Pet. ¶ 227).

228.     The defendant YOUNG WILLIAMS PC through their attorney Amy S. Raymond's (Kansas Sup. Ct. #20839 ) attempted to deprive the plaintiff's former client David M. Price of legal representation even though he faced jailing for contempt of court and when that failed the defendant YOUNG WILLIAMS PC through their attorney Amy S. Raymond's (Kansas Sup. Ct. #20839 ) on information and belief conspired to limit the representation of David M. Price's court appointed legal counsel so that the attorney could not bring timely civil rights claims against the civil rights including conspirators former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, and CRAIG E. COLLINS (SDC Pet. ¶ 228).

### 3. BRIAN FROST

229.   The defendant conspirators SECRETARY OF SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, JOHN BADGER FORMER CHIEF COUNSEL, YOUNG WILLIAMS PC participated in the misrepresentation of law in violation of KRPC 3.3(a) to this court by defendant BRIAN FROST through his counsel J. Steven Pigg Kansas Sup. Ct. #09213 and Samuel A. Green Kansas Sup. Ct. #24221 of Fisher Patterson, Sayler, & Smith, LLP in their untimely motion for judgment on the pleadings before the pleadings were closed (SDC Pet. ¶ 229).

**A. Post Petition Actionable Conduct in Furtherance of the
Civil Rights Conspiracy Taking Place After The Original Petition filed on 10/12/10**

230.    The defendant conspirators SECRETARY OF SRS ROB SIEDLEKI, DON JORDAN FORMER

SECRETARY OF SRS, JOHN BADGER FORMER CHIEF COUNSEL, YOUNG WILLIAMS PC

participated in this conduct when their agent attorney David W. Davies, Kansas Sup. Ct. # 113011

misrepresented to the court that the plaintiff has no protection under 42 U.S.C. § 981 from retaliation for

having represented the African American James L. Bolden in an action for damages from racial

discrimination against the City of Topeka and for representing James L. Bolden's witness to Housing and

Urban Development fund theft and misappropriation by City of Topeka Officials, David M. Price in an

appeal in *Baby C* over the termination of parental rights for having raised the Indian Child Welfare Act as

an appellate issue due to David M. Price being of American Indian descent and the Shawnee County

District Court having determined that Baby C was American Indian (SDC Pet. ¶ 230).

231.    David W. Davies, Kansas Sup. Ct. # 113011 misrepresented the law to this court by stating in

support of his contention 42 U.S.C. § 1981 does not protect the plaintiff that (SDC Pet. ¶ 231):

> Further, as noted previously by Defendant Frost in the memorandum filed on his behalf, "[a]
> plaintiff must be a member of a protected class to assert a §1983 claim." *Hampton* v.*Dillard Dept.
> Stores, Inc.,* 247 F.3d 1091, 1101-02 (10 Cir. 2001). As the Plaintiff is not a member of a protected
> class he may be attempting to seek protection as a prior attorney for a member of a protected ) 1981
> member. However, as noted in the same previously referenced memorandum, §1981 does not afford
> such protection to Caucasian attorneys. See *Phelps* v. *Wichita Eagle Beacon,* 886 f.2d, 1266-67 (10
> Cir. 1989). Therefore, the Plaintiff cannot rely upon a deprivation of his rights pursuant to §1981
> for a § 1983 claim."

BOB CORKINS SRS CHIEF COUNSEL Motion to Dismiss pg. 7.

232.    The defendant BRIAN FROST's attorneys J. Steven Pigg Kansas Sup. Ct. #09213 and Samuel A.

Green Kansas Sup. Ct. #24221 of Fisher Patterson, Sayler, & Smith, LLP are responsible for knowing that

*Hampton* v. *Dillard Dept. Stores, Inc.,* 247 F.3d 1091, 1101-02 (10 Cir. 2001) does not overturn the

controlling Tenth Circuit and US Supreme Court case law finding that Caucasians advocating on behalf of

African Americans and other minorities are protected under 42 U.S.C. § 1981 (SDC Pet. ¶ 232).

233.    The conspirators SECRETARY OF SRS ROB SIEDLEKI, DON JORDAN FORMER

SECRETARY OF SRS, JOHN BADGER FORMER CHIEF COUNSEL, YOUNG WILLIAMS PC and

BRIAN FROST know the Tenth Circuit resolved this very issue in *Patrick v. Miller*, 953 F.2d 1240

47

(C.A.10 (Okla.), 1992) when the plaintiff served them case law precedent giving them notice of the falsity of their misrepresentation of law (SDC Pet. ¶ 233).

234.    The conspirators SECRETARY OF SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, JOHN BADGER FORMER CHIEF COUNSEL, YOUNG WILLIAMS PC and BRIAN FROST are responsible under 42 U.S.C. § 1983 that it is clearly established that government officials are responsible observing the rights of Caucasians advocating on behalf of African Americans and other minorities are protected under 42 U.S.C. § 1981 and that this protection was clearly established in the year 1988 (SDC Pet. ¶ 234):

"The law may be found to be clearly established by reference to decisions from other circuits. *Walters v. Western State Hosp.*, 864 F.2d 695, 699 (10th Cir.1988). Moreover, "precise factual correlation between the then-existing law and the case at-hand is not required." *Snell v. Tunnell*, 920 F.2d 673, 699 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991). We consider the law to be "clearly established" when it is well developed enough to inform the reasonable official that his conduct violates that law. See *Anderson*, 483 U.S. at 640, 107 S.Ct. at 3039.

