**IN THE UNITED STATED DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRET D. LANDRITH,**

**Plaintiff,**

**v.**

**KANSAS ATTORNEY GENERAL, et al.,**

**Defendants.**

**Civil Action**

**Case No. 12-2161-CM-GLR**

**MEMORANDUM AND ORDER**

The Court has under consideration Defendant Stanton A. Hazlett and Derek Schmidt's Motion to Stay Discovery (ECF No. 33). Defendants seek to stay all proceedings under Fed. R. Civ. P. 26 pending a ruling on their pending motion to dismiss (ECF No. 31). Plaintiff opposes the motion to stay. For the reasons that follow, the Court grants the motion.

Rule 26(c) of the Federal Rules of Civil Procedure governs requests to stay discovery.[1] Whether to stay or otherwise limit discovery lies within the sound discretion of the Court.[2] In general, the pendency of a dispositive motion is not a sufficient reason to stay discovery.[3] The Court, however, may stay discovery until a ruling on a dispositive motion "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad

---

[1] *Steil v. Humana Health Care Plans, Inc.*, No. 99-2541-KHV, 2000 WL 730428, at *1 (D. Kan. May 1, 2000).

[2] *Kerr v. Dillard Store Servs., Inc.*, No. 07-2604-KHV-GLR, 2008 WL 687014, at *1 (D. Kan. Mar. 10, 2008); *Evello Invs. N.V. v. Printed Media Servs., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995).

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

complaint would be wasteful and burdensome."[4] A stay is also appropriate when the requesting party has asserted immunity as a defense.[5] The moving party must clearly show that there is a compelling reason to stay discovery.[6]

The *pro se* Plaintiff in this action has filed an 86-page amended complaint against numerous defendants.[7] So far, four defendants – including the two movants here – have moved to dismiss the amended complaint.[8] With respect to the other defendants who have appeared in this action, the Court has extended the time to answer or otherwise plead to the amended complaint.[9] As characterized in his response to the motion for stay,[10] Plaintiff's claims against Defendant Schmidt are brought under 42 U.S.C. § 1983 for his role as defense attorney in a case against Judge John Gariglietti and Kansas Supreme Court Clerk Carol G. Green.[11] Plaintiff alleges that Defendant Schmidt joined an ongoing civil conspiracy described in his first amended complaint.[12] As

---

[4]*Wolf*, 157 F.R.D. at 495.

[5]*See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (until the "threshold immunity question is resolved," discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

[6]*Evello*, 1995 WL 135613, at *3.

[7]*See* Am. Compl. (ECF No. 18).

[8]*See* ECF Nos. 24, 27, and 33.

[9]*See* ECF Nos. 55, 56, and 57.

[10]For purposes of this Memorandum and Order, the Court accepts Plaintiff's characterization of his claims as accurate rather than searching through the 86-page amended complaint for his claims against the two movants.

[11]*See* ECF No. 38 at 1.

[12]*See id.*

characterized in his response to the motion for stay, Plaintiff's claims against Defendant Hazlett are for injunctive relief under § 1983 for participating in "ongoing violations of federal law."[13] Defendants seek to stay all proceedings under Rule 26, because Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted, lack of jurisdiction, immunity – both qualified and absolute.[14] Plaintiff opposes the requested stay on grounds that his claims have merit and that the movants are not entitled to immunity.[15]

Given the nature of Plaintiff's claims and the asserted defenses, Defendants have carried their burden to clearly show a compelling reason to stay discovery. Not only have they asserted immunity as a defense, but even without such assertion, they have shown a compelling reason for the requested stay. Until the Court resolves the dispositive legal issues raised in the pending motions to dismiss, discovery and other Rule 26 activities would be wasteful and burdensome. Granting the requested stay as to all defendants is consistent with the dictates of Fed. R. Civ. P. 1 that the courts construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." When faced with a broad complaint and multiple challenges to the legal sufficiency of such complaint, the Court may properly stay discovery and other proceedings contemplated by Fed. R. Civ. P. 26 pending resolution of the legal challenges to the complaint.

Accordingly, the Court grants Defendant Stanton A. Hazlett and Derek Schmidt's Motion to Stay Discovery (ECF No. 33) and stays all proceedings under Fed. R. Civ. P. 26 for all defendants

---

[13] *See id.* at 2.

[14] ECF No. 34 at 2.

[15] ECF No. 38 at 1-6.

until the Court has issued a ruling on the pending motion to dismiss (ECF No. 31). On its own motion, the Court likewise stays all proceedings under Rule 26 for all defendants pending a ruling on the other pending motions to dismiss (ECF Nos. 24 and 27).[16] Given the three pending motions to dismiss, it is within the Court's inherent authority and consistent with Fed. R. Civ. P. 1 to stay the Rule 26 proceedings until the Court has resolved all three pending dispositive motions.

**IT IS SO ORDERED.**

Dated this 18th day of June, 2012.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

[16]The federal courts possess the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, (1962).