## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRET D. LANDRITH,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 12-2161-CM** |
| ) | |
| **KANSAS ATTORNEY GENERAL,** ) | |
| **DEREK SCHMIDT,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter is before the court on motions to dismiss (Docs. 24, 27, 31, 64, and 67) filed by defendants Young Williams PC ("YWPC"), Brian Frost, Stanton A. Hazlett, Kansas Attorney General Derek Schmidt, J. Edward Barth, William J. Conger, Emmanuel E. Edem, Judy Hamilton Morse, John Hermes, William Ross, and Robert D. Dennis.  Defendant John Badger's motion to remand, or in the alternative, to dismiss (Doc. 71) and plaintiff Bret D. Landrith's motions for leave to amend complaint (Doc. 75) and for entry of default against defendants Don Jordan and David Weber (Doc. 85) are also before the court.

I.      **Background**

Plaintiff, a former licensed attorney who was disbarred in 2005, brings this action pro se. Plaintiff's amended complaint is not only lengthy, but difficult to comprehend.  The court spent considerable time, effort, and resources reading through plaintiff's 87-page, 411-paragraph amended complaint in an effort to ascertain the myriad of claims lodged against numerous government officials in Kansas and Oklahoma, as well as private citizens.  Plaintiff alleges violations of several federal

statutes for civil rights conspiracy, neglect to prevent conspiracy, retaliation, due process, deprivation of food stamp benefits, and abuse of process.  Plaintiff seeks money damages, costs, attorney's fees, and prospective injunctive relief.  Essentially, it appears that plaintiff alleges that his disbarment was in retaliation for his representation of minorities and that defendants have conspired to violate plaintiff's civil rights in continued retaliation for his representation of minorities prior to his disbarment.  Plaintiff also attempts to vindicate the rights of third parties and claims that he has been harmed by the alleged violations of these third parties' civil rights.

Plaintiff is no newcomer to this court or to the Kansas state courts.  On December 9, 2005, the Kansas Supreme Court disbarred plaintiff.  *See In re Landrith*, 124 P.3d 467 (Kan. 2005).  In his disbarment case, the Kansas Supreme Court noted that plaintiff "wasted valuable resources because of [his] absolute incompetence and interference with the administration of justice . . . . [T]he legal profession has been damaged by [his] false accusations against members of the judiciary; attorneys; court personnel; and other state, county, and municipal employees."  *Id*. at 485.  Plaintiff's history is particularly relevant in addressing plaintiff's claims in the instant case, as the Kansas Supreme Court has pointed out his "pattern of misconduct, multiple violations; [and] lack of acknowledgement of wrongdoing or remorse."  *See id*.  This court agrees with the Kansas Supreme Court that plaintiff's "language is occasionally incoherent, and, more than occasionally, inflammatory" and that plaintiff "consistently fails to cite a factual basis for his allegations or to develop sensible legal arguments."  *See id*. at 470.

Plaintiff's history of pro se litigation includes a suit filed during his disbarment, in which he unsuccessfully sought to enjoin his disbarment proceedings.  *Landrith v. Hazlett*, No. 04-2215-DVB, (D. Kan. Sept. 22, 2004), *aff'd*, 170 F. App'x 29 (10th Cir. 2006).  Landrith also filed a federal suit, *Landrith v. Gariglietti*, No. 11-2465-KHV/GLR, 2012 WL 171339 (D. Kan. Jan. 19, 2012), against

Carole Green, the Clerk of the Kansas Supreme Court, claiming she improperly failed to docket one of

his appeals, and Crawford County Judge John C. Gariglietti, who presided over plaintiff's divorce

proceedings.  That case was dismissed under 28 U.S.C. § 1915(e)(2), and Landrith's appeal is pending.

Landrith then filed a mandamus action in the Tenth Circuit, which was denied as moot.  *In re Landrith*,

No. 11-3388 (10th Cir. Feb. 21, 2012).  His later motion to reopen the mandamus proceeding was also

denied.  *In re Landrith*, No. 11-3388 (10th Cir. Apr. 4, 2012).

