IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRET D. LANDRITH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 12-2161-CM |
| | ) |
| **KANSAS ATTORNEY GENERAL,** | ) |
| **DEREK SCHMIDT,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**I.     Procedural History**

This matter is before the court on plaintiff Bret D. Landrith's motion for reconsideration (Doc. 92). On November 8, 2012, plaintiff moved the court to reconsider the portion of its November 2, 2012 order (Doc. 88) ("Order") dismissing all claims brought by plaintiff. In its Order, the court cautioned plaintiff that a motion for reconsideration of its Order under Local Rule 7.3 was not encouraged. In addition, the court limited any such motion and responses to five pages, and stated that no reply shall be filed. On November 7, 2012, plaintiff filed a nineteen-page motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) (Doc. 89). The court struck the motion for failure to comply with the court's above-described restrictions. The text entry striking the motion (Doc. 91) stated that although the court's Order addressed a motion for reconsideration under Local Rule 7.3, the restrictions also applied to similar motions filed under Federal Rule of Civil Procedure 59(e). The court also noted that the same legal standard applies under both Local Rule 7.3 and Federal Rule of Civil Procedure 59(e). Plaintiff then filed the current motion.

-1-

On November 9, 2012, a day after filing this motion, plaintiff filed a notice of appeal of the court's Order to the Tenth Circuit (Doc. 93). Because plaintiff's notice of appeal was filed prior to disposition of the motion for reconsideration, the Tenth Circuit found that plaintiff's notice of appeal was ineffective to appeal the court's Order. The Tenth Circuit then abated the proceedings in the appeal (Doc. 98), pending notification of this court's disposition of the motion for reconsideration. Finally, several defendants filed a notice of service for a motion for sanctions on November 16, 2012 (Doc. 105) and defendant Brian Frost filed a motion for permanent injunction imposing filing restrictions (Doc. 106) on November 19, 2012. Defendant Frost's motion is also before the court.

The court finds that plaintiff's motion for reconsideration lacks a valid basis for reconsideration and denies the motion for the reasons below. Additionally, defendant Frost's motion for permanent injunction imposing filing restrictions is provisionally granted.

**II.     Motion for Reconsideration**

    **A.  Legal Standard**

The decision whether to grant or deny a motion to reconsider is within the court's sound discretion. *In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192 (D. Kan. 1999) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988) (citation omitted)). There are three grounds that may justify reconsideration: (1) "an intervening change in controlling law"; (2) "availability of new evidence"; or (3) "the need to correct clear error or prevent manifest injustice." *Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp. 2d 1206, 1208 (D. Kan. 1998) (citations omitted). The burden is on the moving party to show that one of these three bases for reconsideration apply. *Classic Commc'ns, Inc. v. Rural Tel. Servs. Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998).

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000). However, "it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010). More importantly, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

### B. Discussion

After reviewing plaintiff's motion, the court finds no grounds that warrant reconsideration. Plaintiff claims that reconsideration is necessary to correct clear error on nearly every issue addressed by the court in its Order. The court disagrees. Plaintiff's motion for reconsideration does precisely what the cases above state it cannot do—it revisits issues already addressed, puts forth additional arguments that were formerly available, and attempts to make a stronger case by enhancing arguments that previously failed. *See Coffeyville*, 748 F. Supp. 2d at 1264; *Voelkel*, 846 F. Supp. at 1483.

This court spent considerable time, effort, and resources addressing plaintiff's arguments in its Order. As the court stated several times in its Order, plaintiff's amended complaint was not only lengthy, but difficult to comprehend. The court faced the task of ascertaining plaintiff's numerous and often incoherent claims and addressing them appropriately. In doing so, the court—in an abundance of caution—provided multiple bases for dismissal of plaintiff's complaint in its entirety. Most importantly, the court dismissed plaintiff's entire complaint for failure to state a claim under Rule 12(b)(6). (Doc. 88 at 15.) The Order clearly stated that "all of plaintiff's claims are conclusory allegations that cannot withstand a motion to dismiss" and that "[i]n addition to the other reasons stated in this order, the court dismisses plaintiff's complaint in its entirety for failure to state a claim." (*Id.*) Even assuming, *arguendo*, that one of the other bases provided by the court for dismissal was deemed insufficient, plaintiff's failure to state a claim against any defendant alone warrants dismissal.

Plaintiff has not provided any argument that causes the court to conclude it committed clear error. Plaintiff has failed to meet his burden to show that reconsideration is warranted and his motion is denied.

