IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRET D. LANDRITH,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)     **Case No. 12-2161-CM**<br>)<br>**KANSAS ATTORNEY GENERAL,** )<br>**DEREK SCHMIDT,** *et al.*, )<br>)<br>)<br>**Defendants.** )<br>)<br>) | |

## MEMORANDUM AND ORDER

On November 30, 2012, the court entered a memorandum and order (Doc. 110) ("Order") denying plaintiff's motion for reconsideration and provisionally imposing filing restrictions against plaintiff. The proposed filing restrictions were based on plaintiff's pattern of abusive litigation and were narrowly tailored, stating that "[u]nless he first obtains leave to proceed pro se, [plaintiff] is ENJOINED from filing any claim in the United States District Court for the District of Kansas in or related to the subject matter of District of Kansas case number 12-2161-CM without the representation of an attorney licensed to practice in the State of Kansas and admitted to practice in this Court." (Doc. 110 at 11.) The proposed restrictions also enjoined plaintiff from commencing pro se litigation in this court against the "persons, entities, counsel, and insurance companies of the parties involved in 12-1261-CM [sic] unless he first obtains leave to proceed pro se or unless he is represented by counsel as set forth above." (*Id.*) The proposed restrictions then set forth specific procedures for plaintiff to seek the court's permission to proceed pro se.

-1-

The Order allowed plaintiff an opportunity to object to the proposed filing restrictions. The Order cautioned plaintiff that his objections "shall specifically address the proposed restrictions" and "shall not include any arguments previously made by plaintiff in this case." (*Id.* at 10.) Plaintiff filed a notice of objection to filing restrictions (Doc. 111) on December 6, 2012. After consideration of plaintiff's objections, the court overrules them.

Despite the court's warnings that plaintiff's objections should not include arguments that do not relate to the potential filing restrictions, plaintiff's objections again argue that the court's previous orders were in error. The court will not address these arguments as they are improper and will be addressed on appeal. In addition to raising arguments previously made in this case, plaintiff argues that the proposed filing restrictions would prevent licensed Kansas attorneys from representing a number of identified third parties. The court also will not address these arguments, as the proposed filing restrictions clearly apply only to plaintiff in relation to this case (as set forth above) and impose no impediment to the ability of the named third parties to obtain counsel.

In relation to the proposed filing restrictions, plaintiff first argues that the court abused its discretion by imposing filing restrictions without requiring defendant Frost to give plaintiff advance notice under Federal Rule of Civil Procedure 11(c)(1). The court's Order stated that the right to access the courts "is neither absolute nor unconditional" and that "[a] district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the judicial system by harassing their opponents." (Doc. 110 at 4.) Although Rule 11 represents one avenue through which a court may impose sanctions, the proposed filing restrictions in this case were based on the court's inherent power under 28 U.S.C. § 1651(a). Thus, notice under Rule 11 does not apply. The court's Order set forth plaintiff's lengthy and abusive litigation history, provided specific guidelines for future filings by plaintiff in relation to

this case, and plaintiff was given notice and an opportunity to object to the proposed filing restrictions. This objection is overruled.

Plaintiff's next objection is that the proposed filing restrictions will deny him meaningful access to the United States District Court for the District of Kansas, that the proposed filing restrictions have "resulted in shutting down the Topeka civil rights advocacy and law office of Keen Umbeher," and that the proposed restrictions will require him to obtain an attorney to bring claims in federal court. First, the filing restrictions are narrowly tailored—the injunction applies only to claims filed "in or related to the subject matter of" this case or "against the persons, entities, counsel, and insurance companies of the parties involved" in this case.  (Doc. 110 at 11.)  Even then, plaintiff may follow the specific procedures to obtain leave to proceed pro se or he may secure representation by an attorney licensed in Kansas and admitted to practice before this court.  Thus, plaintiff still has meaningful access to this court and he may obtain permission to proceed pro se—and without a licensed attorney—if he follows the procedures and the court approves his request.  Moreover, the filing restrictions do not restrict plaintiff's ability to file other claims unrelated to this case or the parties involved in this case as specifically set out in the restrictions.  Second, the court does not agree that the proposed restrictions—which apply solely to plaintiff in relation to this case—could cause a third party's law practice to cease operations.  The court again notes that the proposed filing restrictions apply only to plaintiff as specifically set forth.  This objection is overruled.