The principal beneficiaries of § 1981 have traditionally been racial minorities. However, federal courts have consistently broadened standing under § 1981. Beginning most decidedly with *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 296, 96 S.Ct. 2574, 2586, 49 L.Ed.2d 493 (1976), § 1981 has supported claims of racial discrimination against white as well as black individuals. More directly on point, prior to Defendants' challenged conduct in the present case, the Second, Third, Fourth, Fifth, Sixth and Eleventh Circuit Courts of Appeals either expressly held that alleged discrimination against a white person because of his association with black persons states a cause of action under § 1981 or allowed such claims without specifically addressing the issue. *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 312 (2d Cir.) (§ 1981 suit allowed where white employee alleged his company forced him to retire because he sold his house to a fellow black employee), modified on other grounds, 520 F.2d 409 (2d Cir.1975); *Liotta v. National Forge Co.*, 629 F.2d 903, 906-07 (3d Cir.1980) (summary judgment inappropriate where material issues of fact remain regarding § 1981 claim brought by plaintiff allegedly discharged because he espoused the rights of company's black employees), cert. denied, 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981); *Fiedler v. Marumsco Christian Schl.*, 631 F.2d 1144, 1149 (4th Cir.1980) (private sectarian school prohibited under § 1981 from terminating a contractual relationship with a white student because of her association with a black schoolmate); *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1229 (5th Cir.1982) (retaliatory discharge claim allowed under § 1981 where evidence showed plaintiff was discharged for lawful advocacy of minority and union rights), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); *Alizadeh v. Safeway* Stores, Inc., 802 F.2d 111, 114 (5th Cir.1986) (white plaintiff maintained a § 1981 claim alleging discrimination because of marriage to a non-white); Winston, 558 F.2d at 1270 (plaintiff had standing under § 1981 to sue alleging retaliatory discharge for protesting the alleged discriminatory firing of a black co-worker); *Parr v. Woodmen of the World Life Ins. Co.*, 791 F.2d 888, 890 (11th Cir.1986) (white plaintiff maintained a § 1981 claim alleging discrimination because of marriage to a non-white). The remaining circuit courts had not considered the issue; therefore, no split of authority obscured the law in this area.

The above referenced cases were sufficient to inform a reasonable government official in 1988 that retaliatory actions against a white employee because of his efforts to defend the rights of racial minorities may violate the employee's rights as enumerated in § 1981. Thus, we hold, as a matter of

48

law, that Patrick's right to sue under § 1981 was "clearly established" at the time Miller and Bloomberg terminated his employment."

*Patrick v. Miller*, 953 F.2d 1240 at 1249-1250 (C.A.10 (Okla.), 1992).

### B. Post Petition Actionable Conduct in Furtherance of the Civil Rights Conspiracy Taking Place After The First Amended Petition filed on 04/18/2011

235.   In causing the adoption of the journal entry that the plaintiff did not have standing under 42 U.S.C. § 1981 as a white attorney for advocacy and injury to contracts for the representation of the African American James Bolden and the American Indian David M. Price by defense attorneys J. Steven Pigg Kansas Sup. Ct. #09213 and Samuel A. Green Kansas Sup. Ct. #24221 of defendant BRIAN FROST through the court's reliance on the misrepresentation against clear controlling US Supreme Court authorities raised by the plaintiff in his answers and at oral argument, Hon. Judge Larry Hendricks ( a reasonable government official under *Patrick v. Miller*, 953 F.2d 1240 at 1250) has in reasonable reliance violated the plaintiff's rights to redress and necessitates appeal to the ultimate tribunal upholding the Supremacy Clause and the force of federal civil rights statutes, the United States Supreme Court if necessary (SDC Pet. ¶ 235).

236.   J. Steven Pigg Kansas Sup. Ct. #09213 and Samuel A. Green Kansas Sup. Ct. #24221 of Fisher Patterson, Sayler, & Smith, LLP made their untimely motion for judgment on the pleadings, submitted written memorandum and orally argued supporting their misrepresentation that the plaintiff did not have standing in violation of KRPC 3.3(a)(1) under *In re Benson*, 275 Kan. 913, 69 P.3d 544 (Kan., 2003) (SDC Pet. ¶ 236):

> "KRPC 3.3(a)
> "A lawyer shall not knowingly:
> . . . .
> (1) make a false statement of material fact or law to a tribunal." (2002 Kan. Ct. R. annot. 411.)

> The panel found respondent repeatedly provided false information to the Johnson County District Court, including that he had reached settlement agreements with the Erker, Norton & Hare law firm and Hartsock. The panel concluded respondent violated KRPC 3.3(a)(1)."

*In re Benson*, 275 Kan. 913, 69 P.3d 544 (Kan., 2003).