   In addition to the federal suits described above, plaintiff has filed a suit in the District Court of

Shawnee County, Kansas, with many claims being very similar—if not identical—to the claims stated

in the present case.  *Landrith v. Jordan*, Case No. 10C1436 (Dist. Ct. of Shawnee Cnty. filed Oct. 12,

2010).  In fact, in paragraph three of his amended complaint, plaintiff acknowledges that his amended

complaint is essentially a continuation of the state-court action.  Remarkably, plaintiff also states he

has filed the amended complaint in this court to save defendants the trouble of removing the action to

this court themselves.

   Plaintiff claims, however, that he has not attempted to remove any of his state-court claims.

Plaintiff asserts that his federal suit "includes additional new appropriate claims for relief in the form

of damages, injunctive and declaratory relief under 42 U.S.C. § 1983" and also brings 42 U.S.C. §

1983 claims against a new defendant, Kansas Attorney General Derek Schmidt.  Other new defendants

added by plaintiff include the United States Court Clerk of the Court for the Western District of

Oklahoma, and members of the Committee on Admissions and Grievances for the Western District of

Oklahoma.

   For the reasons stated below, the motions to dismiss plaintiff's amended complaint (Docs. 24,

27, 31, 64, and 67) are granted.  Defendant John Badger's motion to remand, or in the alternative, to

dismiss (Doc. 71) is also granted.  Plaintiff's motions for leave to amend complaint (Doc. 75) and for

entry of default against Don Jordan and David Weber (Doc. 85) are both denied.

## II.    Legal Standard

Even though plaintiff is a lawyer, because he is disbarred and proceeds pro se, the court

construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted

by lawyers who are admitted to practice in this court.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Id.*

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to

"state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  While the factual allegations need not be detailed, the claims must set forth entitlement to

relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of

action."  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan.

2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than

merely conceivable.  *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."

*Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) (citation omitted); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 680–81 (2009).  The court construes any reasonable inferences from these facts in favor

of the plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  However, "where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *See Ashcroft*,

556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

### III.   Discussion

#### Motions to Dismiss Plaintiff's Amended Complaint
#### (Docs. 24, 27, 31, 64, 67, and 71)

The court dismisses plaintiff's amended complaint against all defendants for several reasons, which are described below.

#### A.   Lack of Subject Matter Jurisdiction

First, the court lacks subject matter jurisdiction over many, if not all, of plaintiff's claims.

##### 1.   *Rooker-Feldman* Doctrine

Plaintiff asks the court to review alleged misrepresentations and fraud on two state district courts.  Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court.  *Mounkes v. Conklin*, 922 F. Supp. 1501, 1508–10 (D. Kan. 1996) (explaining the doctrine, which stems from the holdings in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).  The Supreme Court alone has jurisdiction to review such decisions.  28 U.S.C. § 1257; *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine applies broadly and is not limited to decisions of a state's highest court.  *Mounkes*, 922 F. Supp. at 1509.  Further, it does not matter whether the state court's decisions are final or interlocutory.  *Id*.  Plaintiff alleges that defendants Frost and YWPC made "materially misleading" arguments in plaintiff's state court divorce proceedings in Crawford County District Court and in the state court case in Shawnee County District Court.  These state district courts have made rulings on the matters raised by plaintiff and both Frost and YWPC were dismissed in the Shawnee County District Court action.  The court will not review these decisions or any claims "inextricably intertwined" with the merits of the state court decisions.  *See id*. (stating that "[t]he

-5-

doctrine precludes federal jurisdiction even when the state court's decision implicates federal constitutional issues . . . or when the plaintiff brings his federal action under federal civil rights statutes") (citations omitted).

For the same reasons, plaintiff's claims against Kansas Attorney General Derek Schmidt for abuse of process—to the extent that plaintiff alleges misrepresentations by Schmidt in state court—are also dismissed.

The court again notes that the amended complaint is extremely difficult to follow.  Throughout this order, the court attempts to cover all bases by specifically addressing plaintiff's claims to the extent that it can.  The court also tries to broadly address claims plaintiff may potentially be bringing, but the court is unable to understand.  In at least one other case, *Gariglietti*, 2012 WL 171339, plaintiff filed a motion for reconsideration, which he later withdrew.

A motion for reconsideration of this order pursuant to Local Rule 7.3 is not encouraged.  "The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence."  *Smith v. McKune*, Civil Action No. 05-3447-MLB, 2007 WL 1751740, at *1 (D. Kan. June 18, 2007).  Any such motion filed by plaintiff shall not exceed five pages and shall strictly comply with the applicable standards.  The response to any motion for reconsideration shall not exceed five pages.  No reply shall be filed.