### III. Motion for Permanent Injunction Imposing Filing Restrictions

Defendant Frost's motion for permanent injunction urges the court to impose filing restrictions against plaintiff. While not by formal motion, defendant Robert D. Dennis also urged the court to impose filing restrictions in his response to plaintiff's motion for reconsideration. (Doc. 94 at 1.) In addition, the response filed by defendants Don Jordan, Rob Siedlecki, Phyllis Gilmore, Bob Corkins, John Badger, and David Weber included a footnote stating that these defendants have submitted a Rule 11 motion for non-monetary sanctions against plaintiff and intend to file the same within twenty-one days of their response. (Doc. 100 at 5 n.1.) The docket sheet includes a notice of service confirming that the motion for sanctions was submitted to plaintiff on November 16, 2012. (Doc. 105.)

"The right to access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)). A district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the judicial system by harassing their opponents. *See Tripati*, 878 F.2d at 352 (collecting cases).

Defendant Frost's well-reasoned motion thoroughly states why a permanent injunction imposing filing restrictions against plaintiff is warranted. Defendant Frost's motion correctly notes that injunctions restricting future filings "are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it

is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citation omitted). Landrith's lengthy and abusive litigation history is discussed in the court's Order and is more extensively set forth in defendant Frost's motion. In an effort to avoid duplicative efforts and to expedite disposition of this matter for consideration by the Tenth Circuit, the court expressly adopts and incorporates into this order plaintiff's litigation history as set forth in its Order and by defendant Frost in his motion.

Taken directly from the court's Order:

> Plaintiff is no newcomer to this court or to the Kansas state courts. On December 9, 2005, the Kansas Supreme Court disbarred plaintiff. *See In re Landrith*, 124 P.3d 467 (Kan. 2005). In his disbarment case, the Kansas Supreme Court noted that plaintiff "wasted valuable resources because of [his] absolute incompetence and interference with the administration of justice . . . . [T]he legal profession has been damaged by [his] false accusations against members of the judiciary; attorneys; court personnel; and other state, county, and municipal employees." *Id*. at 485. Plaintiff's history is particularly relevant in addressing plaintiff's claims in the instant case, as the Kansas Supreme Court has pointed out his "pattern of misconduct, multiple violations; [and] lack of acknowledgement of wrongdoing or remorse." *See id*. This court agrees with the Kansas Supreme Court that plaintiff's "language is occasionally incoherent, and, more than occasionally, inflammatory" and that plaintiff "consistently fails to cite a factual basis for his allegations or to develop sensible legal arguments." *See id*. at 470.
>
> Plaintiff's history of pro se litigation includes a suit filed during his disbarment, in which he unsuccessfully sought to enjoin his disbarment proceedings. *Landrith v. Hazlett*, No. 04-2215-DVB, (D. Kan. Sept. 22, 2004), *aff'd*, 170 F. App'x 29 (10th Cir. 2006). Landrith also filed a federal suit, *Landrith v. Gariglietti*, No. 11-2465-KHV/GLR, 2012 WL 171339 (D. Kan. Jan. 19, 2012), against Carole Green, the Clerk of the Kansas Supreme Court, claiming she improperly failed to docket one of his appeals, and Crawford County Judge John C. Gariglietti, who presided over plaintiff's divorce proceedings. That case was dismissed under 28 U.S.C. § 1915(e)(2), and Landrith's appeal is pending. Landrith then filed a mandamus action in the Tenth Circuit, which was denied as moot. *In re Landrith*, No. 11-3388 (10th Cir. Feb. 21, 2012). His later motion to reopen the mandamus proceeding was also denied. *In re Landrith*, No. 11-3388 (10th Cir. Apr. 4, 2012).
>
> In addition to the federal suits described above, plaintiff has filed a suit in the District Court of Shawnee County, Kansas, with many claims being very similar—if not identical—to the claims stated in the present case. *Landrith v. Jordan*, Case No. 10C1436 (Dist. Ct. of Shawnee Cnty. filed Oct. 12, 2010). In fact, in paragraph three of his amended complaint, plaintiff acknowledges that his amended complaint is

> essentially a continuation of the state-court action. Remarkably, plaintiff also states he has filed the amended complaint in this court to save defendants the trouble of removing the action to this court themselves.

(Doc. 88 at 2–3.)