Plaintiff's next objection states that this court sanctioned plaintiff "expressly for having filed a federal action against the Bank of New York Mellon to save his house" and that the sanctions will somehow "likely deprive[ ] the plaintiff of his property" in Leawood, Kansas. (Doc. 111 at 5.)  The court clarifies that its Order did not impose sanctions against plaintiff for filing any other lawsuit and that nothing in the Order or the proposed filing restrictions should operate to deprive plaintiff of any

property.  The proposed filing restrictions deal solely with plaintiff's ability to file claims in or related to this case and set forth the procedures he must follow to do so.  This objection is overruled.

Plaintiff's final objection is that the imposition of filing restrictions against plaintiff after denying plaintiff's motion for reconsideration resulted in a violation by the undersigned judge of Canons 1 and 2 of the Code of Conduct for United States Judges.  Plaintiff's objection does not explain how these canons were violated.  The undersigned judge has at all times in relation to this case and all others respected and complied with the law in a manner that strives to promote public confidence in the integrity, independence, and impartiality of the judiciary.  Plaintiff's objection has not shown otherwise.  This objection is overruled.

Plaintiff has not convinced this court that it mistakenly concluded that plaintiff has engaged in abusive and vexatious litigation in relation to this case.  After a careful review of plaintiff's objections, the court remains firmly convinced that the proposed filing restrictions are narrowly tailored and are necessary.

**IT IS THEREFORE ORDERED** that plaintiff's Notice of Objection to Filing Restrictions (Doc. 111) is overruled.

**IT IS FURTHER ORDERED** that the proposed filing restrictions and procedures set out in the court's Memorandum and Order (Doc. 110) filed November 30, 2012, are effective as of December 7, 2012, with the limited exception that these filing restrictions shall not in any way affect plaintiff's ability to proceed with the pending appeal of this case to the Tenth Circuit.  In addition, the filing restrictions should be modified as shown in Appendix A below to reflect the correct case number of "12-2161-CM" where the case number was incorrectly stated as "12-1261-CM" in the proposed restrictions and to reflect non-substantive minor grammatical changes.  (Doc. 110 at 11.)

**IT IS FURTHER ORDERED THAT** if the Tenth Circuit should later reverse any portion of this court's November 2, 2012 order (Doc. 88) or its November 30, 2012 order (Doc. 110), plaintiff may then file a motion asking the court to lift the filing restrictions.

Dated this 7th day of December, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

**Appendix A**

**Injunction**

Unless he first obtains leave to proceed pro se, Bret D. Landrith is ENJOINED from filing any claim in the United States District Court for the District of Kansas in or related to the subject matter of District of Kansas case number 12-2161-CM without the representation of an attorney licensed to practice in the State of Kansas and admitted to practice in this Court.  Landrith is further ENJOINED from commencing any pro se litigation in this court against the persons, entities, counsel, and insurance companies of the parties involved in 12-2161-CM unless he first obtains leave to proceed pro se or unless he is represented by counsel as set forth above.

**Procedures for Petition Seeking Leave to File Pro Se Action**

Any documents that plaintiff wishes to submit for filing shall be mailed or hand-delivered during regular business hours to the Clerk of the United States District Court, United States Courthouse, 444 Southeast Quincy, Topeka, Kansas 66683.  As a prerequisite to filing a pro se complaint, plaintiff must submit three documents:

(1) "Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action";

(2) An affidavit as directed below; and

(3) The complaint which plaintiff proposes to file in this court.

1. The Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action must contain the following information:

(a) As to each defendant, whether that defendant previously was a party, or was in any way involved in, any prior lawsuit by plaintiff, and if so, in what capacity; and

(b) As to any state or federal lawsuit to which plaintiff is or has been a party, the case caption, plaintiff's involvement in the suit, the status and disposition of each lawsuit.

2. The affidavit shall be in proper legal form and must state the following: a) whether plaintiff has previously raised the proposed claims in any federal or state court; and b) that the pleading is filed in good faith, is not malicious, and has arguable merit.

3. The proposed complaint must comply with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Kansas.

If plaintiff submits a petition for leave to file a pro se action pursuant to this order, the Clerk of the Court will accept the documents, mark them received, and immediately forward them to the undersigned judge.  Failure to comply with the procedures and principles mandated by this order shall be sufficient grounds for denying plaintiff's petition.  If the court grants the petition, the Clerk of the Court shall file the complaint and related materials effective the date of the order.  The case shall be assigned pursuant to the Local Rules of Practice.

This order shall not interfere with pending federal litigation that involves plaintiff.