237.   The defendant BRIAN FROST's attorneys J. Steven Pigg Kansas Sup. Ct. #09213 and Samuel A. Green Kansas Sup. Ct. #24221 of Fisher Patterson, Sayler, & Smith, LLP met the knowing and intentional misconduct requirement of KRPC 3.3(a) independently of the plaintiff's repeated refutation (and citation to

controlling authorities not differentiated by Samuel A. Green Kansas Sup. Ct. #24221) responsible for knowing that *Hampton* v.*Dillard Dept. Stores, Inc.,* 247 F.3d 1091, 1101-02 (10 Cir. 2001) does not overturn the controlling Tenth Circuit and US Supreme Court case law finding that Caucasians advocating on behalf of African Americans and other minorities are protected under 42 U.S.C. § 1981 because J. Steven Pigg Kansas Sup. Ct. #09213 and Samuel A. Green Kansas Sup. Ct. #24221 cited *Phelps* v. *Wichita Eagle Beacon,* 886 f.2d, 1266-67 (10 Cir. 1989) which now BOB CORKINS SRS CHIEF COUNSEL participates in this conduct when his agent and attorney David W. Davies, Kansas Sup. Ct. # 113011 also cite in a deliberate continuation of the misrepresentation (SDC Pet. ¶ 237):

238.    The *Phelps* v. *Wichita Eagle* court specifically stated (SDC Pet. ¶ 238):

> "We agree with plaintiff that the district court erred in its analysis. **As this court and other circuits have held, alleged discrimination against a white person because of his association with blacks may state a cause of action under Section 1981**. See, e.g., *Skinner v. Total Petroleum, Inc.,* 859 F.2d 1439, 1447 (10th Cir.1988) (white employee who alleged that he was terminated for assisting black employee could maintain Section 1981 action); *Alizadeh v. Safeway Stores, Inc.,* 802 F.2d 111, 114 (5th Cir.1986) (white plaintiff discriminated against because of marriage to a non-white could maintain a claim under Section 1981); *Parr v. Woodmen of the World Life Ins. Co.,* 791 F.2d 888, 890 (11th Cir.1986) (same); *Fiedler v. Marumsco Christian School,* 631 F.2d 1144 (4th Cir.1980) (Section 1981 held to prohibit a private sectarian school from terminating a contractual relationship with a white student because of her association with a black student at the school); *DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306, 312 (2d Cir.) (suit allowed under Section 1981 where white employee claimed his company forced him to retire because he sold his house to a fellow black employee), modified on other grounds, 520 F.2d 409 (2d Cir.1975). **Thus, we conclude that plaintiff does have standing to sue under Section 1981.**"[Emphasis added]

*Phelps* v. *Wichita Eagle Beacon,* 886 f.2d, 1267 (10 Cir. 1989).

239.    Former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, JOHN BADGER FORMER CHIEF COUNSEL, YOUNG WILLIAMS PC know that besides conforming to the seminal and controlling US Supreme Court cases finding protection for a white person advocating on behalf of a minority person which have not been reversed, *Phelps* v. *Wichita Eagle* us still cited often in 2011 and as recently as 2004 on the protection of a white attorney representing African Americans (SDC Pet. ¶ 239):

> "*Phelps v. Wichita Eagle-Beacon,* 886 F.2d 1262, 1266-67 (10th Cir.1989) (concluding white attorney had standing under section 1981 to sue newspaper publishing allegedly false articles because attorney represented minority clients)"

*Bilello v. Kum & Go, LLC.,* 374 F.3d 656 (8th Cir., 2004).

240.    J. Steven Pigg Kansas Sup. Ct. #09213 and Samuel A. Green Kansas Sup. Ct. #24221 were merely attempting to place the costs of the private contracting attorney case manager BRIAN FROST's

misconduct and racketeering predicate acts of collecting an invalid debt and mail fraud in violation of 18 U.S.C. Sec. 1961, *et seq.* or the Racketeer Influenced and Corrupt Organizations Act and manufacturing false billing records in civil rights conspiracy with Kansas Disciplinary Prosecutor Gayle B. Larkin, solely on the State of Kansas, its agency the SRS and state employees, socializing the losses and thereby privatizing the profits of BRIAN FROST as a Kansas Judicial Branch Case Management Contractor in a lengthy and unnecessary usurpation of the SRS caseworker's role of protecting Kansas children from substantiated sexual and physical abuse (SDC Pet. ¶ 240).

241. The defendant conspirators former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, JOHN BADGER FORMER CHIEF COUNSEL, YOUNG WILLIAMS PC through their agent attorney David W. Davies, Kansas Sup. Ct. # 113011 act against the interest of the State of Kansas, the Kansas SRS and the defendant ROB SIEDLECKI SECRETARY OF SRS by adopting the extrinsic fraud of J. Steven Pigg, Kansas Sup. Ct. #09213 and Samuel A. Green Kansas Sup. Ct. #24221 on behalf of the defendant BRIAN FROST to retain the profits of BRIAN FROST's racketeering at the expense of the Kansas taxpayer and the reputation of Kansas courts in the eyes of citizens (SDC Pet. ¶ 241).

242. This court respectfully lacked the discretion to adopt former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, JOHN BADGER FORMER CHIEF COUNSEL, YOUNG WILLIAMS PC and BRIAN FROST's argument that 42 U.S.C. § 1981 does not protect the plaintiff from retaliation for representation of the African American James Bolden or of Bolden's key witness David M. Price over the interest of Price's American Indian son Baby C (SDC Pet. ¶ 242).

243. Instead of participating in scheme to transfer the monetary and professional liability for the defendant BRIAN FROST's racketeering in preventing the plaintiff's associate Donna Huffman from succeeding in obtaining protection against the SRS substantiated abuse of her daughter which included the racketeering predicate acts of mail fraud, collection of invalid debts and obstruction of justice in a state proceeding through the manufacture of false billing records, via the adoption of BRIAN FROST's misrepresentations to this court, the defendant former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, JOHN BADGER FORMER CHIEF COUNSEL, YOUNG WILLIAMS PC and David W. Davies, Kansas Sup. Ct. # 113011 as Kansas licensed attorneys violated their affirmative

51

duty to the court and the State of Kansas to report the misconduct of J. Steven Pigg, Kansas Sup. Ct.