Here, to the extent that plaintiff's claims before this court are a continuation of his state-court claims which have been actually decided by the state court or are inextricably intertwined with a judgment made by the state court, those claims are dismissed.

2.      **Standing**

Nearly all of plaintiff's claims are plagued by standing issues, as plaintiff fails to establish "an injury-in-fact, causation, and redressability." *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007).  Plaintiff appears to allege that many or all of the defendants are involved in a conspiracy that somehow involves the deprivation of civil rights of third parties.  For example, plaintiff alleges that defendant Frost violated plaintiff's civil rights when he brought a private collection suit against Donna Huffman, allegedly in retaliation against plaintiff.  Moreover, plaintiff alleges that Frost's private suit against Huffman damaged Huffman's business interests and income potential, and thus prevented her from hiring plaintiff, which violated plaintiff's civil rights.  The court is satisfied that plaintiff has not shown the causation required to obtain standing.

Plaintiff also lacks third-party standing, as "[t]hird-party standing requires not only an injury in fact and a close relation to the third party, but also a hindrance or inability of the third party to pursue his or her own claims." *See Terrell v. I.N.S.*, 157 F.3d 806, 809 (10th Cir. 1998) (citing *Miller v. Albright*, 523 U.S. 420, 447 (1998) (O'Connor, J., concurring)).  Moreover, in *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982), the court emphasized that a § 1983 civil rights action "is a personal suit.  It does not accrue to a relative, even the father of the deceased."  Thus, all of plaintiff's claims against any defendant that challenge alleged constitutional violations of the rights of Donna Huffman, David M. Price, Janice Lynn King, Guy Neighbors, minorities, children in Kansas, or any other third party are dismissed.

For the same reasons, plaintiff has no standing to challenge who the Kansas Attorney General's office did or did not represent in plaintiff's state case, and such claims against Kansas Attorney General Derek Schmidt are dismissed.

B.      *Younger* **Abstention Doctrine**

Second, application of the *Younger* abstention doctrine prevents this court from exercising subject matter jurisdiction over the claims against defendants Badger, Jordan, Bob Corkins, Rob Siedlecki, Craig E. Collins, David Weber, and Phyllis Gilmore[1].

Defendants Badger and Jordan filed a motion to dismiss in the Shawnee County District Court case on July 18, 2011.  (Doc. 71-2.)  The state court took this motion under advisement on March 20, 2012, and it remains undecided at this time.  (Doc. 71-3.)  As the court pointed out above, many of the paragraphs of the present amended complaint are verbatim reproductions of the paragraphs in plaintiff's state court amended complaint.  Plaintiff even cites to his state court amended complaint in his amended complaint before this court.  A review of both documents reveals that plaintiff brings substantially identical claims against these defendants in both the state court and the present action.  In fact, in his reply in support of his request for entry of default (Doc. 87), plaintiff explicitly states that defendants Jordan and Weber had knowledge of "plaintiff's claims against [defendants Jordan and Weber] and the federal court proceedings *that included the same claims against them in the Shawnee District Court* . . . ."  (Doc. 87 at 4 (emphasis added)).

Pursuant to the *Younger* abstention doctrine, federal courts may not interfere with ongoing state proceedings absent extraordinary circumstances.  *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995).  These narrow exceptions are not met here.  The three factors relevant to determining whether abstention is required under *Younger* include whether: (1) there is an ongoing state proceeding; (2) "the state court provides an adequate forum to hear the claims raised in the federal complaint"; and (3) "the state proceedings involve important state interests,

---

[1]      Defendants Corkins, Siedlecki, and Gilmore all filed answers in response to plaintiff's complaint.  Defendants Collins, Jordan, and Weber have not yet responded or appeared.   All of these defendants and the additional reasons for dismissal of the claims against them are discussed later in this order.

matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

The state proceeding is ongoing as to defendants Badger and Jordan and plaintiff provides no reason why the state court is not an adequate forum to hear the federal complaint. While the state proceedings may potentially raise some federal issues, the court finds that the underlying basis for all claims by plaintiff stems from his disbarment, which lies within the exclusive jurisdiction of the state supreme court. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1563 (10th Cir. 1993).