Taken directly from defendant Frost's motion:

> 1. Plaintiff graduated law school in 2001. *In re Landrith*, 280 Kan. 619, 320, 124 P.3d 467(2005). He was disbarred by the Kansas Supreme Court in 2005. *Id.* at 649.
>
> 2. During his brief legal career, plaintiff "filed numerous pleadings containing serious allegations of misconduct by opposing counsel, members of the judiciary, Shawnee County District Court employees, and Kansas Court of Appeals staff." *Id.* at 623-24.
>
> 3. When attorneys filed ethics complaints against him, plaintiff attacked, accusing opposing counsel and judges of serious ethical violations and misconduct. *Id.* at 630-31.
>
> 4. The disciplinary panel that heard plaintiff's disbarment case concluded that plaintiff "felt his law license granted him the ability to allege whatever he wanted against whatever person or entity, regardless of whether the allegations were true or false." *Id.* at 636.
>
> 5. The Kansas Supreme Court observed that during his disbarment proceedings, plaintiff "has made and continues to make serious accusations against members of the judiciary, court staff, attorneys, municipal officers and employees, and others." *Id.* at 639.
>
> 6. In ordering disbarment, the Kansas Supreme Court stated:
>> [T]he legal system itself suffered injury as a result of Respondent's misconduct. The Kansas Court of Appeals and the United States District Court for the District of Kansas wasted valuable resources because of Respondent's absolute incompetence and interference with the administration of justice. Finally, the legal profession has been damaged by Respondent's false accusations against members of the judiciary; attorneys; court personnel; and other state, county, and municipal employees. *(Id.* at 648).
>
> 7. Plaintiff responded to the disbarment proceedings against him, in part, by filing suit in this Court against numerous judges and attorneys, including Hazlett, codefendant in this case. *Landrith v. Hazlett*, No. 04-2215-DVB (D. Kan. Sept. 22, 2004), *aff'd*, 170 Fed. Appx. 29 (10th Cir. 2006). Mr. Landrith proceeded *pro se* in his suit against Hazlett and the various Kansas judges and attorneys.

8. Following his disbarment, plaintiff has continued filing *pro se* lawsuits and continued with the same conduct that resulted in his disbarment. In addition to the instant case and the case filed against *Hazlett,* these cases include:

    A. *Landrith v. The Honorable John Gariglietti*, No. 106658 (Kan., filed Aug. 29, 2011, denied Sept. 14, 2012) (original action in mandamus against district judge that presided over Landrith's divorce proceedings);

    B. *Landrith v. Carol Green, Clerk of the Appellate Courts*, No. 93673 (Kan., denied Jan. 12, 2005) (original action in mandamus);

    C. *Landrith v. Gariglietti and Green*, 11-CV-02465-KHV-GLR, 2012 WL 171339 (D. Kan. Jan. 19, 2012) (original action seeking federal court review of actions and decisions by Kansas State District Judge Gariglietti and Carol Green, clerk of the Kansas Supreme Court, dismissed as "frivolous");

    D. *In re Landrith*, No. 11-3388 (l0th Cir., Feb. 21, 2012) (dismissing original action in mandamus against the Honorable Kathryn Vratil seeking an order for her to rule on various motions);

    E. *Landrith v. Alternative Loan Trust 2007-0A7 Bank of New York Mellon, Trustee*, two cases pending in the District Court of Johnson County, Kansas, 12CV04615 and 11CV10159 (according to plaintiff, these cases were initially filed in New York but were dismissed for lack of venue, *see Landrith v. Alternative Loan Trust 2007-0A7 and Bank of New York Mellon*, New York County Supreme Court Index No. 653154/2011);

    F. *Landrith v. Bank of New York Mellon*, No. 10-8352 (Kan. App.) (pending);

    G. *Landrith v. Bank of New York Mellon, et al.*, 12-CV-02352-EFM-DJW (D. Kan. filed June 5, 2012) (pending against multiple defendants, including various attorneys and law firms);

    H. *Landrith v. Jordan, et al.*, Case No. 2010 CV 1436 (Dist. Ct. Shawnee County, Kan., filed Oct. 12, 2010), and on appeal, No. 107959 (Kan. App.) (pending);

9. None of these cases have resulted in favorable outcomes for plaintiff. While several cases remain pending, those that have been resolved have been dismissed at the pleading stage. Plaintiff has not conducted any discovery in these cases. For example, in *Landrith v. Jordan, et al.*, Case No. 2010 CV 1436 (Dist. Ct. Shawnee County, Kan., filed Oct. 12, 2010), despite the case being on file for over two years, no discovery has been conducted by plaintiff, but multiple petitions and motions have been filed by plaintiff with no apparent purpose other than to extend the proceedings. [See Doc. 71.3, state court docket sheet].