#09213 and Samuel A. Green Kansas Sup. Ct. #24221(SDC Pet. ¶ 243):

> "[W]hen Oliver discovered what he perceived to be a rule violation by Wallace Saunders, his duty
> as an attorney was to "inform the appropriate professional authority," i.e., the Office of the
> Disciplinary Administrator. KRPC 8.3(a) (2008 Kan. Ct. R. Annot. 585)."

*Shamberg, Johnson & Bergman v. Oliver*, 220 P.3d 333, 289 Kan. 891 (Kan., 2009) and to remediate the

consequences of their fraud in this action by withdrawing their pleadings under KRPC 3.3(3).

**COUNT VII**
**CAUSE OF ACTION FOR FRAUD ON THE COURT IN VIOLATION OF 42 § 1983**
**DUE PROCESS AGAINST BRIAN FROST AND YOUNG WILLIAMS PC**
*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944)

243. The plaintiff herby incorporates by references the averments and allegations contained throughout
this petition

244. Fraud on the Court was committed by the defendants BRIAN FROST and YOUNG WILLIAMS
PC injuring the plaintiff to further the civil rights conspiracy's goal to retaliate against the plaintiff for his
protected speech (SDC Pet. ¶ 244).

245. The defendants BRIAN FROST and YOUNG WILLIAMS PC through their counsel made specific
misrepresentations of law regarding the controlling authority for a white person's standing under 42 §
1981, the amendment to 42 § 1981 providing liability for retaliation, and the requirement that
each element of 42 § 1983 conspiracy, 42 § 1985 (2) and (3) conspiracy be alleged individually against
every member of the identified civil rights conspiracy (SDC Pet. ¶ 245).

246. The defendants BRIAN FROST and YOUNG WILLIAMS PC made misrepresentations of law
through his counsel caused the court to dismiss the plaintiff's claims against BRIAN FROST depriving the
plaintiff of redress and aiding the defendant BRIAN FROST's co- conspirators in delaying redress and the
right to work in non law related jobs through adoption of the defendant BRIAN FROST's
misrepresentations of law (SDC Pet. ¶ 246) to violate the plaintiff's Fourteenth Amendment Due Process
rights under 42 § 1983.

247. The defendants BRIAN FROST through his counsel prepared a journal entry of "Judgment" adopted
by the court and asserted that the objections of the plaintiff could not be addressed because during the
hearing the trial court ruled that a white attorney has no standing under 42 § 1981 (SDC Pet. ¶ 247).

248.    The defendants BRIAN FROST and YOUNG WILLIAMS PC derived the benefits of being

dismissed from all claims on conduct personally committed against the plaintiff by injuring the plaintiff's

intimate associates David M. Price, Valerie J. Rosproy and Donna L. Huffman in retaliation against the

plaintiff on behalf of the civil rights conspiracy in furtherance of the conspirators' over arching conspiracy

objectives and from liability for the actions of the defendant BRIAN FROST and YOUNG WILLIAMS

PC's co-conspirators injuring the plaintiff (SDC Pet. ¶ 248).

249.    The defendants BRIAN FROST and YOUNG WILLIAMS PC relied on the reputation of their

counsel and their attorney's relationships and influence to have the trial court judge reasonably rely on their

representations of the controlling law without realizing the fraud (SDC Pet. ¶ 249).


**COUNT VIII**
**RESTORATION OF AGAINST DAVID WEBER UNDER**
**42 U.S.C. § 1983 FOR DEPRIVATION OF SNAP PROGRAM FOOD STAMP BENEFITS**

250.    The plaintiff herby incorporates by references the averments and allegations contained throughout

this petition


251.    DAVID WEBER after receiving instructions from C. William Ossman to reinstate the plaintiff's

food stamps, and knowing the plaintiff was eligible for the food stamps and the conspirators' scheme to

escape a ruling against the conspirators in the plaintiff's preliminary injunctive relief refused to adopt the

interview report made by an SRS official going over the plaintiff's renewed emergency application and the

plaintiff was forced to return and contact from C. William Ossman to get the food stamps reinstated (SDC

Pet. ¶ 251).

252.    The above conduct took place after the filing of the plaintiff's original petition on 10/12/10 (SDC

Pet. ¶ 252).


53

## COUNT IX
**42 U.S.C. § 1983 Civil Rights Conspiracy (Tenth Circuit/ *Walbert v. Wichita Police Dep't* (D. Kan., 2011) ) and 42 U.S.C. § 1985(2) Civil Rights Conspiracy (Tenth Circuit/ *Walbert v. Wichita Police Dep't* (D. Kan., 2011) *Chavis v. Clayton County School Dist.*, 300 F.3d 1288 (Fed. 11th Cir., 2002) )**

253.     The plaintiff hereby re-alleges and incorporates by reference the facts and averments in this petition and alleges the following:

254.     The conspirators violated the plaintiff's right to be free from 42 U.S.C. § 1983 Civil Rights Conspiracy (Tenth Circuit/ *Walbert v. Wichita Police Dep't* (D. Kan., 2011) ) and 42 U.S.C. § 1985(2) Civil Rights Conspiracy (Tenth Circuit/ *Walbert v. Wichita Police Dep't* (D. Kan., 2011) *Chavis v. Clayton County School Dist.*, 300 F.3d 1288 (Fed. 11th Cir., 2002) ) by chargeable conduct that is 1)a conspiracy ; 2)to deprive the plaintiff of equal protection or equal privileges and immunities; 3) an act in furtherance of the conspiracy; and 4)an injury or deprivation resulting therefrom. (SDC Pet. ¶ 254)