In addition, plaintiff's allegations of the vast conspiracy against him stemming from his disbarment are directed toward a large number of Kansas government officials, here specifically defendants Badger and Jordan, who are former officials in the Kansas Department of Social and Rehabilitative Services ("SRS")[2]. The court finds that resolution of allegations against these Kansas defendants by the courts in that state is another important state interest. These reasons satisfy the court that the three requirements for abstention under *Younger* have been met, and plaintiff's claims against defendants Badger and Jordan are dismissed. Although defendant Jordan has not yet responded in this case, the court dismisses the claims against him sua sponte. *See Sanchez v. Wells Fargo Bank, N.A.*, 307 Fed. App'x 155, 157 (10th Cir. 2009) (discussing the authority of a federal court to apply the *Younger* abstention doctrine sua sponte).

According to the Shawnee County District Court docket sheet, it appears the court also took under advisement a motion to dismiss filed by defendant Corkins on March 20, 2012. (Doc. 71-3.) Siedlecki's motion to dismiss was granted in part and taken under advisement in part on that same date. (*Id.*) While no motions have been taken under advisement as to defendants Collins, Weber, and Gilmore, the docket sheet indicates that these defendants also remain in the ongoing state court case.

---

[2]          While the SRS is now known as the Kansas Department for Children and Families, this order uses SRS for purposes of clarity.

(*Id.*)  For the same reasons as above, plaintiff's claims in this case against defendants Corkins, Siedlecki, Collins, Weber, and Gilmore are dismissed.  *See Sanchez*, 307 Fed. App'x at 157 (discussing the authority of a federal court to apply the *Younger* abstention doctrine sua sponte). Additionally, to the extent any of plaintiff's other claims against any other defendant are ongoing in state court, those claims are also dismissed.

### C.    Improper Service and Lack of Personal Jurisdiction

Third, plaintiff's failure to obtain proper service as well as the court's lack of personal jurisdiction over the defendants who are members of the Committee on Admissions and Grievances for the Western District of Oklahoma requires dismissal of the claims against these defendants.  In addition, plaintiff's failure to obtain proper service on defendant Dennis requires dismissal of the claims against him.

### 1.    Improper Service

Plaintiff sent the summons and complaint via UPS ground delivery service to each committee defendant at the address of the United States District Court for the Western District of Oklahoma. Defendants do not reside there, nor do they have an office there.  Plaintiff failed to properly serve these defendants under any conceivably applicable method of service as either private individuals or officers or employees of the United States.  *See* Fed. R. Civ. P. 4(e), (i)(2)–(3); *see also* Fed. R. Civ. P. 4(l) (requiring proof of service).  Although plaintiff is pro se, "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil [ ] Procedure."  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).  Plaintiff's claims against these defendants are dismissed under Federal Rule of Civil Procedure 12(b)(5).

In addition, the docket sheet indicates that defendant Robert D. Dennis, Clerk of the United States District Court for the Western District of Oklahoma, was not served within 120 days after the complaint was filed.  The claims against him are dismissed on this basis.  Fed. R. Civ. P. 4(m).

### 2.    Lack of Personal Jurisdiction

Even assuming, *arguendo*, that service was proper, the court nonetheless lacks personal jurisdiction over these defendants.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  These defendants' contacts with Kansas in their official capacities are insufficient to warrant the court's exercise of either general or specific jurisdiction, as the defendants have no continuous and systematic contacts or even minimum contacts with Kansas and they have not purposefully availed themselves of the forum.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984); *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987).  Even if these requirements were somehow met, the court finds that any exercise of personal jurisdiction over these defendants would "offend traditional notions of fair play and substantial justice."  *See Int'l Shoe Co.*, 326 U.S. at 316.  All claims against these defendants are dismissed.

### D.    Res Judicata

Fourth, the court finds that plaintiff's claims against defendants Frost, YWPC, and Hazlett—all of whom have obtained favorable judgments in the Shawnee County District Court—are barred by res judicata and thus dismissed.