     10. All told, many parties have been repeatedly vexed by Mr. Landrith's baseless lawsuits. Mr. Frost, Young Williams, various SRS officials, Carol Green, and Judge Gariglietti, have all been sued twice. Mr. Hazlett and Bank of New York Mellon have been sued by plaintiff at least three times each. Lawsuits have been filed against opposing counsel, *see Landrith v. Bank of New York Mellon, et al*., 12-CV-02352-EFM-DJW (D. Kan. filed June 5, 2012), against presiding judges, *see Landrith v. The Honorable John Gariglietti*, No. 106658 (Kan., filed Aug. 29, 2011, denied Sept. 14, 2012) and *Landrith v. Gariglietti and Green*, 11-CV-02465-KHV-GLR, 2012 WL 171339 (D. Kan. Jan. 19, 2012) and *In re Landrith*, No. 11-3388 (10th Cir., Feb. 21, 2012), and against other attorneys and officials that have somehow caused plaintiff consternation, *see Landrith v. Carol Green, Clerk of the Appellate Courts*, No. 93673 (Kan., denied Jan. 12, 2005) and *Landrith v. Jordan, et al.*, Case No. 2010 CV 1436 (Dist. Ct. Shawnee County, Kan., filed Oct. 12, 2010) and the present case.

     11. In the two lawsuits against Frost, plaintiff asserted the same baseless allegations and claims. *[Compare* Doc. 18 *and* Docs. 28-2 and 28-5].

     12. In the present lawsuit, plaintiff has made serious allegations of ethical and legal misconduct against opposing counsel and the district judge presiding over the identical state suit. *[E.g.*, Doc. 18, p. 51-60].

     13. Plaintiffs allegations are without basis in fact, and in some instances are outright false. For example, Mr. Landrith has repeatedly accused Frost's counsel with fraudulently misrepresenting the law in Shawnee County District Court. *[See* Doc. 18, ¶ 269]. Plaintiff has maintained this argument despite it being blatantly false. *[See* Doc. 28, p. 26, Doc. 28-3, p. 18]. Such false and inflammatory accusations serve no legitimate purpose and appear to be nothing more than excuses for plaintiff's failed state case against Frost.

     14. Prior to his disbarment, plaintiff represented Donna Huffman, David Price, and "Baby C". In the present lawsuit, plaintiff continues to assert the civil rights of these individuals, despite his lack of license to practice law.

(Doc. 107 at 2–6 (original formatting and citations retained).)

     Additionally, this court is satisfied that plaintiff's litigation history meets the five factors enumerated in *United States v. Kettler*, No. 91-3011, 1991 WL 94457 at *6 (10th Cir. June 3, 1991) (internal citations and quotations omitted)). Plaintiff's lengthy litigation history, set forth above, is vexatious, harassing, and duplicative. Plaintiff has failed to support his conclusory claims and he appears to have no objective good faith basis of prevailing. With the exception of one case, plaintiff has proceeded pro se. The court has stated several times that plaintiff has cost this court, the clerk's

office, and the defendants considerable amounts of time, effort, and resources in responding to and ruling on his lengthy and often incoherent filings. Plaintiff's repeated filings and failures to heed the specific directions of this court suggest that lesser sanctions would prove inadequate.

The most important question of "whether the litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties" is answered in the affirmative. *See Kettler*, 1991 WL 94457 at *6 (citation omitted). The most obvious demonstration of plaintiff's continued abuse can be found in his response (Doc. 108) to defendant Frost's motion for filing restrictions. Plaintiff's response fails to address the substance of defendant Frost's motion. Instead, it consists mainly of allegations against parties, counsel, and members of the judiciary—with the newest allegation claiming that defendant Frost's counsel committed fraud on this court and caused this court to violate a federal statute. Plaintiff's pattern is clear: on multiple occasions, he has brought the same claims against the same parties and alleged serious misconduct without factual support. His conduct has resulted in serious repercussions—loss of his livelihood, his law license. Yet, he persists. As plaintiff's "conspiracy" broadens, there is no telling which additional government officials, members of the judiciary, or other defendants will face plaintiff's baseless allegations.

The court thus provisionally grants defendant Frost's motion and adopts (with minor changes) his proposal for filing restrictions to be imposed against plaintiff as to this case, the subject matter of this case, the parties to this case, and all parties related to this case in any manner. The following filing restrictions, set forth in Appendix A, shall apply unless objections by plaintiff (described below) convince this court otherwise. These filing restrictions are based on similar restrictions imposed in this Circuit. *Zhu v. Fed. Hous. Fin. Bd.*, No. 04-2539-KHV, 2007 WL 1266887, at *6–7 (D. Kan. May 1, 2007) *objections overruled*, No. 04-2539-KHV, 2007 WL 1455891 (D. Kan. May 15, 2007); *see also Andrews*, 483 F.3d at 1078 (approving similar injunction).