255.     1.) The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A. HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John Gutierrez, C. William Ossmann, and Steve Phillips conspired to retaliate against the plaintiff for his testimony in federal court in the criminal case *USA v. Carrie Neighbors and Guy Neighbors*, KS Dist. Ct. Case No. 07-20124 on behalf of Guy Neighbors, an African American targeted by state of Kansas officials who used the US Attorney to prosecute Neighbors criminally when the State District Attorney for Douglas County had declined to knowing the investigation and prosecution violated many of Guy Neighbors constitutional and civil rights and that the misconduct was too racially biased and discriminatory in motivation by City of Lawrence officials (SDC Pet. ¶ 255).

256.     The conspirators saw it as an opportunity to further prevent the plaintiff from being reinstated to practice law and thereby prevent interference with the corrupt profits of the conspiracy and to prevent their conspiracy from being exposed in federal court from David M. Price's proposed class action lawsuit against SRS officials for civil rights violations (SDC Pet. ¶ 256).

257.     2.) The conspirators shared resentment of the plaintiff for his speech and his advocacy and association with the minorities David M. Price, Baby C and James L. Bolden which infringed on their control of outcomes in family law courts (SDC Pet. ¶ 257).

258.    The conspirators shared resentment of Guy Neighbors web site and coverage in the news that

diminished key individuals in the conspirators' networks to control outcomes and that as an African

American Neighbors was able to get the Lawrence Police leadership in trouble, reinforcing their racial

animus against blacks vindicating their federal rights in court (SDC Pet. ¶ 258).

259.    The conspirators know that the plaintiff's complaints have consistently stated a valid claim for 42

U.S.C. § 1985(2) Civil Rights Conspiracy and have utilized fraud on this court to further the goals of their

conspiracy (SDC Pet. ¶ 259):

> "Although Defendants' racial animosity was not aimed at Chavis's own race directly, it was aimed at
> him because of his testimony, an act that enforced DW's — a person who Defendants wished to
> hinder on account of her race — right to equal protection of the law. We do conclude that such race-
> based retaliatory efforts tied to criminal proceedings in the state courts do implicate the criminal
> defendant's (in this case, DW's) right to equal protection of the law. See generally *Powers v. Ohio*,
> 499 U.S. 400, 415, 111 S.Ct. 1364, 1373, 113 L.Ed.2d 411 (1991) (intentional racial discrimination
> tied to the administration of criminal justice violates equal protection rights); Griffin v. Illinois, 351
> U.S. 12, 17, 76 S.Ct. 585, 589-90, 100 L.Ed. 891 (1956) ("equal protection ... emphasize[s] the
> central aim of our entire judicial system —- all people charged with crime must, so far as the law is
> concerned, stand on an equality before the bar of justice in every American court")(quotation and
> citation omitted) (emphasis added). Furthermore, given the words of the second clause, we believe
> that race-based retaliatory conduct aimed against a person who testified truthfully in criminal court
> in a way that was helpful to a person of a particular race — the "wrong" race in Defendants' eyes —
> is within the borders of the kind of behavior that Congress sought to prevent and punish in enacting
> the second clause of section 1985(2). See Cong. Globe 42d Cong., 1st Sess., App. 190 ("The
> apprehension of violence prevents good men from arresting the evils they see").

*Chavis v. Clayton County School Dist.*, 300 F.3d 1288 at 1293-1294 (Fed. 11th Cir., 2002) )

260.    3.) The conspirators caused the plaintiff to have to go to Kansas City in a scheme to get the

plaintiff discredited through perjury for the plaintiff's testimony in the criminal case (SDC Pet. ¶ 260).

261.    When the plaintiff testified truthfully, the conspirators through the named individual's specific

actions identified above in the complaint caused the plaintiff to have to go to Pittsburg under hardship and

disgrace to answer a show cause for non payment of child support the defendants were preventing the

plaintiff from earning (SDC Pet. ¶ 261).

262.    4.) The Abuse of Process the plaintiff was subjected to created hardship and loss of time and

furthered the plaintiff's alienation from his children and further cast the plaintiff in a bad light and with the

conspirators' continuing extrinsic frauds have caused the plaintiff to needlessly have to appear in other

courts brining new actions for redress and relief from the violation of his federal rights and delayed the

redress that would result in his name being taken off criminal data bases and allow him to be employable

and to enforce his rights in court (SDC Pet. ¶ 262).

**COUNT X**
**42 U.S.C. § 1985(3) Civil Rights Conspiracy (Tenth Circuit *Phelps v. Wichita Eagle-Beacon*, 886 F.2d
1262 (C.A.10 (Kan.), 1989), *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) )**

263.    The plaintiff hereby re-alleges and incorporates by reference the facts and averments in this
petition and alleges the following:

264.    The conspirators violated the plaintiff's right to be free from 42 U.S.C. § 1985(3) conspiracy with
chargeable misconduct that constitutes:"(1) a conspiracy; (2) motivated by a racial or class based
discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the
equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or
property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112
F.3d 682, 685 (3d Cir. 1997) (SDC Pet. ¶ 264).