Upon review of plaintiff's state court amended complaint (Doc. 24-2) and the amended complaint in this action (Doc. 18), it is evident that plaintiff brings essentially the same claims in both actions.  To provide one example, plaintiff's state-court amended complaint brought against YWPC claims identical to those plaintiff brings in this suit.  A simple comparison of the documents shows that plaintiff's abuse of process claim in paragraphs 86 through 103 in the state amended complaint against

YWPC mirrors nearly word-for-word paragraphs 119 through 133 of plaintiff's federal amended complaint for the same claim against YWPC.  The only apparent difference is the addition of John Badger as a defendant in the instant case.  Similarly, plaintiff's 42 U.S.C. § 1985(3) claim against YWPC in paragraphs 126 through 144 of plaintiff's state-court amended complaint parallel paragraphs 158 through 176 of the amended complaint in this case for the same claim.  Plaintiff's claims in both the state and federal actions against defendants Frost and Hazlett are similarly duplicative.

On March 23, 2012, Shawnee County District Court entered an order of final judgment certifying that the judgments previously entered in favor of defendants Frost, YWPC, and Hazlett are final judgments under K.S.A. § 60-254(b).  (Doc. 28-7.)  The order also noted that plaintiff did not object and stipulated to the entry of final judgment.  (*Id*.)

Federal courts apply the preclusion law of the state in which judgment was rendered in determining the preclusive effect of a state court judgment.  *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380–82 (1985).  "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to parties, regardless of whether they were asserted or determined in the prior proceeding."  *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citation omitted).  Particularly significant here, "res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."  *Id.*

Under Kansas law, res judicata applies when four elements are met: (1) "identity of things sued for"; (2) "identity of cause of action"; (3) "identity of persons and parties to the actions"; and (4) "identity in quality of persons."  *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 360 (10th Cir. 1996) (citation omitted).  The decision must also be a final judgment on the merits.  *Venters v. Sellers*, 261 P.3d 538, 547 (Kan. 2011).

The court is satisfied that all requirements have been met as to defendants Frost, YWPC, and Hazlett.  Although plaintiff argues he has brought new claims against the defendants, he simply repeats the same claims and underlying facts that were decided in his state-court action.  These claims have been adjudicated by the state court and res judicata bars plaintiff from realleging them in federal court. To the extent plaintiff alleges new misrepresentations of law by defendants made after the state-court action, those actions are properly the subject of a state court appeal, and not a separate claim for relief before this court.

Application of res judicata is especially important in a case such as this, where vexatious litigation has required the parties to twice defend the same claims.  The defendants in this case have now twice been required to address the frivolous, abusive, and conclusory claims of their alleged involvement in an expansive civil rights conspiracy against plaintiff.  Plaintiff has shown he is extraordinarily litigious and has burdened this court and others with lengthy filings that have resulted in a waste of legal fees, burdened the clerks' offices, and wasted time and resources.

Additionally, to the extent plaintiff is challenging the state-court judgments against these defendants, plaintiff's claims can also be dismissed under the *Rooker-Feldman* doctrine described above.  *See Tal*, 453 F.3d at 1257 (applying *Rooker-Feldman* and stating that addition of new defendants in federal court does not change the nature of the underlying state court ruling).

### E.      Failure to State a Claim

Fifth, all of plaintiff's remaining claims against all defendants are dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Not only does plaintiff fail to comply with Federal Rule of Civil Procedure 8 in providing a short and plain statement of his claims, but plaintiff's allegations are entirely conclusory.  To provide one example, plaintiff alleges that defendant Dennis, in his official capacity as the Clerk of the Court

for the Western District of Oklahoma, did not provide a docket number to a "lawful proceeding." (Doc. 18 at 8.)  Plaintiff alleges that defendant Dennis is in some way "advancing or protecting organized crime's infiltration of the State of Kansas judicial branch agencies" or depriving "Kansas citizen's [sic] access to redress in federal courts."  (*Id*. at 77.)  This is but one example of plaintiff's conclusory allegations lacking any factual basis.  The court agrees with defendants that plaintiff's pleadings are not calculated to gain any actual relief from this or any other court.  The defendants in this case and in the state court action have spent far too much time and too many resources in responding to plaintiff's claims, and so has the court in deciding them.