Plaintiff has responded to defendant Frost's motion for filing restrictions; however, his response largely consists of arguments raised in previous filings. Plaintiff's conclusion section does state that he believes that the imposition of filing restrictions "would be contrary to the public policy of facilitating redress for grievances" in federal court. (Doc. 108 at 10.) Plaintiff also states his belief that he serves an important function in "vindicating his personal constitutional rights in federal courts" and notes his confidence that the Tenth Circuit will rule in his favor. (*Id*. at 10–11.) Although plaintiff has had an opportunity to respond to the proposed filing restrictions, the court will allow plaintiff an additional opportunity to object to the court's proposed sanctions. Plaintiff's objections must comply with the following conditions: plaintiff's written objections shall specifically address the proposed restrictions, shall not include any arguments previously made by plaintiff in this case, and shall be limited to no more than five double-spaced pages using twelve-point font and containing one-inch margins.

Plaintiff's written objections are due on or before December 6, 2012. If plaintiff fails to file timely objections, the filing restrictions will take effect ten calendar days from entry of this order. If plaintiff does file timely objections, these filing restrictions will not take effect unless and until the court rules against plaintiff on his objections. If the filing restrictions take effect—whether due to plaintiff's failure to timely file written objections or following a court order ruling against plaintiff's objections—and if the Tenth Circuit should reverse any portion of this court's Order, plaintiff may then file a motion asking the court to lift the filing restrictions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 92) is denied.

**IT IS FURTHER ORDERED** that Defendant Frost's Motion for Injunction Imposing Filing Restrictions (Doc. 106) is provisionally granted.

**IT IS FURTHER ORDERED** that on or before December 6, 2012, plaintiff may file written objections to the above-proposed filing restrictions. Plaintiff's written objections must comply with the following conditions: plaintiff's written objections shall specifically address the proposed restrictions, shall not include any arguments previously made by plaintiff in this case, and shall be limited to no more than five double-spaced pages using twelve-point font and containing one-inch margins. If plaintiff fails to file timely objections, the filing restrictions will take effect on ten calendar days from entry of this order. If plaintiff does file timely objections, these filing restrictions will not take effect unless and until the court rules against plaintiff on his objections.

**IT IS FURTHER ORDERED THAT** if the filing restrictions take effect and if the Tenth Circuit should later reverse any portion of this court's Order, plaintiff may then file a motion asking the court to lift the filing restrictions.

Dated this <u>30th</u> day of November, 2012, at Kansas City, Kansas.

    s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**

**Appendix A**

**<u>Injunction</u>**

Unless he first obtains leave to proceed pro se, Bret D. Landrith is ENJOINED from filing any claim in the United States District Court for the District of Kansas in or related to the subject matter of District of Kansas case number 12-2161-CM without the representation of an attorney licensed to practice in the State of Kansas and admitted to practice in this Court. Landrith is further ENJOINED from commencing any pro se litigation in this court against the persons, entities, counsel, and insurance companies of the parties involved in 12-1261-CM unless he first obtains leave to proceed pro se or unless he is represented by counsel as set forth above.

**Procedures for Petition Seeking Leave to File Pro Se Action**

Any documents which plaintiff wishes to submit for filing shall be mailed or hand-delivered during regular business hours to the Clerk of the United States District Court, United States Courthouse, 444 Southeast Quincy, Topeka, Kansas 66683. As a prerequisite to filing a pro se complaint, plaintiff must submit three documents:

(1) "Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action";

(2) An affidavit as directed below; and

(3) The complaint which plaintiff proposes to file in this court.

1. The Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action must contain the following information:

(a) As to each defendant, whether that defendant previously was a party, or was in any way involved in, any prior lawsuit by plaintiff, and if so, in what capacity; and

(b) As to any state or federal lawsuit to which plaintiff is or has been a party, the case caption, plaintiff's involvement in the suit, the status and disposition of each lawsuit.

2. The affidavit shall be in proper legal form and must state the following: 1) whether plaintiff has previously raised the proposed claims in any federal or state court; and 2) that the pleading is filed in good faith, is not malicious, and has arguable merit.

3. The proposed complaint must comply with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Kansas.

If plaintiff submits a petition for leave to file a pro se action pursuant to this order, the Clerk of the Court will accept the documents, mark them received, and immediately forward them to the undersigned judge. Failure to comply with the procedures and principles mandated by this order shall be sufficient grounds for denying plaintiff's petition. If the court grants the petition, the Clerk of the

Court shall file the complaint and related materials effective the date of the order. The case shall be assigned pursuant to the Local Rules of Practice.

This order shall not interfere with pending federal litigation which involves plaintiff.