265.    1.) The defendants SECRETARY OF SRS ROB SIEDLEKI, DON JORDAN FORMER
SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID
WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A.
HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John
Gutierrez, C. William Ossmann, and Steve Phillips conspired to retaliate against the plaintiff for his speech
and his advocacy and association with the minorities David M. Price, Baby C and James L. Bolden (SDC
Pet. ¶ 265).

266.    2.) The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER
SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID
WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A.
HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John
Gutierrez, C. William Ossmann, and Steve Phillips out of a motivating belief that the former attorney Fred
Phelps had upset the Kansas establishment in representing African Americans in racial discrimination
claims under federal civil rights laws and that the undesired change of control of state institutions or entities
and outcomes in courts to one where African Americans were not an underclass and instead empowered to
obtain as monetary damages some real percentage of the racial discrimination injuries they suffered was an
attorney ethics problem (SDC Pet. ¶ 266).

267.    The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER

SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID

WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A.

HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John

Gutierrez, C. William Ossmann, and Steve Phillips know that the corrupt profits from False Claims against

the US Treasury through extrinsic fraud on Kansas courts cannot be sustained without suppressing

advocates willing to represent victims in civil rights actions in federal court and more importantly, now that

pharmaceutical kick backs and foster care bounties are a big driving force in unlawfully taking Kansas

children through fraud on courts, their conspiracy and its contractors and agents by taking children from

socially disadvantaged populations who because of racial discrimination face cultural barriers to asserting

rights in court against the State (SDC Pet. ¶ 267).

268.    The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER

SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID

WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A.

HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John

Gutierrez, C. William Ossmann, and Steve Phillips continue to target the plaintiff for his willingness to

advocate on behalf of racial minorities and overcome barriers the conspirators must maintain to African

American and American Indian Sixth Amendment Rights to effective representation by counsel (SDC Pet.

¶ 268).

269.    Currently, defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER

SECRETARY OF SRS, BRIAN FROST, CRAIG E. COLLINS, YOUNG WILLIAMS PC, and DAVID

WEBER who acted in concert and with identified non-conspiracy defendant coconspirators STANTON A.

HAZLETT DISCIPLINARY ADMINISTRATOR, Gayle B. Larkin, Matthew W. Boddington, John

Gutierrez, C. William Ossmann, and Steve Phillips are faced with having conspired to deprive African

Americans of representation and meaningful access to federal court have a racial animus at African

Americans because the conspiracy has inadvertently (through their pattern of interference to deny rights)

taken the children of African American Federal Government Employees and decorated US Military

personnel who still have protected rights the conspirators have deprived other citizens of Kansas and now

57

the conspirators face federal criminal prosecution for the acts the plaintiff's complaints detail (SDC Pet. ¶ 269).

270.    3.) The defendants former Secretary of SRS ROB SIEDLEKI, DON JORDAN FORMER SECRETARY OF SRS, BRIAN FROST, YOUNG WILLIAMS PC, DAVID WEBER acted in concert and with identified non-conspiracy defendant coconspirators STANTON A. HAZLETT DISCIPLINARY ADMINISTRATOR to commit fraud on this court, affirmatively representing that the plaintiff lacks standing and has not stated any claim in order to prevent the plaintiff from enjoying Due Process rights to discovery and the opportunity to vindicate himself, clear his name and enjoy again the Equal Protection of this nation's laws (SDC Pet. ¶ 270).

271.    4.) The plaintiff is injured in being denied the right to pursue a common calling, the right to earn a living and to be free from having false information placed on criminal data bases to prevent him from obtaining employment (SDC Pet. ¶ 271).

## COUNT XI
### ABUSE OF PROCESS UNDER 42 U.S.C. § 1983 and 42 U.S.C. § 1983 CONSPIRACY BY KANSAS ATTORNEY GENERAL DEREK SCHMIDT

272.    The plaintiff hereby incorporates by references the averments and allegations contained throughout this petition.

### (1)    the conduct complained of was committed by KANSAS ATTORNEY GENERAL DEREK SCHMIDT and Assistant Attorney General Steve Phillips acting under color of state law

273.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT is the supervising attorney responsible for the assignment of counsel from his office to defend State of Kansas officials.

274.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT did not perform his duty under the Kansas constitution to defend the SRS officials in *Landrith v Jordan et al*, Case No. 10C1436.

275.    With knowledge from the First Amended Petition in *Landrith v Jordan et al*, Case No. 10C1436 in ¶ 40 that Kansas Assistant Attorney General Steve Phillips made a material misrepresentation to the Tenth Circuit US Court of Appeals to obtain an order upholding the dismissal of the plaintiff's injunctive relief action against Attorney Discipline Office Prosecutor STANTON A. HAZLETT *Landrith v. Hazlett* Case No. 04-2215-DVB, KANSAS ATTORNEY GENERAL DEREK SCHMIDT office appeared through Assistant Attorney General Steve Phillips to defend STANTON A. HAZLETT in Case No. 10C1436.

276.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT continued to have Kansas Assistant

Attorney General Steve Phillips appear for his office in *Landrith v. Hon. John C. Gariglietti and Carol G.*

*Green* Case No. 11-cv-02465-KHV-GLR after Hon. John C. Gariglietti and Carol G. Green attempted to

respond to the plaintiff's complaint by a motion for 28 U.S.C. § 1915 review not permitted a party under

the Federal Rules of Civil Procedure and in which he attempted to fraudulently misrepresent the controlling

US Supreme Court law as the agent of Hon. John C. Gariglietti and Carol G. Green and which he

personally knew to have was contrary to the US Supreme Court's precedent he had previously used in

*Landrith v. Hazlett* Case No. 04-2215-DVB.