As for plaintiff's claims of civil rights conspiracies, plaintiff has failed to allege specific facts showing communication, agreement, a meeting of the minds, or concerted action among the defendants in furtherance of the alleged conspiracy; conclusory allegations are insufficient.  *Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010); *Gallegos v. City & Cnty. of Denver*, 984 F.2d 358, 364 (10th Cir. 1993) ("[P]laintiff has not established, by either direct or circumstantial evidence, that there was a meeting of minds or agreement among certain of the defendants, discriminatorily motivated, to deprive her of equal protection."); *see also Twombly*, 550 U.S. at 564–66 & n.10 (stating mere conclusions of conspiracy based on nothing more than parallel conduct without specific facts showing time, place, and names of conspirators is insufficient).

As many defendants have pointed out, plaintiff alleges an overarching conspiracy which purportedly includes SRS officials, attorneys in the Kansas Disciplinary Administrator's office, private attorneys, and various federal officials for the Western District of Oklahoma.  Plaintiff's conclusory allegations simply do not survive the motions to dismiss.  *Hill v. Corr. Corp. of Am.*, 14 F. Supp. 2d 1235, 1237 (D. Kan. 1998).

Additionally, plaintiff alleges that defendants conspired against him in violation of 42 U.S.C. § 1985(3), a statute that requires plaintiff to allege that defendants' actions were motivated by class-based or racially discriminatory animus.  *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994).  While plaintiff does claim he represented minorities, plaintiff is not a member of a class protected by federal law.  Plaintiff's § 1985 claims fail for both this reason and for his failure to state a claim.  Plaintiff's claims under 42 U.S.C. § 1986 also fail, as they are derivative of his § 1985 claims.  *Santistevan v. Loveridge*, 732 F.2d 116, 120 (10th Cir. 1984).

As stated above, all of plaintiff's claims are conclusory allegations that cannot withstand a motion to dismiss.  In addition to the other reasons stated in this order, the court dismisses plaintiff's complaint in its entirety for failure to state a claim.

### F.      Immunity

Finally, in addition to the numerous reasons for dismissal stated above, the majority of the defendants are subject to some type of immunity.  Judicial officers, including court clerks, are entitled to absolute immunity.  *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).  The Eleventh Amendment bars damages sought from state officials sued in their official capacity.  *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).  Furthermore, all government officials sued in their individual capacities are entitled to qualified immunity with respect to plaintiff's claims under 42 U.S.C. §§ 1983 and 1985.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Butler v. City of Prairie Vill.*, 172 F.3d 736, 745 (10th Cir. 1999).  Any allegations of constitutional violations are merely conclusory, and are thus insufficient to establish a violation when qualified immunity is raised.  *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532–33 (10th Cir. 1998).  For this additional reason, all of plaintiff's claims against defendants entitled to immunity are dismissed.

**Motion for Default and Motion to Amend Complaint (Docs. 85 and 75)**

Plaintiff has filed a motion for entry of default against defendants Jordan and Weber (Doc. 85). Although a summons was issued to defendant Weber on March 16, 2012, there has not been a return of summons filed, and as a result, it appears that Weber has not been served with process.  A summons was issued to defendant Jordan on April 23, 2012, and was returned executed on May 4, 2012 (Doc. 29).

On October 19, 2012, Gregory Lee, counsel of record for defendants Badger, Jordan, and Weber, filed a response to plaintiff's motion for entry of default against defendants Jordan and Weber (Doc. 86).  In his response, Mr. Lee explained that in filing his Substitution of Counsel on September 12, 2012 (Doc. 84), Mr. Lee intended to enter his appearance on behalf of only defendant Badger.  Mr. Lee stated that he mistakenly entered his appearance on behalf of defendants Jordan and Weber.

Mr. Lee also indicated that plaintiff emailed him on September 19, 2012 asking if his "clients" would consider a "non-cash settlement" and that Mr. Lee responded to plaintiff that "the state defendants would."  (Doc. 86 at 3, 10.)  Mr. Lee asks this court to deny plaintiff's motion for entry of default against defendants Jordan and Weber, and also to withdraw his erroneously-filed Substitution of Counsel he filed on behalf of Jordan and Weber.  He also asks that the case proceed to mediation on plaintiff's offer of a non-cash settlement.

Because the Substitution of Counsel as to defendants Jordan and Weber was mistakenly filed by Mr. Lee, the court grants his request to withdraw it.  Additionally, the court finds that an entry of default against defendants Jordan and Weber is inappropriate.