277.    No immunity exists for the defendants from the Fourteenth Amendment under *Pulliam v. Allen*,

466 U.S. 522 (1984) and the US Congress's amendment of 42 U.S.C. § 1983 did not change how a federal

court should analyze a claim brought under the Fourteenth Amendment expressly denying jurisdiction for

redress under 42 U.S.C. § 1983. The Tenth Circuit has repeatedly held state judicial officials are liable for

prospective injunctive relief in the wake of *Pulliam v. Allen*, 466 U.S. 522 (1984).

278.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT participated in Assistant Attorney

General Stephen Phillips's intentional and knowing misrepresentation to this court that there is no federal

jurisdiction against state judicial officials under the Fourteenth Amendment, having actually filed the

decision refuting that contention against the plaintiff's earlier injunction action to stop obstruction of justice

and extrinsic fraud by state officials to disrupt the Bolden case:

> "7. Attorney General Stephen Phillips has direct knowledge that neither Honorable John C. Gariglietti,
> or Supreme Court Clerk Carol G. Green are immune under the Fourteenth Amendment where 42 U.S.C.
> § 1983 is expressly not claimed, under the controlling precedent for this jurisdiction:
> "The Supreme Court, in *Pulliam v. Allen*, 466 U.S. 522 (1984), concluded that "judicial immunity is not
> a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."
> *Id*. at 541-42. But in 1996, Congress amended 42 U.S.C. § 1983…"
> See Attch. 4 at pgs 2-3 of Attorney General Stephen Phillips' exhibit 1 to a motion to dismiss authored
> and filed by Phillips."

     Plaintiff's Motion to Strike Defendants' 28 U.S.C. § 1915 Motion Case No. 11-cv-02465-KHV-

GLR (Doc. # 15 at pg. 2 , 15 exb 4 ).

279.    The KANSAS ATTORNEY GENERAL DEREK SCHMIDT had knowledge that the facts in

*Landrith v Jordan et al*, Case No. 10C1436 that show that the protective parent Valerie J. Rosproy,

similarly situated to the plaintiff's former client Donna L. Huffman had her counsel controlled by the

conspirators for the purpose of protecting the continuing physical and sexual abuse of her two boys and

59

preventing transcript evidence showing her children were taken without a hearing from being part of the record in the appeal.

280.    The KANSAS ATTORNEY GENERAL DEREK SCHMIDT had knowledge that the protection of the conduct of attorneys acting against their client on behalf of the conspirators by STANTON A. HAZLETT was essential to the conspirators' continuing ability to divert federal funds from state agencies including the SRS.

281.    The KANSAS ATTORNEY GENERAL DEREK SCHMIDT had knowledge that Valerie J. Rosproy was unlawfully jailed in civil contempt without Due Process because she was publicly objecting to the unlawfulness of the proceedings in her case where she had been ordered not to report sexual abuse that had been documented by a physician and visited her two boys when the court only allowed the abuser to visit them.

### (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States

282.    The KANSAS ATTORNEY GENERAL DEREK SCHMIDT joined the defendants' civil rights conspiracy and did not withdraw the baseless motions filed by Kansas Assistant Attorney General Steve Phillips to delay in bad faith the redress sought by the plaintiff to protect his US constitutional rights including the right to Due Process and the right to parent his children.

283.    The KANSAS ATTORNEY GENERAL DEREK SCHMIDT had knowledge that the plaintiff had brought the action because the youngest child of the marriage, in her 17th year sought to move to the petitioner's custody and attend school in Olathe or Topeka instead of Pittsburg, Kansas where she was having problems.

284.    The plaintiff was forced to file in federal court a complaint under the Fourteenth Amendment and 28 U.S.C. § 1331 for prospective injunctive relief and no money damages on 08/17/2011.

285.    The Case No. 11-cv-02465-KHV-GLR defendants Hon. John C. Gariglietti and Carol G. Green on 10/21/2011 entered a non contested appearance through their counsel KANSAS ATTORNEY GENERAL DEREK SCHMIDT participated in Assistant Attorney General Stephen Phillips via a Motion for § 1915 review stating reasons the plaintiff's complaint should be dismissed.

286.    The Case No. 11-cv-02465-KHV-GLR defendants Hon. John C. Gariglietti and Carol G. Green defendants through their counsel KANSAS ATTORNEY GENERAL DEREK SCHMIDT participated in Assistant Attorney General Stephen Phillips' failure to answer the complaint or file a recognized Rule 12b

Motion under the Federal Rules of Civil Procedure in answer to the complaint and have otherwise admitted all allegations of the defendant for want of a responsive pleading.

287.    The plaintiff in Case No. 11-cv-02465-KHV-GLR on 10/21/2011 filed a Motion to Strike the defendants' request for a second § 1915 review and the defendants' answered opposing the Motion to Strike.

288.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT and Assistant Attorney General Stephen Phillips then filed a Motion to Stay all proceedings in Case No. 11-cv-02465-KHV-GLR on 11/17/2011 with no citation to authority supporting a stay under the Federal Rules of Civil Procedure.

289.    The motion to stay like the motion for 28 U.S.C. § 1915 were both an abuse of process in violation of Abuse Of Process Under 42 U.S.C. § 1983 and 42 U.S.C. § 1983 Conspiracy.

290.    The Attorney General of Kansas's office participated in taking the second child from the plaintiff's former client David M. Price, again through fraud on the State of Kansas court and all redress was prevented David M. Price by the similar practice of preventing ruling on motions before the court to aid in continuing the state's unlawful custody.