For the reasons stated above, the court dismisses plaintiff's complaint against defendants Jordan and Weber under the *Younger* abstention doctrine.  Even if the *Younger* abstention doctrine did

not apply, the court would dismiss the claims for failure to state a claim.[3]  A court may dismiss a complaint sua sponte under Federal Rule of Civil Procedure 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall*, 935 F.2d at 1110 (internal quotation marks and citation omitted). Plaintiff's proposed second amended complaint does nothing to cure the deficiencies as to these defendants.  Furthermore, the court is satisfied that any proposed second amended complaint submitted by plaintiff specifically relating to these defendants would also be futile and subject to dismissal for the same reasons stated above.  *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006). Plaintiff's motion for default against defendants Jordan and Weber is denied.

Plaintiff's proposed second amended complaint is substantively identical to his first amended complaint.  The major change made by plaintiff was to remove the defendants who are members of the Committee on Admissions and Grievances for the Western District of Oklahoma as defendants and replace them with Chief Judge LaGrange (who is, regardless, entitled to absolute immunity). Plaintiff's proposed second amended complaint does nothing to cure the above-described deficiencies. It is clear that plaintiff cannot prevail on the facts alleged in his present amended complaint or his proposed second amended complaint; thus, plaintiff's proposed amendment is futile and his motion for leave to amend his complaint (Doc. 75) is denied.

Although Mr. Lee asked for withdrawal of his Substitution of Counsel, he points out defects in the service of process on defendants Jordan and Weber.  As to defendant Jordan, Mr. Lee notes that the proof of service reflects that Jordan was served by tacking a copy of the summons and complaint on the door of an address in Silver Lake, Kansas.  Mr. Lee claims that defendant Jordan has never resided

---

[3]     The same is true for defendants Corkins, Siedlecki, Collins, and Gilmore.  Defendants Corkins, Siedlecki, and Gilmore all filed answers in response to plaintiff's complaint.  Defendant Collins has not yet responded or appeared; yet, plaintiff has not filed a motion for entry of default against him.  Even if the *Younger* abstention doctrine did not apply, the court would also dismiss sua sponte the claims against these defendants for failure to state a claim.

in Silver Lake, Kansas.  Additionally, Mr. Lee points out that it seems defendant Weber has not been served with process.

The court agrees that it appears that defendant Weber—and possibly defendant Jordan—has not been properly served in this case.  Under Federal Rule of Civil Procedure 4(m), the court can dismiss the action against these defendants for failure to serve them within 120 days after the complaint was filed.  However, because the court dismisses the claims against these defendants under the *Younger* abstention doctrine, and because plaintiff has failed to state a claim against either defendant, the court need not address whether service was proper.  *See Moore v. McKee*, No. Civ.A. 03-2332KHV, 2003 WL 22466160, at *2 (D. Kan. Sept. 5, 2003) (finding it unnecessary to address whether service was proper when plaintiff failed to state a claim).

Finally, Mr. Lee asks that this case proceed to mediation for discussion on the plaintiff's "non-cash settlement" proposal.  While it is not entirely clear, it appears that Mr. Lee makes this request on behalf of defendants Badger, Jordan, and Weber.  As to defendant Badger, the court has dismissed the claims against him and the court denies Mr. Lee's request as moot.

Mr. Lee's request as to defendants Jordan and Weber is also denied as moot as the court has similarly dismissed the claims against these defendants.  Further, because the court has granted Mr. Lee's request to withdraw his mistakenly-filed Substitution of Counsel as to these defendants, he cannot make any further requests on their behalf as he does not represent them.

**IT IS THEREFORE ORDERED** that the Motions to Dismiss (Docs. 24, 27, 31, 64, and 67) are granted.

**IT IS FURTHER ORDERED** that Defendant Badger's Motion to Remand, or in the Alternative, to Dismiss (Doc. 71) is granted and all claims against Defendant Badger are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 75) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default against Defendants Jordan and Weber (Doc. 85) is denied.

**IT IS FURTHER ORDERED** that Mr. Gregory Lee's request for withdrawal of Substitution of Counsel as to Defendants Jordan and Weber is granted.

**IT IS FURTHER ORDERED** that Mr. Gregory Lee's request that this case proceed to mediation on behalf of any of Defendants Badger, Jordan, or Weber is denied as moot.

**IT IS FURTHER ORDERED** that all remaining claims are dismissed as set out in this order.

Dated this  2nd  day of November, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**