291.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT is aware that the conspirators rely on persons who are not judges and without even the credentials of a court recognized mediator and without training in protecting children from sexual and physical abuse including Jeanne Erikson in Valerie J. Rosproy's case and the defendant BRIAN FROST in Donna L. Huffman's case where children and parents' constitutional rights were repeatedly violated to further the conspiracy's felonies and joined in protecting the conspirators after a meeting of the minds.

292.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT is aware that the 42 U.S.C. § 1983 Conspiracy's members including BRIAN FROST and YOUNG WILLIAMS PC enjoy protection in the form of a conflict of interest where State of Kansas Courts are in contract with them while they violate the federally guaranteed constitutional rights of citizens of Kansas.

293.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT has knowledge of an internal investigation of the State of Kansas SRS began in 2010 and of the conduct of District Attorneys' offices in procuring children through fraud and extortion and trafficking them for the conspirators' 18 U.S.C. Sec. 1961(4) racketeering enterprises.

294.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT has knowledge that parents who obtain court appointed representation constitutionally mandated where termination of parental rights or jailing for

contempt are possible outcomes are frequently subject to having that representation extorted and compromised by the conspirators to procure the outcome the parent is seeking to oppose.

295.    The plaintiff's former client David M. Price's current attorney is restrained from representation that vindicates Price's federally guaranteed rights and he is repeatedly subject to contempt of court proceedings by the defendant YOUNG WILLIAMS PC that knows his daughter was taken through fraud and that YOUNG WILLIAMS PC's actions are a participation in the kidnapping and a violation of the YOUNG WILLIAMS PC attorneys to report the felony and the unethical conduct of Kansas licensed attorneys. See Exhibit 1 email between Price and counsel.

296.    The plaintiff's former client David M. Price is in possession of two letters that indicate the Shawnee District Court contracts with attorneys for collection actions. See exhibit 2 collection letters identifying the attorney as in contract with the Shawnee District Court.

297.    The plaintiff's former client David M. Price was subject to the Shawnee District Court contracting for a collection action against him for his appointed counsel's fees while his counsel was representing him as an indigent subject to jailing for contempt. See Exhibit 1 email between Price and counsel.

298.    The plaintiff's former client David M. Price is an intimate associate of the plaintiff.

299.    KANSAS ATTORNEY GENERAL DEREK SCHMIDT has knowledge that parents are threatened by their own counsel under the protection of STANTON A. HAZLETT with the loss of parenting their children when they seek to assert their federal constitutional rights in family law courts or attempt to address the frauds of the conspirators in taking their children.

300.    The case *In the Interest of C.B.* SDC Case No: 10 JC 134 has had the second appointed counsel Edward Collazo threaten via e-mail on March 9th 2012 at 12:54 p.m., the respondent Charles B. Buchhiet to continue the case and unlawfully keep his child for a period of one year if Charles B. Buchhiet's seeks to have Edward Collazo removed for failing to address improper ex parte proceedings maintaining Buchhiet's son in danger of neglect.

301.    The Shawnee District Court allowed Charles B. Buchhiet's former counsel John Paul Washburn to withdraw rather than present evidence of violations of Charles B. Buchhiet's US constitutional rights that continue the endangerment of Buchhiet's son.

302.    Every action by KANSAS ATTORNEY GENERAL DEREK SCHMIDT or an attorney appearing for him that violates a rule or lawful practice or procedure that has the effect of continuing the deprivation of constitutional rights of the plaintiff that is related to the defendants' retaliation against the plaintiff is an

affirmative act in furtherance of the defendants' civil rights conspiracy.

### V. PRAYER FOR RELIEF FROM 42 U.S.C. § 1983 VIOLATIONS

303.    Plaintiff demands judgment of prospective injunctive relief to restrain continuing violations of 42

U.S.C. § 1981 and the Fourteenth Amendment protections against selective prosecution enforceable

through 42 U.S.C. § 1983, and to require the defendants to furnish all evidence in their possession and

control, free of false characterizations to law enforcement agencies and court jurisdiction admission

authorities upon request; plus the costs of this action, including attorney's fees should the plaintiff obtain an

attorney, and such other non monetary relief deemed to be just and equitable and no monetary damages.

304.    Declaratory relief that character and fitness as an attorney practicing in a US District Court

requires being subjected to disbarment by a bad faith state disciplinary tribunal rather than participating in

violating 18 USC § 241, 18 USC § 242, and 18 U.S.C. § 245(b)(2) to deprive a client who is a member of a

protected class their 42 U.S.C. § 1981 rights.

305.    Declaratory relief that the plaintiff cannot be deprived of Due Process rights of other citizens in

State of Kansas courts because of his representation of James L. Bolden and David M. Price in the

vindication of their federally protected rights.

### VI. RELIEF

The plaintiff respectfully seeks damages in excess the amount of $75,000.00, the prospective

injunctive relief from the conspirator's continuing civil rights violations, prospective injunctive relief as the

exclusive remedy against the three official capacity defendants, the costs of this action, including attorney's

fees should the plaintiff obtain an attorney, and such other relief deemed to be just and equitable

S/ Bret D. Landrith
Bret D. Landrith
Plaintiff
appearing *Pro se*
Apartment 209,
5308 SW Tenth St.
Topeka, KS 66604
Cell 913-951-1715
bret@bretlandrith.com

Designate kansas city as place of trial